UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 21-00099-DOC (DFMx)　　　　　　　　　Date: January 20, 2022

Title: JOHN C. EASTMAN V. BENNIE G. THOMPSON ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Lewman | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**　ORDER GRANTING APPLICATION FOR TEMPORARY RESTRAINING ORDER [2]

　　Before the Court is an Ex Parte Application for a Temporary Restraining Order as to Subpoena ("Application" or "App.") brought by Plaintiff John C. Eastman ("Plaintiff") (Dkt. 2). In considering this Application, the Court balances two important, yet competing public interests: first, our commitment to the separation of powers and deference to the legislative branch, and second, the interest of attorneys and their clients in preventing the disclosure of their privileged and confidential communications. Having reviewed Plaintiff's Application and weighed these interests, the Court **GRANTS** the Application until the parties appear for a hearing on Monday, January 24, 2022.

　　**I. BACKGROUND**

　　Plaintiff is a former law school dean at Chapman University and "political conservative who supported former President Trump." Complaint ("Compl.") (Dkt. 1) ¶¶ 5-6. Plaintiff sues Defendants Chapman University ("Chapman"); the House Select Committee to Investigate the January 6th Attack on the United States Capitol ("Select Committee"); and Representative Bennie Thompson, Chairman of the Select Committee

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 22-00099-DOC (DFMx)                                             Date: January 20, 2022
                                                                                                                                Page 2

(collectively, "Defendants") based on a subpoena seeking Plaintiff's information from Chapman. *Id.* ¶¶ 10, 16-19. The subpoena was issued on January 18, 2022 with a return date of 10:00 am EST, January 21, 2022. Compl., Ex. B ("Subpoena") (Dkt. 1-2) at 3-4.

"Pursuant to the authorities set forth in House Resolution 503 and the rules of the House of Representatives," the Select Committee ordered Chapman to produce the following:

> [A]ll documents and communications in [Chapman's] possession, custody, or control attributable to Dr. John Eastman, that are related in any way to the 2020 election or the January 6, 2021 Joint Session of Congress, including any such documents stored or located on the servers of Chapman University (e.g., email account(s), contact lists, calendar entries), on any electronic device used by Dr. John Eastman during his employment by Chapman University (e.g., computer, mobile phone, tablet, etc.), or in any other document database or hard copy document storage, during the time period November 3, 2020 to January 20, 2021.

*Id.*

Plaintiff challenges the subpoena on four grounds. He argues that the Select Committee's exercise of subpoena power: (1) exceeds its constitutional authority; (2) threatens the disclosure of attorney-client communications and attorney work product; (3) violates the First Amendment; and (4) violates the Fourth Amendment. *See generally* Compl. Plaintiff's Application seeks injunctive relief before 10:00 am EST, January 21, 2022 to block Chapman from complying with the subpoena. App. at 2.

## II. LEGAL STANDARD

The standards for issuing a temporary restraining order and a preliminary injunction are "substantially identical." *Stuhlbarg Int'l Sales Co. v. John D. Brushy & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is an "extraordinary remedy." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). A plaintiff seeking preliminary injunctive relief "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'n, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). Alternatively, "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011) (internal quotation omitted). A "serious question" is one on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 22-00099-DOC (DFMx)                    Date: January 20, 2022
                                                                                            Page 3

which the movant "has a fair chance of success on the merits." *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1421 (9th Cir. 1984).

### III. DISCUSSION

With respect to the first factor, Plaintiff argues that he is "likely to prevail on the merits of his constitutional and privilege claims." App. at 4. Plaintiff argues that the requested documents encompass "privileged communications between Dr. Eastman and his clients and/or Dr. Eastman's attorney work product." *Id.* at 8.

"The attorney-client privilege is one of the oldest recognized privileges for confidential communications." *Swidler & Berlin v. United States*, 524 U.S. 399, 403 (1998) (citing *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981) and *Hunt v. Blackburn*, 128 U.S. 464, 470 (1888)). The privilege serves the essential function of empowering clients to speak candidly with their attorneys and thus receive more effective representation. *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 108 (2009).

During the subpoena's relevant time period, November 3, 2020 to January 20, 2021, Plaintiff was a professor at Chapman and simultaneously provided private and pro bono legal representation. Compl. ¶ 7. Plaintiff alleges that his Chapman emails contain privileged communications with his clients and privileged work product from his legal practice. *Id.* ¶ 9. Plaintiff further alleges that he engaged in negotiations with Chapman regarding potentially privileged communications over the past two days, but that discussions broke down when Plaintiff was "not permitted to examine the documents for privileged materials." App. at 4. Based on the information before the Court at this juncture, Plaintiff may plausibly have a likelihood of success on the merits of his privilege claim.

If Plaintiff's privileged communications are released tomorrow morning, there is a substantial risk that Plaintiff and his clients would suffer irreparable harm from their disclosure. *See Council on Am.-Islamic Rels. v. Gaubatz*, 667 F. Supp. 2d 67, 75–76 (D.D.C. 2009). Considering the importance of the privilege and the risk of irreparable harm posed here, even a plausible likelihood of success on the merits may warrant temporary injunctive relief. *See All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

The public interest pulls in two directions. On the one hand, the attorney-client privilege serves "broader public interests in the observance of law and administration of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 22-00099-DOC (DFMx)  Date: January 20, 2022
Page 4

justice." *Upjohn*, 449 U.S. at 389. On the other hand, the Court must balance the importance of this privilege with deference to an equal branch of government. The Supreme Court has been clear that the constitutional separation of powers protects congressional committees from interference from "a possibly hostile judiciary." *Eastland v. U.S. Servicemen's Fund*, 421 U.S. 491, 502 (1975) (internal quotations omitted).

Given the weight of these competing interests and the risk of irreparable harm, the Court grants temporary injunctive relief until Monday, January 24, 2022. On that date the Court will hold a hearing to give Defendants the opportunity to oppose Plaintiff's Application and to hear arguments from all parties. Considering the short window for compliance with the subpoena, a delay of a few days over the weekend is reasonable to allow thoughtful decision-making on the merits.

## IV. DISPOSITION

The Court therefore **GRANTS** Plaintiff's Application for a Temporary Restraining Order.

Defendant Chapman University and its employees and agents are **ENJOINED** from producing any of Plaintiff's documents and communications in response to the Select Committee's subpoena, until this matter can be further litigated in the hearing on January 24.

The Court schedules a hearing on the Application on Monday, January 24, 2022 at 2:00 pm PST. The hearing will take place at the Ronald Reagan Federal Building and U.S. Courthouse, 411 W. 4th St, Santa Ana, in Courtroom 9D. In light of the ongoing COVID-19 pandemic, the parties may request a Zoom appearance in writing by Sunday January 23 at 5:00 pm PST. The Court's Zoom information is located at www.cacd.uscourts.gov/honorable-david-o-carter.

In addition, Defendant Chapman and the two Select Committee Defendants are **ORDERED** to file their respective oppositions to the Application by 5:00 pm PST on Friday January 21, 2022. Plaintiff is **ORDERED** to file his Reply by 5:00 pm PST on Saturday January 22, 2022.

Plaintiff is **ORDERED** to serve this Temporary Restraining Order and this notice of hearing on all Defendants forthwith.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. SA CV 22-00099-DOC (DFMx) | Date: January 20, 2022 |
| | Page 5 |

    The Clerk shall serve this minute order on the parties.

| | |
|---|---|
| MINUTES FORM 11 | Initials of Deputy Clerk: djl |
| CIVIL-GEN | |