FRED M. PLEVIN (SBN 126185)
fplevin@paulplevin.com
**PAUL, PLEVIN, SULLIVAN &
CONNAUGHTON LLP**
101 West Broadway, Ninth Floor
San Diego, California 92101-8285
Telephone: 619-237-5200
Facsimile: 619-615-0700

Attorneys for Defendant Chapman
University

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| JOHN C. EASTMAN,<br>c/o Burnham & Gorokhov, PLLC<br>1424 K Street NW, Suite 500<br>Washington, D.C. 20005,<br><br>Plaintiff,<br><br>v.<br><br>BENNIE G. THOMPSON, in his official capacity as Chairman of the House Select Committee to Investigate the January 6 Attack on the United States Capitol; Rayburn House Office Building, 2466, Washington, DC 20515<br><br>SELECT COMMITTEE TO INVESTIGATE THE JANUARY 6TH ATTACK ON THE UNITED STATES CAPITOL<br><br>CHAPMAN UNIVERSITY, 1 University Dr. Orange, CA 92866,<br><br>Defendants. | Case No. 8:22-cv-00099-DOC-DFM<br><br>**DEFENDANT CHAPMAN UNIVERSITY'S RESPONSE TO PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER**<br><br>Date:             January 24, 2022<br>Time:            2:00 p.m.<br><br>Judge:           Hon. David O. Carter<br>Magistrate Judge: Hon. Douglas F. McCormick<br>Crtrm.:          9D<br>Trial Date:     not set |

Defendant Chapman University ("Chapman" or "the University") files this response to Plaintiff John C. Eastman's application for a temporary restraining order ("TRO") enjoining Chapman from producing documents and communications (together, "Documents") in response to the Subpoena to Produce Documents ("Subpoena") issued January 18, 2022 on Chapman by the House Select Committee to Investigate the January 6th Attack on the United States Capitol ("Select Committee").

## I.  INTRODUCTION

Chapman neither supports nor opposes the TRO application.  The dispute over the legitimacy and appropriate scope of the Select Committee's Subpoena is between Eastman and the Select Committee.  Chapman takes no position on the legitimacy of the Select Committee or its Subpoena.

Chapman is an interested party in that it is the custodian of Documents Eastman sent, received or created during the period of his employment with Chapman covered by the Subpoena (November 3, 2020 to January 20, 2021).

With respect to the privilege issues asserted by Eastman, as explained below, any legal work done by Eastman using Chapman's resources that supported a political campaign or candidate for elective office was unauthorized and contrary to Chapman's policies.  As such, any such work was not performed on behalf of the University and it therefore has no interest in determining whether responsive Documents related to such work are subject to the attorney-client privilege or attorney work product doctrine.  Eastman is best suited to evaluate those documents for potential privilege.  For this reason, Chapman had offered (unsuccessfully) to comply with the Select Committee's request for the Documents by producing them to Eastman, so he could identify privileged Documents and provide the Select Committee with a privilege log.

/ / /

/ / /

## II.  FACTS

The Subpoena is limited in scope to Documents "that are related in any way to the 2020 election or the January 6, 2021 Joint Session of Congress."  Chapman has identified responsive Documents and was prepared to produce them to the Select Committee prior to receiving this Court's January 20, 2022 Order enjoining the production of the Documents.  (Docket No. 12.)

Chapman is a qualified 501(c)(3) tax exempt not-for-profit institution of higher education.  (Declaration of Janine P. DuMontelle, filed herewith, at ¶ 3 ["DuMontelle ¶ __"].)  IRS rules governing 501(c)(3) organizations strictly prohibit the use of the organization's resources, including its computer network, in a political campaign or on behalf of a candidate.  IRS guidance states: "Under the Internal Revenue Code, all section 501(c)(3) organizations are absolutely prohibited from directly or indirectly participating in, or intervening in, any political campaign on behalf of (or in opposition to) any candidate for elective public office."[1]

Consistent with these IRS rules, Chapman's website contains the following statement: "As a 501(c)(3) non-profit organization (Internal Revenue Service Code), Chapman is ... organized and operated exclusively for exempt purposes set forth in section 501(c)(3), and none of its earnings may inure to any private shareholder or individual.  In addition, it may not be an action organization, i.e., it may not attempt to influence legislation as a substantial part of its activities and it may not participate in any campaign activity for or against political candidates."[2]  (DuMontelle ¶ 3.)

