# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

JOHN C. EASTMAN

    Plaintiff,

vs.

BENNIE G. THOMPSON, *et al.*,

    Defendants.

Case No. 8:22-cv-00099-DOC-DFM

## PLAINTIFF'S STATUS REPORT

Pursuant to this Court's orders of January 25 and 26 (ECF 41-43), plaintiff submits this status report the Court:

### DATABASE SELECTION AND FIRST PRODUCTION

1. Pursuant to this Court's order of January 24, Chapman produced a PST file to Charles Burnham, Dr. Eastman's lead counsel, at around 12pm on January 25, with a link that could only be accessed by Mr. Burnham. Mr. Burnham was on a transcontinental flight at the time, and although he had Wi-Fi access from the plane, it was not adequate for downloading the large file. After several attempts, he therefore notified Chapman of the problem and requested they send a link to Dr. Eastman directly. Dr. Eastman received a link at 12:44 pm PST while he was at a lunch meeting, but immediately attempted to register with the platform provided by the link upon his return at 2:48 pm PST. Dr. Eastman tried several times to download the file using the Wi-Fi in his hotel room, but after a lengthy processing of the download, each time the download

failed. Dr. Eastman's local counsel, Anthony Caso, then contacted Chapman at 4:10 pm PST to request that he be sent a link that would work from his email. Mr. Caso was able to retrieve the file and transfer it to Dr. Eastman at 5:20 pm PST. Dr. Eastman immediately began downloading the file using Wi-Fi the at his hotel. The download was not completed until after 10:00 pm PST, and Dr. Eastman thereafter began reviewing the documents contained in the file until after midnight that evening, and continued the next morning (January 26) until he departed for the airport, and then also from the plane while en route.

2. Counsel for the congressional defendants proposed that Dr. Eastman utilized a walled-off team on the "Driven" e-discovery platform that they were already using. We agreed to consider that proposal after conducting a test of the platform. We received a link to upload the relevant documents after close of business Thursday and began the upload process the following morning. The process of uploading the documents took over four hours.

3. Anticipating these delays, Dr. Eastman acquired a trial subscription to another e-discovery platform (Logikcull) on Thursday, January 27, and worked most of that day and Friday, January 28, reviewing documents through that platform, in order to meet the 1500-page production mandate issued by this Court for January 28. In order to make a production from that platform, however, Dr. Eastman will need to purchase full access to the program, which this court ordered be paid by the congressional defendants.

4. There are some technical differences between the two platforms which may make one better than the other for this project. Plaintiff is currently evaluating which platform will get the job done most efficiently. A production of 1500 documents and/or privilege claims will be made today regardless of which platform we proceed with.

5. According to the report from Logikcull, the Chapman PST file contains 21,396 documents and a total of 94,153 pages. The discrepancy between the number of documents reported by Chapman

at the hearing on Monday, January 24 (nearly 19,000) and the 21,396 reported by the Logikcull platform appears to be attachments to emails.

## ADDITIONAL ISSUES

1. Initial review indicates there may be materials relevant to the non-privilege claims in plaintiff's complaint. To the extent such indications prove accurate, plaintiff requests the opportunity to submit further briefing in support of those claims, as they were not adequately presented to the Court at the TRO hearing.

2. Having lodged a general objection to this Court's January 26 order, plaintiff hereby makes the following specific objection. This Court's order relies on several allegations from the congressional defendants' cover letter from a subpoena to Dr. Eastman. ECF 43 at 4. The existence of the letter is a proper fact for the Court to take notice of, but the assertions therein are mere allegations which Dr. Eastman by no means concedes. They have not been subject to adversarial testing under the Federal Rules of Evidence.

January 28, 2022                                    Respectfully submitted,


                                                    /s/*Anthony T. Caso*

                                                    Anthony T. Caso (Cal. Bar #88561)
                                                    CONSTITUTIONAL COUNSEL GROUP
                                                    174 W Lincoln Ave # 620
                                                    Anaheim, CA 92805-2901
                                                    Phone: 916-601-1916
                                                    Fax: 916-307-5164
                                                    Email: atcaso@ccg1776.com

*/s/ Charles Burnham*
Charles Burnham (D.C. Bar # 1003464)
BURNHAM & GOROKHOV PLLC
1424 K Street NW, Suite 500
Washington, D.C. 20005
Email: charles@burnhamgorokhov.com
Telephone: (202) 386-6920

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this filing has been served on all parties through the Court's ecf system.

By: */s/ Charles Burnham*
Charles Burnham
D. Md. Bar 12511
*Attorney for Defendant*
BURNHAM & GOROKHOV, PLLC
1424 K Street NW, Suite 500
Washington, DC 20005
(202) 386-6920 (phone)
(202) 265-2173 (fax)
Charles@burnhamgorokhov.com