OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
5140 O'Neill House Office Building
Washington, D.C. 20515

SHER TREMONTE LLP
90 Broad Street, 23rd Floor
New York, New York 10004

ARNOLD & PORTER
601 Massachusetts Ave, NW
Washington, D.C. 20001

Counsel for the Congressional Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| JOHN C. EASTMAN, <br><br> Plaintiff, <br><br> vs. <br><br> BENNIE G. THOMPSON, *et al.*, <br><br> Defendants. | Case No. 8:22-cv-00099-DOC-DFM <br><br> **NOTICE** |

In advance of the status conference scheduled for Monday, February 14, the Select Committee submits this Notice to bring two issues to the Court's attention. *First*, the Select Committee requests that Plaintiff promptly provide evidence of the relevant attorney-client relationships—and any applicable joint defense or common interest agreements—between the parties on the communications over which Plaintiff has asserted privileges. *Second*, the Select Committee respectfully proposes that the Court

set an expedited schedule for briefing Plaintiff's privilege claims for the privilege logs.

1. The Select Committee requests that, by February 15, 2022, Plaintiff provide the Select Committee with evidence of the relevant attorney-client relationships—in the form of engagement letters, retainer agreements, and any applicable joint defense or common interest agreements—between the parties on the communications over which Plaintiff has asserted privilege. The privilege logs Plaintiff has produced include the assertion of both attorney-client and attorney work product privilege protection over communications with numerous individuals whose affiliation with former President Trump and the Trump campaign is quite unclear. Critically, the scope and timing of any attorney-client relationship(s) between *Plaintiff* and the Trump Campaign (or Donald Trump personally) remains uncertain.

On February 3, 2022, the Select Committee specifically requested that Plaintiff produce any engagement letter or other writing clarifying the scope of his representation of former President Trump or his campaign. On February 8, 2022, the Select Committee again requested that Plaintiff produce (1) any engagement letter(s), retainer agreement(s) or other documents reflecting the scope of Plaintiff's engagement by the former President or his campaign committee; and (2) any applicable joint defense or common interest agreements with the parties on the communications over which Plaintiff has claimed privilege. Plaintiff has not responded to those requests. This information appears to be necessary for this Court to evaluate Plaintiff's privilege claims. Indeed, without this information being made available to the Select Committee and the Court, it is difficult to

NOTICE
2

see how Plaintiff can meet his burden of establishing that the privileges he has broadly claimed actually do apply.

2. The Select Committee also respectfully requests that, at Monday's status hearing, the Court consider setting a briefing schedule to address Plaintiff's privilege claims contained on the privilege logs. The Select Committee urgently needs the documents at issue in these privilege logs to inform its investigation, including upcoming depositions and hearings, as well as forthcoming reports. *See* H. Res. 503, 117th Cong. (2021). Delaying briefing until Plaintiff completes his review will substantially hinder that investigation.

The Select Committee's investigation has developed evidence that Plaintiff was a central figure in efforts to overturn the 2020 Presidential election, including efforts directed at state legislators throughout the post-election period and at the Vice President in connection with the certification of the electoral vote on January 6. The documents at issue are thus crucial to the Select Committee's investigation into the "interference with the peaceful transfer of power," including the "influencing factors that fomented" the attack on American democracy. *Id.* The Select Committee's urgent need for resolution of the privilege issues is heightened by the fact that Plaintiff has broadly claimed privileges over a vast swath of documents—many of which appear to be critical to the Select Committee's investigation—contrary to governing law. And many of Plaintiff's descriptions fall far short of the requirements in Federal Rule of Civil Procedure 26(b)(5)(A).

By way of illustration, on the February 1 log, the description for Chapman004545-46 is "Comm re filing"; for Chapman004794-98 is "Comm re legal arguments"; for Chapman004539 is "Comm with co-counsel"; and for Chapman004541-44 is "Attachment re filing." On the February 3 log, the description for Chapman006592 is "comm re proposal to consider"; for Chapman007498-502 (and many others) is simply "Attachment"; and for Chapman006591 is "comm re legal proposals."

Prompt resolution of Plaintiff's extremely broad privilege claims is crucial to the Select Committee's rapidly proceeding investigation. Indeed, many of the Select Committee's objections (both global and specific) apply to all or many of the documents over which Plaintiff has claimed privilege, and it would therefore greatly streamline the review process to have the Court's guidance on those issues going forward. The Select Committee will therefore suggest at Monday's status conference that this Court should resolve the privilege claims. The Select Committee proposes the following briefing schedule:

| | |
|---|---|
| Monday, February 21, 2022: | Select Committee's opening brief |
| Monday, February 28, 2022: | Plaintiff's response brief |
| Thursday, March 3, 2022: | Select Committee's reply brief |

Respectfully submitted,

/s/  *Douglas N. Letter*
DOUGLAS N. LETTER
  *General Counsel*
TODD B. TATELMAN
  *Principal Deputy General Counsel*
ERIC R. COLUMBUS
  *Special Litigation Counsel*
STACIE M. FAHSEL
  *Associate General Counsel*

OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
5140 O'Neill House Office Building
Washington, D.C.  20515
(202) 225-9700
Douglas.Letter@mail.house.gov

-and-

SHER TREMONTE LLP
Justin M. Sher
Michael Tremonte
Noam Biale
Maya Brodziak
Kathryn E. Ghotbi
90 Broad Street, 23rd Floor
New York, New York 10004
(212) 202-2600
JSher@shertremonte.com
MTremonte@shertremonte.com
NBiale@shertremonte.com
MBrodziak@shertremonte.com
KGhotbi@shertremonte.com

-and-

ARNOLD & PORTER
John A. Freedman
Paul Fishman
Amy Jeffress
601 Massachusetts Ave, NW
Washington, D.C. 20001
(202) 942-5000
John.Freedman@arnoldporter.com
Paul.Fishman@arnoldporter.com
Amy.Jeffress@arnoldporter.com

*Counsel for Congressional Defendants*

Dated:  February 11, 2022

# CERTIFICATE OF SERVICE

## WASHINGTON, DISTRICT OF COLUMBIA

I am employed in the aforesaid county, District of Columbia; I am over the age of 18 years and not a party to the within action; my business address is:

OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
5140 O'Neill House Office Building
Washington, D.C. 20515

On February 11, 2022, I served the **NOTICE** on the interested parties in this action:

Anthony T. Caso
Constitutional Counsel Group
174 W Lincoln Ave #620
Anaheim, CA 92805-2901
atcaso@ccg1776.com

Charles Burnham
Burnham & Gorokhov PLLC
1424 K Street NW, Suite 500
Washington, DC 20005
charles@burnhamgorokhov.com

*Attorneys for Plaintiff John C. Eastman*

☒ **(BY E-MAIL OR ELECTRONIC TRANSMISSION)**
The document was served on the following via The United States District Court – Central District's CM/ECF electronic transfer system which generates a Notice of Electronic Filing upon the parties, the assigned judge, and any registered user in the case:

☒ **(FEDERAL)**   I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 11, 2022 here, at Bethesda, Maryland.

/s/ Douglas N. Letter