# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

JOHN C. EASTMAN

    Plaintiff,

vs.

BENNIE G. THOMPSON, *et al.*,

    Defendants.

Case No. 8:22-cv-00099-DOC-DFM

## RESPONSE TO CONGRESSIONAL DEFENDANTS' NOTICE

Comes now the Plaintiff, Dr. John Eastman and offers this response to the congressional defendants' Notice filed in advance of the February 14, 2022, status hearing. Plaintiff submits as follows:

### I. Plaintiff's productions to date

On January 26, 2022, this Court issued an order requiring plaintiff to review and produce 1500 pages per day with an accompanying log for all privileged documents. ECF 50. Plaintiff has complied with this requirement. The Court also required plaintiff to submit an *in camera* production to the court within 1 business day of any privilege challenges. *Id*. Plaintiff has scrupulously complied with this requirement as well.

Plaintiff has reviewed or excluded[1] 46,205 of the 94,153 pages in the total production. He has produced over 8,409 pages of material to the Select Committee.

## II. The Congressional Defendants Cite No Authority for their Demand for Document Productions Beyond the Subpoena

The congressional defendants' Notice requests this Court to order plaintiff to produce "engagement letters, retainer agreements, and any applicable joint defense or common interest agreements" by February 15, 2022. The defendants do not contend that such productions are required by the subpoena or cite any authority in support of this request. Although Congress has broad investigative authority, it cannot simply issue unsupported demands for documents it perceives would enhance its litigation position. The Court should deny this request.

## III. The Congressional Defendants Offer No Valid Challenge to Plaintiff's Privilege Logs

The congressional defendants claim without support that plaintiff's privilege logs "fall short of the requirements in Federal Rule of Civil Procedure 26(b)(5)(A)." However, as Rule 26 clearly states, privilege logs should:

> describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, *without revealing information itself privileged or protected*, will enable other parties to assess the claim.

*Id.* (italics added).

As the italicized portion of the above quoted language shows, the purpose of privilege logs is to enable the other parties to assess the claim. Rule 26 is not a vehicle by which the opposing party can get an early "peek" at some of the privileged materials. Plaintiff has provided information sufficient to satisfy Rule 26 while at the same time protecting the privilege itself.

---

[1] The parties agreed that certain categories of "mass email" type documents could be excluded from review. This eliminated 26,754 pages from the total.

### IV. The Congressional Defendants Have Offered No Valid Reason to Alter this Court's January 26 Order on Briefing

On January 26 this Court ordered that "[a]s the review process nears its conclusion, the Court will set a briefing and hearing schedule." ECF 50 at 3. In the face of this order, the Congressional defendants now urge this Court to begin the briefing next Monday, well before review process has begun to approach a conclusion.

The Congressional defendants offer no valid reason to alter this Court's January 26 order. As the recent *Trump v. Thompson* decision reminded us, the purpose of congressional investigations is to write laws. 20 F.4th 10, 41-42 (D.C. Cir. December 9, 2021). The congressional defendants have identified no piece of prospective legislation that is being unduly delayed for want of unfettered access to Dr. Eastman's private emails. To the extent the congressional defendants' claimed "urgent need for resolution of the privilege issues" is motivated by the looming 2022 midterm election, this is not a valid reason to alter this Court's January 26 order.

February 13, 2022                                          Respectfully submitted,

/s/*Anthony T. Caso*

Anthony T. Caso (Cal. Bar #88561)
CONSTITUTIONAL COUNSEL GROUP
174 W Lincoln Ave # 620
Anaheim, CA 92805-2901
Phone: 916-601-1916
Fax: 916-307-5164
Email: atcaso@ccg1776.com

/s/ Charles Burnham
Charles Burnham (D.C. Bar # 1003464)
BURNHAM & GOROKHOV PLLC
1424 K Street NW, Suite 500
Washington, D.C. 20005
Email: charles@burnhamgorokhov.com
Telephone: (202) 386-6920

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this filing has been served on opposing counsel by email.

By: */s/ Charles Burnham*
Charles Burnham
D. Md. Bar 12511
*Attorney for Defendant*
BURNHAM & GOROKHOV, PLLC
1424 K Street NW, Suite 500
Washington, DC 20005
(202) 386-6920 (phone)
(202) 265-2173 (fax)
Charles@burnhamgorokhov.com