| | |
|---|---|
| 1 | OFFICE OF GENERAL COUNSEL |
| | U.S. HOUSE OF REPRESENTATIVES |
| 2 | 5140 O'Neill House Office Building |
| | Washington, D.C. 20515 |
| 3 | |
| 4 | SHER TREMONTE LLP |
| | 90 Broad Street, 23rd Floor |
| 5 | New York, New York 10004 |
| 6 | ARNOLD & PORTER |
| | 601 Massachusetts Ave, NW |
| 7 | Washington, D.C. 20001 |
| 8 | |
| 9 | Counsel for the Congressional Defendants |

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| JOHN C. EASTMAN | Case No. 8:22-cv-00099-DOC-DFM |
| Plaintiff, | |
| vs. | |
| BENNIE G. THOMPSON, *et al.*, | |
| Defendants. | |

# Exhibit 1

| | |
|---|---|
| **From:** | Letter, Douglas |
| **Sent:** | Monday, January 31, 2022 4:06 PM |
| **To:** | Charles Burnham |
| **Cc:** | Tatelman, Todd; Fahsel, Stacie; Columbus, Eric |
| **Subject:** | RE: US v. Eastman |

Charles:

 The Select Committee will agree to exclusion of mass mailing type emails from your review, but only after the Select Committee has an opportunity to review and approve the list of sender email addresses that you propose excluding.

 In response to your request to exclude documents that "on their face" are not responsive to the Select Committee's subpoena, we do not read Judge Carter's orders as giving your client the ability to remove from the population of documents that Chapman has produced in response to the subpoena those documents that you determine are not responsive. However, we recognize that there may be personal communications within the set and are willing to agree to include the email addresses of Dr. Eastman's immediate family on the exclusion list along with mass email sender email addresses. The Select Committee is also amenable to you including on your log any documents you determine should not be produced based on your determination that they are not responsive.

 We are also amenable to some redactions of personally identifiable information, though the Select Committee reserves the right to request the production of information redacted from specific documents based on the Committee's investigative needs. Specifically, we agree to Dr. Eastman redacting social security numbers, home addresses, and all but the last 4 digits of phone numbers. We do not agree to the redaction of email addresses.

 In response to your request that we agree to a pace of review and production lower than 1,500 pages per day, we understand your concern. What is your proposal as to the appropriate number of pages to be reviewed each day? We are happy to agree to a reasonable accommodation on the number of pages per day, as long as you make the reciprocal accommodation of prioritizing the review first of emails sent or received on January 6 and 7, 2021 and then those emails sent or received on January 4 and 5, 2021. We had stated this proposal previously, but did not receive an answer on it.

 We note that the initial privilege log you provided does not contain information sufficient to conclude whether each recipient other than the author (and other than Dr. Eastman) is an attorney, nor the affiliation of any individual. We request that you include email addresses in the "Email From," "Email CC," and "Email BCC" fields along with an asterisk to denote which sender(s) or recipient(s) is/are attorneys.

 Finally, now that we know that you do not intend to use the Select Committee's vendor, please provide us with the cost of the electronic review service you are using for this review.

 All the best --

---

**From:** Charles Burnham <charles@burnhamgorokhov.com>
**Sent:** Monday, January 31, 2022 1:39 PM
**To:** Letter, Douglas <Douglas.Letter@mail.house.gov>
**Cc:** Tatelman, Todd <Todd.Tatelman@mail.house.gov>; Fahsel, Stacie <Stacie.Fahsel@mail.house.gov>; Columbus, Eric

<Eric.Columbus@mail.house.gov>
**Subject:** Re: US v. Eastman

Douglas,

Your vendor was not able to get us set up in the system in time for Friday's deadline so we went with an alternate vendor (as I alluded to in my status report).  However, our vendor should be able to eliminate mass emails.  Per your quest, we will not produce "mass mailings, list serves, or possible spam accounts" even if they are technically responsive to your subpoena.  We may not be able to accomplish this in time for today's production but will start tomorrow.

More generally, will you agree we do not have to produce documents which, on their face, are not responsive to the subpoena even if those documents were generated in response to the search terms provided to Chapman?

With respect to the remaining documents, once mass emails and such are removed many of the documents left for production will contain personal identifying information such as phone numbers and addresses.  Do you have an objection to our redacting this info?

Finally, if the production is narrowed down largely to substantive emails to and from Dr. Eastman personally, we will be unable to maintain the 1500 a day pace.  Even if the review and privilege analysis of substantive emails takes an average of 1 minute per page (which is unlikely), that works out to 25 hours per day.  Will you agree to a reasonable reduction in the daily production quota?

Please give me a call if you would like to discuss.

On Mon, Jan 31, 2022 at 11:46 AM Letter, Douglas <Douglas.Letter@mail.house.gov> wrote:

> Charles:
>
> We have reviewed the initial production of not privileged documents that you produced to the Select Committee on Friday, January 28, and noted that the overwhelming majority of the emails were from mass mailing lists, listservs, or possible spam accounts.  (Of the 537 emails produced it appears that as few as 5 were emails written directly to or from Dr. Eastman).
>
> While they contain relevant search terms, the Select Committee is not interested in these mass mailing type documents and believes that eliminating them from the review population would significantly reduce the review population, thus streamlining the production and privilege log process.  The vendor the Select Committee has made available to Dr. Eastman (Driven) can perform an analysis of all the emails in the population to identify specific senders that can be excluded from the review population.  (For a few examples from the initial production: National Review, Blabber Buzz Alerts, Newsmax.com, and Big League Politics).
>
> Please let us know as soon as possible if you are open to utilizing the vendor's expertise on this issue and we can arrange a call to discuss the logistics.
>
> We look forward to hearing from you.

*Douglas N. Letter*

*General Counsel*

*Office of General Counsel*

*U.S. House of Representatives*

*5140 O'Neill House Office Building*

*Washington, DC 20515*

*[Douglas.Letter@mail.house.gov](mailto:Douglas.Letter@mail.house.gov)*

*202-225-9700*

--
Charles Burnham
Burnham & Gorokhov PLLC
1424 K St. NW
Washington, DC 20005
phone 202-386-6920
fax 202-765-2173
[www.burnhamgorokhov.com](http://www.burnhamgorokhov.com)
[https://www.facebook.com/BurnhamGorokhov](https://www.facebook.com/BurnhamGorokhov)