OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
5140 O'Neill House Office Building
Washington, D.C. 20515

SHER TREMONTE LLP
90 Broad Street, 23rd Floor
New York, New York 10004

ARNOLD & PORTER
601 Massachusetts Ave, NW
Washington, D.C. 20001

Counsel for the Congressional Defendants

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

JOHN C. EASTMAN

Plaintiff,

vs.

BENNIE G. THOMPSON, *et al.*,

Defendants.

Case No. 8:22-cv-00099-DOC-DFM

**CONGRESSIONAL DEFENDANTS' RESPONSE TO (1) PLAINTIFF'S MOTION FOR EXCULPATORY EVIDENCE AND CONTINUANCE OF THE MARCH 8 PRIVILEGE HEARING AND (2) PLAINTIFF'S MOTION TO EXCEED PAGE LIMIT TO MATCH DEFENDANTS' EXCESS PAGE LIMIT**

Date: March 8, 2022
Time: 9:00 a.m.
Location: Courtroom 9D

## I. Plaintiff's Motion for Exculpatory Evidence And Continuance Of The Privilege Hearing Fails

This Court should reject Plaintiff's last-minute motions for exculpatory information and continuance of the March 8 privilege hearing and for additional pages.[1]

*First*, Plaintiff has known for some time of the possibility that Congressional Defendants were considering arguing the crime-fraud exception. At the hearing on January 24, Judge Carter asked counsel for Congressional Defendants whether they were contemplating an argument that the privilege should be abrogated due to the crime-fraud exception. ECF 44, Hearing Tr. 65:18-21 (Jan. 24, 2022). Counsel responded that "it might very well be that we would at some point raise that -- the crime-fraud exception," and "that is something that if there were further proceedings in this case, we would certainly look very closely at." *Id.* at 65:22-66:8.

In addition, Congressional Defendants' objections to Plaintiff's privilege logs have contained, for numerous entries, the following objection: "The information provided on this privilege log does not contain the requisite information to enable the Select Committee to determine if any exceptions, such as crime-fraud, are applicable. The Select Committee thus reserves the right to object to this specific privilege claim *on crime-fraud or other applicable grounds*, upon receiving the requisite additional information, and Select Committee's ongoing investigation into the January 6th attack" (emphasis added). That objection appeared on the logs currently at issue before this Court.[2]

[1] Counsel for Plaintiff failed to confer with the Select Committee before filing his motions, as required by Local Rule 7-3.

[2] Chapman004494; 004496; 004547; 004553; 004707; 004708; 004713; 004720; 004721; 004722; 004723; 004744; 004745; 004766; 004767; 004788; 004789; 004790; 004791; 004792; 004793; 004794; 004827; 004828; 004833; 004834; 004835; 004839; 004841; 004963; 004964; 004976; 004977; 004979; 004990; 004992; 005011; 005012; 005014; 005017; 005018; 005023; 005024; 005045; 005046; 005061; 005064; 005066; 005067; 005068; 005091; 005094; 005096; 005097; 005101; 005113; 005114; 005130; 005131;

Furthermore, Plaintiff specifically asked for the right to file an opening brief—necessarily giving him less time on reply to answer the Select Committee' arguments. ECF 113, Hearing Tr. 8:4-11 (Feb. 14, 2022). He raised no objection to this Court's order giving him four days for a reply. Indeed, in his opening brief, plaintiff himself chastised the Congressional Defendants for failing to submit evidence to support their assertions of crime fraud—before the Congressional Defendants had had an opportunity to do so. *See* Eastman Br. 15. He cannot now, nearly 48 hours after Congressional Defendants filed their response, reasonably complain that he lacks time to prepare an adequate response. Nevertheless, the Congressional Defendants of course defer to this Court's judgment on whether to extend the time for the hearing.

*Second*, there is no basis for ordering this sort of extensive discovery in the context of a civil litigation dispute about the validity of Plaintiff's privilege objections. *Brady* and *Giglio* both involve constitutional due process protections for criminal defendants. *See Brady v. Maryland*, 373 U.S. 83, 86 (1963) ("We agree with the Court of Appeals that suppression of this confession was a violation of the Due Process Clause of the Fourteenth Amendment."); *Giglio v. United States*, 405 U.S. 150, 155 (1972) (applying *Brady* to failure to inform criminal defendant that a witness was promised leniency in exchange for testimony). These procedures exist to safeguard the substantial liberty interests at stake in criminal proceedings. But nothing here places Plaintiff's (or anyone else's) liberty in jeopardy. If this Court ultimately finds that the crime-fraud exception applies, Plaintiff will not be incarcerated, nor will he suffer civil sanctions. Chapman University will produce relevant documents. Plaintiff cites no case transposing

