**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 22-00099-DOC-DFM                                    Date: March 4, 2022

Title: JOHN C. EASTMAN V. BENNIE G. THOMPSON ET AL.

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Lewman | Not Present |
|:---:|:---:|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|:---:|:---:|
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):**   **ORDER DENYING MOTION FOR EXCULPATORY EVIDENCE [172] AND DENYING MOTION TO EXCEED PAGE LIMIT [177]**

     Before the Court is Plaintiff Dr. John Eastman's ("Dr. Eastman") Motion for Exculpatory Evidence ("*Brady* Motion") (Dkt. 172) and Motion to Exceed Page Limit ("Page Limit Motion") (Dkt. 177). The Court finds the matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Having reviewed the moving papers and considered the parties' arguments, the Court **DENIES** Dr. Eastman's Motions.

     Dr. Eastman contends that because the Select Committee has raised allegations of criminal activity against Dr. Eastman, President Trump, and others, Dr. Eastman is entitled to production of "all exculpatory information in the defendants' possession or control." *Brady* Mot. at 3. Among other things, Dr. Eastman seeks additional portions of deposition transcripts from interviews with the Select Committee, impeachment evidence, and evidence of dissent within federal agencies about election fraud. *Id.* at 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 22-0099-DOC-DFM                                                                      Date: March 4, 2022
                                                                                                                             Page 2

      Dr. Eastman argues that the Select Committee's brief alleging the crime fraud exception is "effectively a draft criminal indictment." *Brady* Mot. at 3. Accordingly, Dr. Eastman contends that he merits the protections awarded to criminal defendants by *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972). *Id.*

      The Court finds that the due process protections ensured by *Brady* and *Giglio* do not apply here. It is true that "*Brady* has been applied in the civil context when a substantial private interest is at stake." *Kashem v. Barr*, 941 F.3d 358, 386–87 (9th Cir. 2019) (collecting cases involving enemy combatants and civil commitment proceedings). In these rare cases, courts have typically required that "a person's liberty" be at stake. *Id.*

      Here, Dr. Eastman's liberty is not at issue—only his emails. The legislature raises allegations of crime in the limited context of privilege; but it is the executive branch that is solely responsible for deciding whether to prosecute. For Dr. Eastman to risk incarceration, there would have to be entirely separate criminal proceedings, where the Government would face a substantially higher burden of proof and Dr. Eastman would receive the full protections of criminal law.

      Dr. Eastman is the architect of his own pleadings and may present any evidence in his possession to defend his privilege claims. The reply brief and the hearing provide sufficient opportunities for Dr. Eastman to clarify the Select Committee's purportedly "selective" and "highly incomplete" presentation of the evidence. *Brady* Mot. at 2. After all, "the best evidence [for purposes of the crime-fraud exception] is likely to be in the hands of the party invoking the privilege." *In re Napster, Inc. Copyright Litig.*, 479 F.3d 1078, 1090–91 (9th Cir. 2007), *abrogated on other grounds by Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100 (2009). Although Dr. Eastman argues that doing so is difficult in light of the short timeline, the Court notes that Dr. Eastman has been on notice of the Select Committee's objections, including crime-fraud, since they submitted their initial privilege log on January 31, 2022. Moreover, Dr. Eastman himself requested the opportunity to file the opening brief over the Select Committee's objection, and raised no objections to the Court's proposed briefing schedule. Hearing Tr. 8:4-11 (Feb. 14, 2022) (Dkt. 113). Accordingly, the Court DENIES Dr. Eastman's *Brady* Motion.

      Dr. Eastman also seeks an additional eleven pages for his reply brief, arguing that the Select Committee disregarded the Central District's Local Rules by excluding their table of contents and table of authorities from their page count. Page Limit Mot. at 2. However, Local Rule 11-6 sets page limits "excluding indices and exhibits." C.D. Cal. L.R. 11-6. Local Rule 11-8 clarifies that tables of contents and of authorities are "indexed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 22-0099-DOC-DFM                                        Date: March 4, 2022
                                                                      Page 3

tables" within the meaning of the rule. C.D. Cal. L.R. 11-8. As such, the Select Committee was correct not to include those pages in its page count. Dr. Eastman is afforded the same courtesy to make full use of the twenty-page limit for his reply brief, excluding any table of contents, table of authorities, exhibits, or appendices. Accordingly, the Court DENIES Dr. Eastman's Page Limit Motion.

      The Clerk shall serve this minute order on the parties.

MINUTES FORM 11CIVIL-GEN                                         Initials of Deputy Clerk: djl