During Eastman's employment, Chapman maintained a Computer and Acceptable Use Policy, which stated, in pertinent part:

> Although Chapman University does not make a practice of monitoring e-mail, the University reserves the right to retrieve the contents of

---

[1] https://www.irs.gov/charities-non-profits/charitable-organizations/the-restriction-of-political-campaign-intervention-by-section-501c3-tax-exempt-organizations.

[2] https://www.chapman.edu/about/our-family/leadership/evp-coo/governance.aspx.

DEFENDANT CHAPMAN UNIVERSITY'S RESPONSE TO PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER

> University-owned computers or e-mail messages for legitimate reasons, such as to find lost messages, to comply with investigations of wrongful acts, to respond to subpoenas, or to recover from system failure.
>
> Except as authorized, in writing or by e-mail, by the University, users are not to use Chapman Information Resources for compensated outside work, the benefit of organizations not related to the University (except in connection with scholarly, creative or community service activities), or commercial or personal advertising.[3]

(DuMontelle ¶ 5.)

Whenever Dr. Eastman logged on to Chapman's network, he received the following "splash screen" message:

> **System for authorized users only**
>
> Use of this computer system constitutes your consent that your activities on, or information you store in, any part of the system is subject to monitoring and recording by Chapman University or its agents, consistent with the Computer and Acceptable Use Policy without further notice.  You are responsible for being familiar with the University policies related to the use of this computer system. If monitoring of the system reveals a violation of University policy, appropriate action will be taken.  Any evidence of criminal activity will be provided to law enforcement.

(DuMontelle ¶ 6.)

### III.  RESPONSE TO THE TRO APPLICATION

Based on the IRS rules and Chapman's policies, any work done by Eastman for clients that directly or indirectly supported any political campaign on behalf of (or in opposition to) any candidate for elective public office was an unauthorized and an improper use of Chapman's resources (e.g., its computer network). Accordingly, Chapman has informed Eastman (through his counsel) that it is not

---

[3] The full policy is available here: https://www.chapman.edu/campus-services/information-systems/policies-and-procedures/acceptable-use-policy.aspx.

4

DEFENDANT CHAPMAN UNIVERSITY'S RESPONSE TO PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER

1   required to, nor does it have any interest in, withholding documents that are not

2   related to legitimate and permissible University activities.

3       Further, it is Eastman, not Chapman, that is best suited to identify Documents

4   that are responsive to the Subpoena that may fall under an attorney-client privilege

5   between Eastman and any clients he represented, or be protected by the attorney

6   work product doctrine.  This is a potentially substantial task, as Chapman has

7   identified nearly 19,000 items as potentially responsive to the Subpoena.

8   (DuMontelle ¶ 8.)  Chapman understands that in discussions that occurred for many

9   weeks prior to the issuance of the Subpoena on January 18, 2022, Eastman and the

10  Select Committee considered whether Chapman could produce the documents

11  sought by the Select Committee to Eastman so he could identify privileged

12  information and provide the Select Committee with a privilege log.  Apparently, this

13  process was not agreed to, and this resulted in the issuance of the Subpoena on

14  January 18, 2022.

15      Chapman's only interest in this dispute is to comply with the obligations

16  imposed on it by the Select Committee's Subpoena.  Chapman will await a final

17  order of this Court defining its obligations with respect to the Subpoena.

18

19  Dated:  January 21, 2022           PAUL, PLEVIN, SULLIVAN &
20                                     CONNAUGHTON LLP

21

22                                     By:  ___/s/ Fred M. Plevin_____
23                                          FRED M. PLEVIN
                                            Attorneys for Defendant Chapman
24                                          University

25

26

27

28