---

005134; 005135; 005154; 005155; 005156; 005157; 005158; 005159; 005160; 005161; 005248; 005249; 005251; 005252; 005261; 005268; 005283; 005299; 005300; 005329; 005338; 005412; 005423; 005424; 005433; 005484; 005488; 005489; 005490; 005491; 005492; 005498; 005510; 005515; 005519; 005547; 005551; 005578; 005667; 005668; 005672; 005676; 005677; 005678; 005680; 005704; 005719; 005720; 005722; 005874; 005876; 006023; 006024; 006028; 006032; 006035; 006039; 006041; 006591; 006592; 006601.

these constitutional criminal procedure protections into a civil crime-fraud dispute about the applicability of the attorney-client privilege and work-product doctrine (and the Congressional Defendants are aware of none). Notably, the standard for this Court's review of the instant matter is preponderance of the evidence, not proof beyond a reasonable doubt as in a criminal proceeding. *See In re Napster, Inc. Copyright Litig.*, 479 F.3d 1078, 1094-95 (9th Cir. 2007), *abrogated on other grounds by Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100 (2009).

*Third*, under Ninth Circuit precedent, Plaintiff does not even have the right to present his *own* exculpatory evidence prior to *in-camera* review by a court of the documents (which is all the Select Committee has sought to this point). His request at this early stage is not just for the opportunity to present contrary evidence (which this Court has already granted him), but for the additional right to extensive discovery into the Select Committee's evidence, and that request has absolutely no basis in law. As the Ninth Circuit has held: "To require a detailed consideration of all available evidence at the threshold step of the *Zolin* analysis would severely disrupt" the balance between the importance of the attorney-client privilege and the minimal intrusion of an *in-camera* inspection. *In re Grand Jury Subpoena*, 31 F.3d 826, 829 (9th Cir. 1994); *see also id.* ("The Corporation urges us to find that a district court must consider 'other available evidence,' in addition to that presented by the party requesting review, at both steps of the *Zolin* analysis. However, the first step of the analysis should focus only on evidence presented by the party seeking in camera review."); *In re Napster, Inc. Copyright Litig.*, 479 F.3d at 1092 ("There is nothing in *Zolin* specifically indicating whether the party seeking to preserve the attorney-client privilege has the right to present countervailing evidence before the district court decides whether to conduct an *in camera* review of the attorney-client communications. It has been assumed by a number of courts of appeal, including our own, that while nothing forbids the district court from asking for or receiving such countervailing evidence, there is also nothing requiring the district court to do so.") (citations omitted).

*Fourth*, Plaintiff—not the Select Committee—is in the best position to produce evidence disproving allegations of criminal and fraudulent activity. Indeed, the Ninth Circuit has long recognized that "the best evidence is likely to be in the hands of the party invoking the privilege." *In re Napster, Inc. Copyright Litig.*, 479 F.3d at 1090. The extent of potential wrongdoing and of Plaintiff's personal involvement are the very things the Select Committee is seeking to better understand through its request for documents in this case. That is precisely why *in-camera* review requires only "a factual basis adequate to support a good faith belief by a reasonable person that in camera review of the materials *may* reveal evidence to establish the claim that the crime-fraud exception applies" and nothing more. *United States v. Zolin*, 491 U.S. 554, 572 (1989) (citation omitted) (emphasis added).

*Fifth*, the Speech or Debate Clause, U.S. Const., Art. I, § 6, cl. 1, provides absolute immunity for Members of Congress and its Committees for any claims predicated on legislative activities. *See Eastland v. U.S. Servicemen's Fund*, 421 U.S. 491, 502 (1975). The Clause covers not only traditional "legislative acts," but also all other activities that fall "within the 'legislative sphere." *Doe v. McMillan*, 412 U.S. 306, 312 (1973) (quoting *Gravel*, 408 at 618, 624-25); *McCarthy v. Pelosi*, 5 F.4th 34 (D.C. Cir. 2021). The "legislative sphere" has been broadly construed to include all activities that are "an integral part of the deliberative and communicative processes by which Members participate in committee and House proceedings[.]" *Eastland*, 421 U.S. at 504 (quoting *Gravel*, 408 U.S. at 625). As the Ninth Circuit has made clear, "[o]btaining information pertinent to potential legislation *or investigation* is … within the 'legitimate legislative sphere.'" *Miller v. Transam. Press, Inc.*, 709 F.2d 524, 530 (9th Cir. 1983) (quoting *Eastland*, 421 U.S.at 503) (emphasis added).

As relevant here, the Speech or Debate Clause prevents this Court from providing the relief Plaintiff seeks; namely a discovery order to produce *Brady* and *Giglio* materials in its possession for Plaintiff's review. *See Senate Permanent Subcomm. on Investigations v. Ferrer*, 856 F.3d 1080 (D.C. Cir. 2017). In *Ferrer*, the D.C. Circuit

explained that the Speech or Debate Clause "affords Congress a privilege to use materials in its possession without judicial interference." *Id.* at 1086 (internal quotation marks omitted); *see also Brown & Williamson Tobacco Corp. v. Williams*, 62 F.3d 408, 416 (D.C. Cir. 1995) (explaining that the Speech or Debate Clause "permits Congress to conduct investigations and obtain information without interference from the courts"). Plaintiff cites to no authority to the contrary, nor could he.

Accordingly, this Court should refrain from entering any order that compels the production of information from the Select Committee's on-going investigation.

## II. Plaintiff's Motion For Excess Pages Lacks Merit

Plaintiff's motion to exceed the page limits previously set by the Court (ECF 177) is thoroughly mistaken. Plaintiff wrongly asserts that the Congressional Defendants opposition violated Local Rule 11-3.3 because it numbered the pages in the Table of Contents and Table of Authorities using roman numerals (i-xvi) and then began on page 16 by using "1." *Id.* at 2. By counting the tables as part of the substantive motion, Plaintiff erroneously concludes that the Congressional Defendants brief was 71 pages, exceeding the 60 pages allotted by the Court.

Plaintiff ignores Local Rules 11-6 and 11-8, which govern memorandum of points and authorities and tables of contents and authorities, respectively. Local Rule 11-6 expressly states that when determining the length of briefs, parties are to do so "*excluding* indices and exhibits." Local Rule 11-6 (emphasis added). Further, Local Rule 11-8 unambiguously requires the use of such tables in all briefs exceeding 10 pages in length, expressly referring to them as "indexed tables." Local Rule 11-8. Plaintiff cites no rule in this or any court requiring tables be counted against applicable page or word limits and Congressional Defendants are not aware of any contrary authority in any court. In fact, both the Federal Rules of Appellate Procedure and the Rules of the Supreme Court expressly *exclude* tables of contents and authorities when computing brief limits. *See, e.g.*, Fed. R. App. Proc. 32(f) ("In computing any length limit … the following items do not [count]: … table of contents; table of citations …."); Rules of the

Supreme Court 33(d) ("The word limits do not include the pages containing ... the table of contents, the table of cited authorities ….").

Accordingly, Congressional Defendants' opposition was within the Court's established page limit and Plaintiff's motion for excess pages should be denied.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motions should be denied.

Respectfully submitted,

/s/ *Douglas N. Letter*

DOUGLAS N. LETTER
*General Counsel*
TODD B. TATELMAN
*Principal Deputy General Counsel*
ERIC R. COLUMBUS
*Special Litigation Counsel*
MICHELLE S. KALLEN
*Special Litigation Counsel*
STACIE M. FAHSEL
*Associate General Counsel*

OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
5140 O'Neill House Office Building
Washington, D.C. 20515
(202) 225-9700
Douglas.Letter@mail.house.gov

-and-

SHER TREMONTE LLP
Justin M. Sher
Michael Tremonte
Noam Biale
Maya Brodziak
Kathryn E. Ghotbi
90 Broad Street, 23rd Floor

New York, New York 10004
(212) 202-2600
JSher@shertremonte.com
MTremonte@shertremonte.com
NBiale@shertremonte.com
MBrodziak@shertremonte.com
KGhotbi@shertremonte.com

-and-

ARNOLD & PORTER
John A. Freedman
Paul Fishman
Amy Jeffress
601 Massachusetts Ave, NW
Washington, D.C. 20001
(202) 942-5000
John.Freedman@arnoldporter.com
Paul.Fishman@arnoldporter.com
Amy.Jeffress@arnoldporter.com

Dated: March 4, 2022

# CERTIFICATE OF SERVICE

**WASHINGTON, DISTRICT OF COLUMBIA**

I am employed in the aforesaid county, District of Columbia; I am over the age of 18 years and not a party to the within action; my business address is:

OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
5140 O'Neill House Office Building
Washington, D.C. 20515

On March 4, 2022, I served the **CONGRESSIONAL DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S PRIVILEGE ASSERTIONS** on the interested parties in this action:

Anthony T. Caso
Constitutional Counsel Group
174 W Lincoln Ave #620
Anaheim, CA 92805-2901
atcaso@ccg1776.com

Charles Burnham
Burnham & Gorokhov PLLC
1424 K Street NW, Suite 500
Washington, DC 20005
charles@burnhamgorokhov.com

*Attorneys for Plaintiff John C. Eastman*

☒ **(BY E-MAIL OR ELECTRONIC TRANSMISSION)**
The document was served on the following via The United States District Court – Central District's CM/ECF electronic transfer system which generates a Notice of Electronic Filing upon the parties, the assigned judge, and any registered user in the case:

☒ **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 4, 2022 here, at Bethesda, Maryland.

*/s/* Douglas N. Letter

DEFENDANTS' RESPONSE