Anthony T. Caso (Cal. Bar #88561)
Email: atcaso@ccg1776.com
CONSTITUTIONAL COUNSEL GROUP
174 W Lincoln Ave # 620
Anaheim, CA 92805-2901
Phone: 916-601-1916
Fax: 916-307-5164

Charles Burnham (D.C. Bar# 1003464)*
Email: charles@burnhamgorokhov.com
BURNHAM & GOROKHOV PLLC
1424 K Street NW, Suite 500
Washington, D.C. 20005
Telephone: (202) 386-6920
* admitted pro hac vice

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| JOHN C. EASTMAN,<br><br>     *Plaintiff*,<br><br>vs.<br><br>BENNIE G. THOMPSON, *et al.*<br><br>     *Defendants* | Case No.: 8:22-cv-00099-DOC-DFM<br><br>**PLAINTIFF'S EVIDENTIARY OBJECTIONS**<br><br>Date: March 8, 2022<br>Time: 9:00 a.m.<br>Judge: Hon. David O. Carter |

## INTRODUCTION & SUMMARY OF EVIDENTIARY OBJECTIONS

   The first table contains assertions of fact that are supported by inadequate or inadmissible documents or that are otherwise inadmissible. The second table

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 1**

contains assertions made totally without evidence and, to the extent Defendants seek to have them treated as fact, they are objectionable. By including conclusory statements as though they are factually corroborated, Defendants essentially ask the court to accept their assertions as fact, despite having provided no evidence for them. Plaintiff objects to the following statements for that reason.

| Citation | Statement in Declaration | Evidentiary Objection |
|---|---|---|
| Page 3, lines 7 through 8. | "Before the 2020 election even took place, President Trump and his supporters began to lay the groundwork to cast doubt on the results." | <u>Lacks personal knowledge, speculation; FRE 602.</u><br>Evidence is based upon an online CNN article about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described either. Conclusions regarding Trump's "groundwork to cast doubt on the [election] results" is therefore entirely speculative.<br><br><u>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901.</u><br>The CNN Article is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest President Trump or his supporters planned to cast doubt on the election results.<br><br><u>Improper opinion testimony; lack of foundation; conclusory; FRE 701.</u> |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 2**

| | | | Defendants have not established that CNN is qualified to evaluate goals or intentions of the Trump campaign.<br><br>Hearsay; hearsay within hearsay; FRE 802.<br>To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
| Page 3, lines 10 through 12. | "In the six weeks that followed, President Trump's legal team and his supporters took their allegations to the courts, ultimately litigating and losing more than 60 challenges to the election results in seven States." | | Lacks personal knowledge, speculation; FRE 602.<br>Evidence is based upon an online USA Today article about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described either. Conclusions regarding Trump's the result of litigation is therefore entirely speculative.<br><br>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901.<br>The USA Today article is not authenticated and Defendants have neither introduced as evidence nor requested judicial notice regarding any information pertaining to other challenges brought President Trump's legal team.<br><br>Improper opinion testimony; lack of foundation; conclusory; FRE 701.<br>Defendants have not established that USA Today is qualified to evaluate legal conclusions.<br><br>Improper expert opinion; FRE 702. |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 3**

| | | |
|---|---|---|
| | | Cases brought by President Trump's legal team were decided for a variety of reasons and the author of this piece fails to establish adequate knowledge, skill, experience, training, or education to provide testimony on that subject.<br><br>Hearsay; hearsay within hearsay; FRE 802.<br>To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay.<br><br>Not relevant; FRE 401.<br>The determination of legal challenges unrelated to the present matter has no tendency to make more or less probable the privileged character of the challenged communications. |
| Page 3 line 12 through Page 4 line 7. | "State Bars of both New York and Washington, D.C. suspended the law license of one of President Trump's lead attorneys, Rudolph Giuliani. In re Rudolph W. Giuliani, 2021 Slip Op. 04086 (N.Y. 1st Dept. June 24, 2021) (explaining that Giuliani had "communicated demonstrably false and misleading statements to courts, lawmakers and the public at large in his capacity as lawyer" and emphasizing that "[t]he seriousness of [Giuliani's] uncontroverted misconduct cannot be overstated"); see also *In re Rudolph W. Giuliani*, Order, App. D.C., No. 21-BG-423 (July 7, 2021). | Not relevant; FRE 401.<br><br>Rudolph Giuliani is a person who is not a party to this case and bears no relationship to this case. The status of his license to practice law has no tendency to make more or less probable the privileged character of the challenged communications.<br><br>Hearsay; FRE 802.<br>To the extent the opinion cited provides an account of what parties to that matter overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay. To the extent that the statement that Mr. Giuliani "communicated demonstrably false and misleading statements" is offered for its truth, it is inadmissible hearsay. To the extent that the statement "[t]he seriousness of [Giuliani's] |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 4**

| | | |
|---|---|---|
| | | uncontroverted misconduct cannot be overstated" is offered for its truth, it is inadmissible hearsay.<br><br>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901.<br>To the extent that the opinion cited makes factual allegations, those facts have not been admitted into the record.<br><br>Lacks personal knowledge, speculation; FRE 602.<br>To the extent that the opinion cited contains factual allegations, no party to this suit has personal knowledge of those allegations or has testified to their veracity.<br><br>Probative value outweighed by prejudicial effect; FRE 403.<br>Facts about the suspension of Mr. Giuliani's law license are presumably presented with the intention of undermining the credibility of attorneys who assisted President Trump in bringing challenges to the election results and are not relevant to the present matter except insofar as they are intended to do so. |
| Page 4, Lines 14 through 16. | On March 1, 2022, the State Bar of California's Chief Trial Counsel announced an investigation into Plaintiff's actions "following and in relation to the November 2020 presidential election." | Not relevant; FRE 401<br>The status of any state bar investigations into Plaintiff's actions has no tendency to make more or less probable the privileged character of the challenged communications.<br><br>Probative value outweighed by prejudicial effect; FRE 403.<br>The status of any state bar investigations regarding Plaintiff is presumably introduced to undermine the Plaintiff's credibility regarding matters unrelated to this case. The merits of election challenges and any misconduct that may |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 5**

| | | |
|---|---|---|
| | | have occurred relating thereto are not relevant to the present matter except insofar as they are intended to discredit Plaintiff.<br><br>Lacks personal knowledge, speculation; FRE 602.<br>Evidence is based upon an online article about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described therein. The conclusions drawn are therefore entirely speculative<br><br>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901.<br>The article is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof.<br><br>Hearsay; hearsay within hearsay; FRE 802.<br>To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
| Page 5, lines 1 through 3. | As the courts were overwhelmingly ruling against President Trump's claims of election misconduct, he and his associates began to plan extra-judicial efforts to overturn the results of the election and prevent the President-elect from assuming office. | Assumes facts not in evidence; lack of foundation (including authentication); FRE 901.<br>Defendants cite a public statement by President Donald Trump, who is not a party to this case. The statement is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 6**

| | | |
|---|---|---|
| | | suggest the contents thereof. In fact, none of the facts asserted herein have been admitted into evidence and are therefore inadmissible.<br><br>Hearsay; hearsay within hearsay; FRE 802.<br>To the extent the statement is offered for its truth, it is inadmissible hearsay. To the extent the speaker provides an account of what the speaker overheard from non-parties, the testimony is an out of court statement not made by the speaker and is therefore inadmissible hearsay within hearsay.<br><br>Evidence does not support the claims made.<br>The statement says nothing about courts "overwhelmingly ruling against" the speaker's claims. It says nothing of election misconduct or extra-judicial efforts. |
| Page 5, lines 9 through 11. | According to the President's senior campaign advisor, soon after the election, a campaign data expert told the President "in pretty blunt terms" that he was going to lose. | Hearsay; FRE 802.<br>To the extent the statement provides an account of what the witness overheard from non-parties, the testimony is an out of court statement not made by the witness and is therefore inadmissible hearsay. To the extent the declaration, upon which this assertion relies, provides an account of what the witness overheard from non-parties, it is also inadmissible hearsay.<br><br>Improper expert opinion; FRE 702.<br>The ostensible "campaign data expert" is not qualified as an expert witness before this court.<br><br>Not relevant; FRE 401.<br>Whether or not President Trump was informed he "was going to lose" has no tendency to make any of Defendants' substantive claims more or less likely |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 7**

| | | |
|---|---|---|
| | | and the statement is therefore inadmissible in its entirety. |
| Page 5, line 15 through Page 6, line 4. | The following month, Attorney General William Barr stated publicly that the "U.S. Justice Department ha[d] uncovered no evidence of widespread voter fraud that could change the outcome of the 2020 election," a position he reiterated on December 21 when rejecting calls to appoint a special prosecutor to investigate election fraud. | <u>Lacks personal knowledge, speculation; FRE 602.</u><br>Evidence is based upon an online article about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information described therein. The conclusions drawn are therefore entirely speculative<br><br><u>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901.</u><br>The article is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof.<br><br><u>Hearsay; hearsay within hearsay; FRE 802.</u><br>To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay.<br><br><u>Not relevant; FRE 401.</u><br>The Justice Department's conclusions about widespread fraud bear no relation to the matters at issue in this case and have no tendency to make any of Defendants' substantive claims more or less likely and the statement is therefore inadmissible in its entirety. |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 8**

| | | |
|---|---|---|
| Page 6, lines 4 through 5. | A senior advisor to the President's campaign agreed with Barr's analysis and said that to the President on multiple occasions. | <u>Hearsay; FRE 802.</u><br><br>To the extent the statement provides an account of what the witness overheard from non-parties, the testimony is an out of court statement not made by the witness and is therefore inadmissible hearsay. To the extent the declaration, upon which this assertion relies, provides an account of what the witness overheard from non-parties, it is also inadmissible hearsay.<br><br><u>Improper expert opinion; FRE 702.</u><br>The senior adviser is not qualified as an expert witness before this court.<br><br><u>Not relevant; FRE 401.</u><br>Whether or not President Trump was informed he "was going to lose" has no tendency to make any of Defendants' substantive claims more or less likely and the statement is therefore inadmissible in its entirety. |
| Page 6, line 6 through 11. | Evidence obtained by the Select Committee reveals that Acting Attorney General Jeffrey Rosen and Acting Deputy Attorney General Richard Donoghue discussed allegations of voter fraud with President Trump on multiple occasions in December of 2020—and informed him, both as to specific allegations and more generally, that the President's claims of massive fraud sufficient to overturn the election were not supported by the evidence. | <u>Lacks personal knowledge, speculation; FRE 602.</u><br>Evidence is based upon an online transcript from an interview conducted in a different tribunal. It is inadmissible in its entirety; moreover, the speaker in that interview has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative<br><br><u>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901.</u><br>The transcript is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the veracity of the contents thereof. |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 9**

| | | Hearsay; hearsay within hearsay; FRE 802. |
| | | To the extent Mr. Rosen's own words are offered for their truth, they are inadmissible hearsay. To the extent the transcript provides an account of what the speaker overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
| | | Not relevant; FRE 401. |
| | | Evidence of election fraud has no tendency to make any of Defendants' substantive claims more or less likely and the statement is therefore inadmissible in its entirety. |
| Page 6, line 11 through Page 7, line 1 | According to Rosen, at a December 15, 2020 meeting at the White House that included Rosen, Donoghue, Ken Cuccinelli (Department of Homeland Security), Pat Cipollone (White House Counsel), and Mark Meadows (White House Chief of Staff), participants told the President that "people are telling you things that are not right." | Lacks personal knowledge, speculation; FRE 602. |
| | | Evidence is based upon an online transcript from an interview conducted in a different tribunal. It is inadmissible in its entirety; moreover, the speaker in that interview has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative |
| | | Assumes facts not in evidence; lack of foundation (including authentication); FRE 901. |
| | | The transcript is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the veracity of the contents thereof. |
| | | Hearsay; hearsay within hearsay; FRE 802. |
| | | To the extent Mr. Rosen's own words are offered for their truth, they are inadmissible hearsay. To the extent the transcript provides an account of what the speaker overheard from non-parties, |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 10**

| | | the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay.<br><br>Not relevant; FRE 401.<br>Evidence of election fraud has no tendency to make any of Defendants' substantive claims more or less likely and the statement is therefore inadmissible in its entirety. |
|---|---|---|
| Page 7, line 1 through 5. | According to Donoghue, he personally informed the President on a December 27, 2020 phone call "in very clear terms" that the Department of Justice had done "dozens of investigations, hundreds of interviews," had looked at "Georgia, Pennsylvania, Michigan, Nevada" and concluded that "the major allegations are not supported by the evidence developed." | Hearsay; hearsay within hearsay; FRE 802.<br>To the extent Mr. Rosen's own words are offered for their truth, they are inadmissible hearsay. To the extent the transcript provides an account of what the speaker overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay.<br><br>Lacks personal knowledge, speculation; FRE 602.<br>Evidence is based upon an online transcript from an interview conducted in a different tribunal. It is inadmissible in its entirety; moreover, the speaker in that interview has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative<br><br>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901.<br>The transcript is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the veracity of the contents thereof.<br><br>Not relevant; FRE 401. |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 11**

| | | Evidence of election fraud has no tendency to make any of Defendants' substantive claims more or less likely and the statement is therefore inadmissible in its entirety. |
|---|---|---|
| Page 7, line 6 through 9. | The President nevertheless continued to insist falsely through January that he had "won the election in a landslide." And despite being repeatedly told that his allegations of campaign fraud were false, the President continued to feature those same false allegations in ads seen by millions of Americans. | Lacks personal knowledge, speculation; FRE 602. Evidence is based upon an online article about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative<br><br>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901. The article is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof.<br><br>Hearsay; hearsay within hearsay; FRE 802. To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
| Page 7, line 15 through Page 8, line 1. | President Trump, Plaintiff, and several other associates of the President reached out directly to state officials to communicate unsubstantiated allegations of election fraud and request that state legislatures disregard popular election results. | Fails to Provide Any Evidence.<br><br>Defendants simply make reference to sealed interviews conducted by the Select Committee and expect the court to take their word for it that such evidence exists, despite giving Plaintiff no opportunity to inspect or cross-examine that evidence. |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 12**

| | | |
|---|---|---|
| | | Lacks personal knowledge, speculation; FRE 602<br>Defendants fail to establish personal knowledge of the facts herein described; moreover, the Defendants have failed to identify the witness upon whom they are relying and have not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative.<br><br>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901.<br>As no evidence whatsoever is provided, the evidence is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof.<br><br>Hearsay; FRE 802.<br>To the extent the speaker's own words are offered for their truth, they are inadmissible hearsay. To the extent the evidence provides an account of what the speaker overheard from non-parties, the testimony is an out of court statement not made by the speaker and is therefore inadmissible hearsay. |
| Page 8, lines 1 through 3. | On January 2, 2021, the President and Plaintiff convened a video conference with hundreds of state legislators from swing states won by candidate Biden. | Lacks personal knowledge, speculation; FRE 602.<br>Evidence is based upon an online article about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 13**

| | | | |
|---|---|---|---|
| | | | Assumes facts not in evidence; lack of foundation (including authentication); FRE 901.<br>The article is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof.<br><br>Hearsay; hearsay within hearsay; FRE 802.<br>To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
| | Page 8, lines 3 through 4. | The Trump team reportedly urged the legislators to "decertify" the election results in their States. | Hearsay; hearsay within hearsay; FRE 802.<br>To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay.<br><br>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901.<br>The article is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof.<br><br>Lacks personal knowledge, speculation; FRE 602.<br>Evidence is based upon an online article about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 14**

| | | |
|---|---|---|
| | | the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative. |
| Page 8, line 4 through 7. | According to Michigan State Senator Ed McBroom, this call focused (without any valid legal or factual basis) on the purported power of state legislators to reject the rulings of federal and state courts and overturn already certified election results. | Lacks personal knowledge, speculation; FRE 602. Evidence is based upon an online article about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative.<br><br>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901. The article is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof.<br><br>Hearsay; hearsay within hearsay; FRE 802. To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
| Page 8, line 7 through 10. | That same day, President Trump spoke with Georgia Secretary of State Brad Raffensperger, pressing false and unsubstantiated claims of election fraud, and ultimately asking Raffensperger to "find 11,780 votes" for Trump in the State. | Lacks personal knowledge, speculation; FRE 602. Evidence is based upon an online article about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative. |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 15**

| | | Assumes facts not in evidence; lack of foundation (including authentication); FRE 901. The article is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof.<br><br>Hearsay; hearsay within hearsay; FRE 802. To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
|---|---|---|
| Page 8, line 11 through Page 9, line 3. | President Trump also took steps that would have corrupted the Department of Justice; he offered the role of Acting Attorney General to another Justice Department political appointee, Jeffrey Clark, knowing that Mr. Clark was pressing to issue official letters to multiple state legislatures falsely alerting them that the election may have been stolen and urging them to reconsider certified election results. | Lacks personal knowledge, speculation; FRE 602. Evidence is based upon an online article about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative.<br><br>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901. The article is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof.<br><br>Hearsay; hearsay within hearsay; FRE 802. To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 16**

| | | article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay.<br><br>Improper opinion testimony; lack of foundation; conclusory; FRE 701. Defendants have not provided any admissible evidence to suggest that election fraud claims were false, and therefore present their opinion as fact. |
|---|---|---|
| Page 9, line 3 through line 5. | The Department's senior leadership and President Trump's White House Counsel threatened to resign if President Trump elevated Clark and fired those who were resisting Clark's requests. | Lacks personal knowledge, speculation; FRE 602. Evidence is based upon an online transcript from an interview conducted in a different tribunal. It is inadmissible in its entirety; moreover, the speaker in that interview has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative<br><br>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901. The transcript is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the veracity of the contents thereof.<br><br>Hearsay; hearsay within hearsay; FRE 802. To the extent Mr. Rosen's own words are offered for their truth, they are inadmissible hearsay. To the extent the transcript provides an account of what the speaker overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay.<br><br>Not relevant; FRE 401. |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 17**

| | | |
|---|---|---|
| | | Hiring and firing decisions of the White House have no tendency to make any of Defendants' substantive claims more or less likely and the statement is therefore inadmissible in its entirety. |
| Page 9, line 9 through 12. | Michigan Republican Co-Chair, Meshawn Maddock publicly stated, for example, that she "fought to seat the electors" because "the Trump campaign asked us to do that." | Lacks personal knowledge, speculation; FRE 602 Evidence is based upon an online article about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative. Assumes facts not in evidence; lack of foundation (including authentication); FRE 901 The article is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof. Hearsay; hearsay within hearsay; FRE 802. To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. To the extent that the article provides an account of what President Trump asked Ms. Maddock to do, it contains hearsay within hearsay within hearsay. |
| Page 9, lines 11 through 12. | The certificates included false statements that they were official. | Improper expert opinion; FRE 702. Defendants fail to establish adequate knowledge, skill, experience, training, or education to provide testimony regarding whether a certificate was "official." |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 18**

| | | |
|---|---|---|
| | | Assumes facts not in evidence; lack of foundation (including authentication); FRE 901<br>The certificate is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof.<br><br>Offers legal conclusions.<br>Whether or not an electoral certificate is official is a legal conclusion for which no argument has been made and is therefore inadmissible. |
| Page 9, line 14 through Page 10, line 1. | Plaintiff advised President Trump to press an unconstitutional plan to disregard those results on January 6. | Lacks personal knowledge, speculation; FRE 602<br>Evidence is based upon an online article about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative.<br><br>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901<br>The article is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof.<br><br>Hearsay; hearsay within hearsay; FRE 802.<br>To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 19**

| | | |
|---|---|---|
| | | <u>Offers legal conclusions.</u><br>The constitutionality of the plans presented is a legal conclusion about those plans and cannot be drawn from the plans themselves. To the extent the evidence offers legal conclusions, it is inadmissible. |
| Page 10, lines 5 through 8. | Nothing in the Constitution permits Congress or the presiding officer (the President of the Senate, Michael R. Pence) to refuse to count certified electoral votes in this context, yet that is precisely what Plaintiff suggested. | <u>Offers legal conclusions.</u><br>The constitutionality of the allegedly proposed action is a legal conclusion about those plans and cannot be drawn from the plans themselves. To the extent the evidence offers legal conclusions, it is inadmissible.<br><br><u>Fails to Provide Any Evidence.</u><br>Defendants simply make reference to what Plaintiff suggested without providing any evidence that he suggested the matters claimed. The statement is therefore inadmissible.<br><br><u>Not relevant; FRE 401</u><br>The constitutionality of the allegedly proposed action is not at issue in this case and has no tendency to make more or less probable any issue before this court. |
| Page 10, lines 8 through 11. | Plaintiff's proposal was the subject of heated discussions in the White House in the days before January 6, including with the Vice President's legal counsel and others who told Plaintiff that what he was proposing was illegal. | <u>Lacks personal knowledge, speculation; FRE 602.</u><br>Evidence is based upon a transcript from a deposition conducted before a different tribunal. It is inadmissible in its entirety; moreover, the speaker in that interview has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative<br><br><u>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901.</u> |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 20**

| | | The transcript is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the veracity of the contents thereof.<br><br>Hearsay; hearsay within hearsay; FRE 802.<br>To the extent Mr. Jacob's own words are offered for their truth, they are inadmissible hearsay. To the extent the transcript provides an account of what the speaker overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay.<br><br>Not relevant; FRE 401.<br>Evidence of election fraud has no tendency to make any of Defendants' substantive claims more or less likely and the statement is therefore inadmissible in its entirety. |
| Page 10, lines 12 through 16. | This did not deter either Plaintiff or President Trump. Describing his own proposals in a now-public memorandum, Plaintiff characterized his proposed options as "BOLD, Certainly," but necessary because "this Election was Stolen by a strategic Democrat plan to systematically flout existing election laws for partisan advantage," advising that "we're no longer playing by Queensbury Rules." | Evidence does not support the claims made.<br>The only document cited for these claims is a description of the Queensbury rules. The Queensbury rules are rules pertaining to boxing and have nothing to do with the majority of the claims herein asserted. Those claims are therefore inadmissible.<br><br>Not relevant; FRE 401.<br>The Queensbury rules have no tendency to make any of Defendants' claims more or less likely and are therefore inadmissible. |
| Page 11, lines 1 through 4. | Following this advice from Plaintiff—advice that Plaintiff admitted no member of the Supreme Court would accept—President | Lacks personal knowledge, speculation; FRE 602.<br>Evidence is based upon a transcript from a deposition conducted before a different |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 21**

| | | | |
|---|---|---|---|
| | | Trump repeatedly attempted to instruct, direct, or pressure the Vice President, in his capacity as President of the Senate, to refuse to count the votes from six States. | tribunal. It is inadmissible in its entirety; moreover, the speaker in that interview has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative |
| | | | Assumes facts not in evidence; lack of foundation (including authentication); FRE 901. The transcript is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the veracity of the contents thereof. |
| | | | Hearsay; hearsay within hearsay; FRE 802. To the extent Mr. Jacob's own words are offered for their truth, they are inadmissible hearsay. To the extent the transcript provides an account of what the speaker overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
| | | | Not relevant; FRE 401. Evidence of election fraud has no tendency to make any of Defendants' substantive claims more or less likely and the statement is therefore inadmissible in its entirety. |
| | Page 11, lines 4 through 8. | For example, on January 4, 2021, President Trump and Plaintiff met with Vice President Pence and his staff. In that meeting, according to one participant, Plaintiff tried to persuade the Vice President to take action on the electors. Again the next day, Plaintiff tried to persuade the Vice President and his staff that the Vice President should reject certain electors. | Lacks personal knowledge, speculation; FRE 602. Evidence is based upon a transcript from a deposition conducted before a different tribunal. It is inadmissible in its entirety; moreover, the speaker in that interview has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 22**

| | | Assumes facts not in evidence; lack of foundation (including authentication); FRE 901.<br>The transcript is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the veracity of the contents thereof.<br><br>Hearsay; hearsay within hearsay; FRE 802.<br>To the extent Mr. Jacob's own words are offered for their truth, they are inadmissible hearsay. To the extent the transcript provides an account of what the speaker overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
|---|---|---|
| Page 11, lines 9 through 13. | The pressure continued on January 6. At 1:00 a.m., President Trump tweeted, "If Vice President @Mike_Pence comes through for us, we will win the Presidency . . . Mike can send it back!" 33 At 8:17 a.m., the President tweeted, "States want to correct their votes . . . All Mike Pence has to do is send them back to the States, AND WE WIN. Do it Mike, this is a time for extreme courage!" | Assumes facts not in evidence; lack of foundation (including authentication); FRE 901.<br>Defendants cite a statement from Twitter which they purport to be from President Donald Trump, who is not a party to this case. The statement is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof. In fact, none of the facts asserted herein have been admitted into evidence and are therefore inadmissible.<br><br>Hearsay; hearsay within hearsay; FRE 802.<br>To the extent the statement is offered for its truth, it is inadmissible hearsay. To the extent the speaker provides an account of what the speaker overheard from non-parties, the testimony is an out of court statement not made by the speaker and is therefore inadmissible hearsay within hearsay. |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 23**

| | | |
|---|---|---|
| Page 11, lines 13 through 14. | Shortly after this tweet, President Trump placed a phone call to Vice President Pence. | **Lacks personal knowledge, speculation; FRE 602.**<br>Evidence is based upon a transcript from a deposition conducted before a different tribunal. It is inadmissible in its entirety; moreover, the speaker in that interview has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative<br><br>**Assumes facts not in evidence; lack of foundation (including authentication); FRE 901.**<br>The transcript is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the veracity of the contents thereof.<br><br>**Hearsay; hearsay within hearsay; FRE 802.**<br>To the extent Mr. Short's own words are offered for their truth, they are inadmissible hearsay. To the extent the transcript provides an account of what the speaker overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
| Page 11, lines 14 through 15. | He later connected with the Vice President by phone around 11:20 a.m. | **Lacks personal knowledge, speculation; FRE 602.**<br>Evidence is based upon a transcript from a deposition conducted in a different tribunal. It is inadmissible in its entirety; moreover, the speaker in that interview has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative<br><br>**Assumes facts not in evidence; lack of foundation (including authentication); FRE 901.** |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 24**

| | | The transcript is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the veracity of the contents thereof. |
|---|---|---|
| | | Hearsay; hearsay within hearsay; FRE 802. To the extent Mr. Jacob's own words are offered for their truth, they are inadmissible hearsay. To the extent the transcript provides an account of what the speaker overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
| Page 11, line 15 through Page 12, line 4. | General Keith Kellogg and others were with President Trump during that call, and General Kellogg described the pressure that Trump put on Pence:

Q: It's also been reported that the President said to the Vice President that something to the effect of, "You don't have the courage to make a hard decision." And maybe not those exact words, but something like that. Do you remember anything like that? A: Words—and I don't remember exactly either, but something like that, yeah. Like you're not tough enough to make the call. | Lacks personal knowledge, speculation; FRE 602. Evidence is based upon an online transcript from an interview conducted in a different tribunal. It is inadmissible in its entirety; moreover, the speaker in that interview has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative

Assumes facts not in evidence; lack of foundation (including authentication); FRE 901. The transcript is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the veracity of the contents thereof.

Hearsay; hearsay within hearsay; FRE 802. To the extent Mr. Kellog's own words are offered for their truth, they are inadmissible hearsay. To the extent the transcript provides an account of what the speaker overheard from non-parties, the testimony is an out of court |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 25**

| | | |
|---|---|---|
| | | statement not made by the author and is therefore inadmissible hearsay within hearsay. |
| Page 12, lines 6 through 14. | In his speech to the crowd and television crews that came to the capital on January 6, President Trump explicitly identified the advice given by Plaintiff Eastman when imploring Vice President Pence:<br><br>John [Eastman] is one of the most brilliant lawyers in the country and he looked at this, and he said what an absolute disgrace that this could be happening to our Constitution, and he looked at Mike Pence, and I hope Mike is going to do the right thing. I hope so. I hope so because if Mike Pence does the right thing, we win the election. . . . And Mike Pence, I hope you're going to stand up for the good of our Constitution and for the good of our country. And if you're not, I'm going to be very disappointed in you. | <u>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901.</u><br>Defendants cite an online transcript of speech by President Trump, who is not a party to this case. The statement is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof. In fact, none of the facts asserted herein have been admitted into evidence and are therefore inadmissible.<br><br><u>Hearsay; hearsay within hearsay; FRE 802.</u><br>To the extent the statement is offered for its truth, it is inadmissible hearsay. To the extent the speaker provides an account of what the speaker overheard from non-parties, the testimony is an out of court statement not made by the speaker and is therefore inadmissible hearsay within hearsay. |
| Page 12, lines 15 through 16. | Vice President Pence had repeatedly made clear that he would not unilaterally reject electors or return them to the states. | <u>Lacks personal knowledge, speculation; FRE 602.</u><br>Evidence is based upon a transcript from a deposition conducted before a different tribunal. It is inadmissible in its entirety; moreover, the speaker in that interview has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative<br><br><u>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901.</u><br>The transcript is not authenticated and Defendants have not admitted into evidence or requested judicial notice of |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 26**

| | | |
|---|---|---|
| | | any information to suggest the veracity of the contents thereof.<br><br>**Hearsay; hearsay within hearsay; FRE 802.**<br>To the extent Mr. Short's own words are offered for their truth, they are inadmissible hearsay. To the extent the transcript provides an account of what the speaker overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
| Page 12, line 16 through Page 13, line 2. | Nevertheless, just before President Trump spoke, Plaintiff falsely alleged widespread manipulation and fraud with voting machines, purportedly altering the election outcome, and then delivered this message to the crowd: And all we are demanding of Vice President Pence is this afternoon at 1:00 he let the legislators of the state look into this so we get to the bottom of it, and the American people know whether we have control of the direction of our government, or not. We no longer live in a self-governing republic if we can't get the answer to this question. This is bigger than President Trump. It is a very essence of our republican form of government, and it has to be done. And anybody that is not willing to stand up to do it, does not deserve to be in the office. It is that simple. | **Assumes facts not in evidence; lack of foundation (including authentication); FRE 901.**<br>Defendants cite an online transcript of speech by Plaintiff. The statement is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof. In fact, none of the facts asserted herein have been admitted into evidence and are therefore inadmissible.<br><br>**Hearsay; hearsay within hearsay; FRE 802.**<br>To the extent the statement is offered for its truth, it is inadmissible hearsay. To the extent the speaker provides an account of what the speaker overheard from non-parties, the testimony is an out of court statement not made by the speaker and is therefore inadmissible hearsay within hearsay. |
| Page 13, lines 7 through 9. | The evidence obtained by the Select Committee indicates that President Trump was aware that the violent crowd had breached security and was assaulting the Capitol when Mr. Trump tweeted. | **Evidence does not support the claims made.**<br>The email cited says nothing to suggest the violence of the crowd or President Trump's knowledge thereof. Moreover, "assault" is a legal conclusion and not based on upon the evidence provided. |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 27**

| | | Hearsay, FRE 802 |
|---|---|---|
| | | To the extent the emails provide an account of what the authors overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
| | | Assumes facts not in evidence; lack of foundation (including authentication); FRE 901. <br> The emails cites are not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof. In fact, none of the facts asserted herein have been admitted into evidence and are therefore inadmissible. |
| Page 13, lines 9 through 11. | The evidence will show that rioters reacted to this tweet, resulting in further violence at the Capitol. | Fails to Provide Any Evidence. <br> Defendants do not cite any evidence for this claim, and it is therefore inadmissible. <br><br> Lacks personal knowledge, speculation; FRE 602 <br> Neither Defendants nor any witness claims personal knowledge of the information herein described, and their contents is therefore wholly speculative. |
| Page 13, line 11 through Page 14, line 1. | Indeed, rioters at the Capitol were shouting for the Vice President to be hanged. | Lacks personal knowledge, speculation; FRE 602 <br> Evidence is based upon an online article about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative. |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 28**

| | | |
|---|---|---|
| | | Assumes facts not in evidence; lack of foundation (including authentication); FRE 901<br>The article is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof.<br><br>Hearsay; hearsay within hearsay; FRE 802.<br>To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
| Page 14, lines 1 through 4. | A minute after President Trump's tweet, Plaintiff sent an email to Vice President Pence's lawyer stating: "The 'siege' is because YOU and your boss did not do what was necessary to allow this to be aired in a public way so the American people can see for themselves what happened." | Hearsay, FRE 802<br>To the extent the emails provide an account of what the authors overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay.<br><br>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901.<br>The emails cites are not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof. In fact, none of the facts asserted herein have been admitted into evidence and are therefore inadmissible. |
| Page 14, lines 5 through 9. | Later that evening, Plaintiff made a final plea to the Vice President's lawyer: "I implore you to consider one more relatively minor violation [of the Electoral Count Act] and adjourn for 10 days to allow the legislatures to finish their | Hearsay, FRE 802<br>To the extent the emails provide an account of what the authors overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 29**

| | | |
|---|---|---|
| | investigations, as well as to allow a full forensic audit of the massive amount of illegal activity that has occurred here." | <u>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901.</u><br><br>The emails cites are not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof. In fact, none of the facts asserted herein have been admitted into evidence and are therefore inadmissible. |
| Page 14, lines 9 through 10. | Plaintiff *knew* what he was proposing would violate the law, but he nonetheless urged the Vice President to take those actions. | <u>Evidence does not support the claims made.</u><br><br>None of the emails cited suggest knowledge of illegality, indeed, the email cited suggests exactly the opposite, as Plaintiff disputed the constitutionality of the Electoral Count Act.<br><br><u>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901.</u><br><br>The statement assumes the Electoral Count Act is constitutional, which is not a matter before this tribunal, has been decided by any other court, and for which Defendants have provided no argumentation or evidence. |
| Page 14, lines 11 through 12. | The Vice President rejected Plaintiff's pleas that he violate the law, and has since indicated that what the President and Plaintiff were insisting he do was "Un-American." | <u>Lacks personal knowledge, speculation; FRE 602</u><br>Evidence is based upon an online article about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative.<br><br><u>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901</u><br>The article is not authenticated and Defendants have not admitted into |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 30**

| | | evidence or requested judicial notice of any information to suggest the contents thereof. The statement assumes the Electoral Count Act is constitutional, which is not a matter before this tribunal, has not been decided by any other court, and for which Defendants have provided no argumentation or evidence.<br><br>Hearsay; hearsay within hearsay; FRE 802.<br>To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
| Page 14, lines 13 through 15. | Former Fourth Circuit Judge Michael Luttig—for whom Plaintiff had previously worked as a law clerk—described Plaintiff's view of the Vice President's authority as "incorrect at every turn." | Hearsay; FRE 802.<br><br>Judge Luttig's statement was made on Twitter, which is a forum outside this tribunal. To the extent Judge Luttig's opinion is offered for its truth, it is inadmissible hearsay.<br><br>Not relevant; FRE 401<br><br>Judge Luttig's opinion on Plaintiff's correctness is not at issue in this case and does not tend to make any of Defendants' claims more or less likely. Moreover, Judge Luttig's opinion, which was voiced on Twitter, and not in any kind of legal proceeding, has no precedential effect on this court whatsoever. |
| Page 14, lines 15 through 17. | Evidence obtained by the Select Committee to date indicates that President Trump's White House Counsel confronted Plaintiff before the rally, and rejected Plaintiff's advice to Mr. Trump. | Fails to Provide Any Evidence.<br><br>Defendants simply make reference to sealed interviews conducted by the Select Committee and expect the court to take their word for it that such evidence exists, despite giving Plaintiff |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 31**

| | | |
|---|---|---|
| | | no opportunity to inspect or cross-examine that evidence.<br><br>Lacks personal knowledge, speculation; FRE 602<br>Defendants fail to establish personal knowledge of the facts herein described; moreover, the Defendants have failed to identify the witness upon whom they are relying and have not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative.<br><br>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901.<br>As no evidence whatsoever is provided, the evidence is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof.<br><br>Hearsay; FRE 802.<br>To the extent the speaker's own words are offered for their truth, they are inadmissible hearsay. To the extent the evidence provides an account of what the speaker overheard from non-parties, the testimony is an out of court statement not made by the speaker and is therefore inadmissible hearsay. |
| Page 14, lines 17 through 19. | And Plaintiff admitted that not a single Justice of the Supreme Court would agree with his view that the Vice President could refuse to count certain electoral votes. | Lacks personal knowledge, speculation; FRE 602.<br>Evidence is based upon a transcript from a deposition conducted before a different tribunal. It is inadmissible in its entirety; moreover, the speaker in that interview has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 32**

| | | Assumes facts not in evidence; lack of foundation (including authentication); FRE 901. The transcript is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the veracity of the contents thereof. Hearsay; hearsay within hearsay; FRE 802. To the extent Mr. Jacob's own words are offered for their truth, they are inadmissible hearsay. To the extent the transcript provides an account of what the speaker overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
|---|---|---|
| Page 15, lines 1 through 4. | As documents now available to the Select Committee demonstrate, Plaintiff used his Chapman University email account to email Greg Jacob, Counsel to the Vice President, on January 5 and 6 urging the Vice President to take illegal action and refuse to count electoral votes. | Evidence does not support the claims made. Nothing in the emails cited makes any mention of illegal action or refusal to count electoral votes. The statement is therefore inadmissible, as the evidence cited to support it does not relate to the claims made. No Evidence is Provided Reference is made to sealed Select Committee testimony, the records of which are not provided. Therefore, no evidence has been produced to substantiate those claims, and they are inadmissible. |
| Page 15, lines 8 through 11. | Various individuals planned for violence that day, including with the placement of pipe bombs, the accumulation of weaponry for potential use on January 6 across the river in Virginia, and the use of tactical gear and other weaponry. | Lacks personal knowledge, speculation; FRE 602 Evidence is based a grand jury indictment before a different tribunal and about which Defendants do not have personal knowledge and is inadmissible in its entirety. Moreover, the evidence was not even found to be accurate in the |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 33**

| | | |
|---|---|---|
| | | tribunal before which it was presented, but merely sufficient to result in an indictment.<br><br>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901<br>The documents are not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof. |
| Page 15, lines 11 through 14. | Evidence also indicates that the violent rioters who attacked police, breached the Capitol, and obstructed and impeded the electoral vote were provoked by President Trump's fraudulent campaign to persuade the American people that the election was in fact stolen. | Hearsay, FRE 802<br><br>Defendants present the factual findings of a different tribunal as evidence, without admitting them as evidence or requesting judicial notice. To the extent these finds are presented for the truth of the matters asserted, they are inadmissible hearsay.<br><br>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901<br>The factual findings are not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof.<br><br>Lacks personal knowledge, speculation; FRE 602<br>Defendants do not have personal knowledge of the facts of this case and it is inadmissible in its entirety. |
| Page 16, lines 4 through 10. | Ultimately, President Trump issued a video and a tweet urging the rioters to leave the Capitol, stressing "[w]e love you, you're very special. You've seen what happens, you see the way others are treated that are so bad and so evil. I know how you feel." 53 At 6:00 p.m., the President | Assumes facts not in evidence; lack of foundation (including authentication); FRE 901.<br>Defendants cite an online video and a statement from Twitter which they purport to be from President Donald Trump, who is not a party to this case. The statement is not authenticated and |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 34**

| | | |
|---|---|---|
| | tweeted: "These are the things and events that happen when a sacred landslide election victory is so unceremoniously & viciously stripped away from great patriots who have been badly & unfairly treated for so long. Go home with love & in peace. Remember this day forever!" | Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof. In fact, none of the facts asserted herein have been admitted into evidence and are therefore inadmissible.<br><br>Hearsay; hearsay within hearsay; FRE 802.<br><br>To the extent the statement is offered for its truth, it is inadmissible hearsay. To the extent the speaker provides an account of what the speaker overheard from non-parties, the testimony is an out of court statement not made by the speaker and is therefore inadmissible hearsay within hearsay. |
| Page 16, line 11 through 17, line 1. | The January 6 attack resulted in multiple deaths, physical harm to more than 140 law enforcement officers, and trauma among government employees, press, and Members of Congress. | Lacks personal knowledge, speculation; FRE 602<br>Evidence is based upon a house resolution and does not even purport to find factual findings, but rather pertains only to a decision of congress. To the extent that resolution contains factual contentions, they are entirely speculative and therefore inadmissible.<br><br>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901<br>The resolution is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof.<br><br>Hearsay; hearsay within hearsay; FRE 802.<br>To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 35**

| | | |
|---|---|---|
| Page 17, lines 9 through 14 | In a cover letter accompanying the subpoena at issue here, Chairman Thompson explained that the Select Committee had "credible evidence" that Plaintiff knew about, and "may have participated in, attempts to encourage the Vice President of the United States to reject the electors from several states or, at the very least, to delay the electoral college results to give states more time to submit different slates of electors." | <u>Lacks personal knowledge, speculation; FRE 602</u><br>Evidence is based upon documents about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative.<br><br><u>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901</u><br>The document is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof.<br><br><u>Hearsay; hearsay within hearsay; FRE 802.</u><br>To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
| Page 17, lines 15 through 17. | Chairman Thompson noted that Plaintiff wrote "two memoranda offering several scenarios for the Vice President to potentially change the outcome of the 2020 Presidential election." | <u>Lacks personal knowledge, speculation; FRE 602</u><br>Evidence is based upon documents about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative.<br><br><u>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901</u> |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 36**

| | | The document is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof.<br><br>Hearsay; hearsay within hearsay; FRE 802.<br>To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
|---|---|---|
| Page 17, lines 17 through 24. | Chairman Thompson also explained that Plaintiff had "participated in a briefing for nearly 300 state legislators from several states regarding purported election fraud," "testified to Georgia state senators regarding alleged voter fraud and reportedly shared a paper that argued that the state legislature could reject election results and directly appoint electors," was "at the Willard Hotel 'war room' with Steve Bannon and others on the days leading up to January 6 where the focus was on delaying or blocking the certification of the election," and on January 6, "spoke at the rally at the White House Ellipse." | Lacks personal knowledge, speculation; FRE 602<br>Evidence is based upon documents about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative.<br><br>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901<br>The document is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof.<br><br>Hearsay; hearsay within hearsay; FRE 802.<br>To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 37**

| | | |
|---|---|---|
| | | not made by the author and is therefore inadmissible hearsay within hearsay. |
| Page 17, line 25 through Page 18, line 6. | After Plaintiff refused to produce any documents responsive to a subpoena issued to him directly (which is not before this Court), and invoked the Fifth Amendment privilege against forced self-incrimination repeatedly during his deposition, the Select Committee issued a separate subpoena to Chapman for certain documents in its possession "attributable to Dr. John Eastman, that are related in any way to the 2020 election or the January 6, 2021 Joint Session of Congress." Compl. Ex. B at 4, ECF No. 1-2. That subpoena requested documents from November 3, 2020 to January 20, 2021. *Id.* The deadline to produce the subpoenaed documents was January 21, 2022. *Id.* at 3. | <u>Lacks personal knowledge, speculation; FRE 602</u><br>Evidence is based upon documents about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative.<br><br><u>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901</u><br>The document is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof.<br><br><u>Hearsay; hearsay within hearsay; FRE 802.</u><br>To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
| Page 20, lines 16 through 18. | Over the past months, the Congressional Defendants repeatedly asked Plaintiff to disclose the engagement letters that show the identity of his client and the period of the representation. | <u>Lacks personal knowledge, speculation; FRE 602</u><br>Evidence is based upon documents about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative. |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 38**

| | | |
|---|---|---|
| | | Assumes facts not in evidence; lack of foundation (including authentication); FRE 901<br>The document is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof.<br><br>Hearsay; hearsay within hearsay; FRE 802.<br>To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
| Page 23, lines 8 through 10. | This Court instructed Plaintiff to "file with the Court and the Select Committee evidence of all attorney-client and agent relationships asserted in the privilege log." Order, ECF No. 104. ¶ 2. | Lacks personal knowledge, speculation; FRE 602<br>Evidence is based upon documents about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative.<br><br>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901<br>The document is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof.<br><br>Hearsay; hearsay within hearsay; FRE 802.<br>To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 39**

| | | |
|---|---|---|
| | | author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
| Page 26, lines 1 through 11. | Chapman's Computer and Network Policy directly undermines any purported expectation of confidentiality. That policy is clear: "Users should not expect privacy in the contents of University-owned computers or e-mail messages." Policies and Procedures: Computer and Network Acceptable Use Policy, Chapman University, https://perma.cc/7ZUA-ZALN (last visited Mar. 2, 2022) (emphasis added).<br><br>The policy also expressly bans personal use on its network and computing systems. Id. (all university computing and network systems and services are a "University-owned resource and business tool to be used only by authorized persons for educational purposes or to carry out the legitimate business of the University"). And through its policy, Chapman reserves "the right to retrieve the contents of University-owned computers and e-mail messages for legitimate reasons." Id. | <u>Lacks personal knowledge, speculation; FRE 602</u><br>Evidence is based upon documents about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative.<br><br><u>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901</u><br>The document is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof.<br><br><u>Hearsay; hearsay within hearsay; FRE 802.</u><br>To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
| Page 26, lines 12 through 14. | Chapman's policy is notable in that, in response to the known risks to privilege posed by university email policies, many other universities have in the past decade developed policies that are more protective of user privacy.61 | <u>Lacks personal knowledge, speculation; FRE 602</u><br>Evidence is based upon documents about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative. |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 40**

| | | Assumes facts not in evidence; lack of foundation (including authentication); FRE 901<br>The document is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof.<br><br>Hearsay; hearsay within hearsay; FRE 802.<br>To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
|---|---|---|
| Page 26, line 14 through Page 27, line 2. | The use of "bare-bonesno-privacy policies" like Chapman's, in which users are warned "that they do not have an expectation of privacy," is followed by only a "small minority" of universities. Sisk & Halbur, supra at n.61, at 1297, 1301; Policies and Procedures: Computer and Network Acceptable Use Policy, Chapman University ("Users should not expect privacy in the contents of University-owned computers or e-mail messages"). | Lacks personal knowledge, speculation; FRE 602<br>Evidence is based upon documents about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative.<br><br>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901<br>The document is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof.<br><br>Hearsay; hearsay within hearsay; FRE 802.<br>To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 41**

| | | article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
|---|---|---|
| Page 27, lines 3 through 4. | Plaintiff was notified of Chapman's relatively stringent policy and can be presumed to be aware of the [sic.] it. | <u>Lacks personal knowledge, speculation; FRE 602</u><br>Evidence is based upon documents about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative.<br><br><u>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901</u><br>The document is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof.<br><br><u>Hearsay; hearsay within hearsay; FRE 802.</u><br>To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
| Page 27, lines 4 through 5. | Plaintiff served on the Chapman faculty for over twenty years and was previously the Dean of Chapman's law school. | <u>Lacks personal knowledge, speculation; FRE 602</u><br>Evidence is based upon documents about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 42**

| | | |
|---|---|---|
| | | described. The conclusions drawn are therefore entirely speculative.<br><br>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901<br>The document is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof.<br><br>Hearsay; hearsay within hearsay; FRE 802.<br>To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
| Page 27, lines 12 through 16. | Moreover, in reference to Plaintiff's representation of President Trump in Supreme Court litigation, Chapman's President publicly emphasized the university's "clear policies in place regarding outside activity," explaining that "acting privately, Chapman faculty and staff are not free to use Chapman University's email address, physical address or telephone number in connection with the support of a political candidate." | Lacks personal knowledge, speculation; FRE 602<br>Evidence is based upon documents about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative.<br><br>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901<br>The document is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof.<br><br>Hearsay; hearsay within hearsay; FRE 802. |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 43**

| | | To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
|---|---|---|
| Page 27, lines 24 through 26. | Putting all of this together, Plaintiff certainly had no legitimate expectation of confidentiality during the dates at issue here—January 4-7, 2021—nearly one month after the University President's public statement. | <u>Lacks personal knowledge, speculation; FRE 602</u><br>Evidence is based upon documents about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative.<br><br><u>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901</u><br>The document is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof.<br><br><u>Hearsay; hearsay within hearsay; FRE 802.</u><br>To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
| Page 27, line 28 through Page 28, line 4. | The information provided by the university to this Court provides no indication that this makes any difference. To the contrary, less than a month before the period at issue | <u>Lacks personal knowledge, speculation; FRE 602</u><br>Evidence is based upon documents about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 44**

| | | |
|---|---|---|
| | here, Chapman's President admonished Plaintiff's use of the Chapman server and email address for the very purpose used here, and was crystal clear that the policy applied to "*faculty and staff.*" | the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative.<br><br>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901<br>The document is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof.<br><br>Hearsay; hearsay within hearsay; FRE 802.<br>To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
| Page 28, lines 19 through 23. | By contrast, here, as we have highlighted, the University President (in specific reference to Plaintiff and his political work for President Trump) emphasized that Plaintiff and other faculty had [sic.] staff had no privacy interest. This fact is also fatal to Plaintiff's reliance on his prior practices violating Chapman's policy. | Lacks personal knowledge, speculation; FRE 602<br>Evidence is based upon documents about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative.<br><br>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901<br>The document is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof. |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 45**

| | | |
|---|---|---|
| | | Hearsay; hearsay within hearsay; FRE 802. To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
| Page 28, line 28 through Page 29, line 3. | Plaintiff's decision to continue using a server and email account in an unauthorized way after being specifically admonished by the University President against doing so is precisely such an instance where, as the attorney, Plaintiff's actions defeated application of the privilege. | Lacks personal knowledge, speculation; FRE 602 Evidence is based upon documents about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative.\n\nAssumes facts not in evidence; lack of foundation (including authentication); FRE 901 The document is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof.\n\nHearsay; hearsay within hearsay; FRE 802. To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
| Page 29, lines 12 | Plaintiff has stated publicly that President Trump authorized Plaintiff's discussion of advice | Lacks personal knowledge, speculation; FRE 602 Evidence is based upon documents about which Defendants do not have |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 46**

| | | |
|---|---|---|
| through 16. | relating to the election and the events leading up to January 6. Two memoranda that Plaintiff wrote outlining how former Vice President Pence could overturn the results of the Presidential election are already in the public domain and have been provided to the media, and discussed, by Plaintiff. | personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative.<br><br>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901<br>The document is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof.<br><br>Hearsay; hearsay within hearsay; FRE 802.<br>To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
| Page 29, lines 17 through 19. | Plaintiff discussed the advice in his legal memo at length on a podcast, noting that Plaintiff himself provided the memorandum to author Bob Woodward, and saying at the outset that Mr. Trump had "authorized" him "to talk about these things." | Lacks personal knowledge, speculation; FRE 602<br>Evidence is based upon documents about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative.<br><br>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901<br>The document is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof. |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 47**

| | | |
|---|---|---|
| | | Hearsay; hearsay within hearsay; FRE 802. <br> To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
| Page 29, lines 19 through 21. | Plaintiff has also made extensive public remarks regarding the events of January 6 and his advice to President Trump on numerous other occasions. | Lacks personal knowledge, speculation; FRE 602 <br> Evidence is based upon documents about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative. <br><br> Assumes facts not in evidence; lack of foundation (including authentication); FRE 901 <br> The document is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof. <br><br> Hearsay; hearsay within hearsay; FRE 802. <br> To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
| Page 30, lines 8 | On May 5, 2021, Plaintiff appeared on the Peter Boyles Show and stated | Lacks personal knowledge, speculation; FRE 602 |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 48**

| | | |
|---|---|---|
| through 12. | that "I would normally not talk about a private conversation I have with a client, but I have express authorization from my client, the President of the United States at the time, to describe what occurred—to truthfully describe what occurred in that conversation." | Evidence is based upon documents about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative.<br><br>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901<br>The document is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof.<br><br>Hearsay; hearsay within hearsay; FRE 802.<br>To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
| Page 30, lines 16 through 19. | At issue is former President Trump's waiver of the subject matter of issues the events of January 6 and Plaintiff's advice about the effort to interfere with the counting of the electoral votes on January 6 in violation of the Electoral Count Act. | Lacks personal knowledge, speculation; FRE 602<br>Evidence is based upon documents about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative.<br><br>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901<br>The document is not authenticated and Defendants have not admitted into evidence or requested judicial notice of |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 49**

| | | any information to suggest the contents thereof. <br><br> <u>Hearsay; hearsay within hearsay; FRE 802.</u> <br> To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
|---|---|---|
| Page 32, lines 16 through 18. | Congressional Defendants believe that many (if not the vast majority) of the communications at issue involved efforts to interfere with the counting of the electoral votes on January 6 in violation of the Electoral Count Act. | <u>Lacks personal knowledge, speculation; FRE 602</u> <br> Evidence is based upon documents about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative. <br><br> <u>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901</u> <br> The document is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof. <br><br> <u>Hearsay; hearsay within hearsay; FRE 802.</u> <br> To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 50**

| | | |
|---|---|---|
| Page 33, lines 6 through 7. | Plaintiff to claim protection for his advice aimed at—to put it bluntly—overturning a democratic election. | <u>Lacks personal knowledge, speculation; FRE 602</u><br>Evidence is based upon documents about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative.<br><br><u>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901</u><br>The document is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof.<br><br><u>Hearsay; hearsay within hearsay; FRE 802.</u><br>To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
| Page 33, lines 13 through 14. | Plaintiff is currently the subject of a California State Bar ethics investigation. | <u>Lacks personal knowledge, speculation; FRE 602</u><br>Evidence is based upon documents about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative.<br><br><u>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901</u> |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 51**

| | | The document is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof. |
| | | |
| | | Hearsay; hearsay within hearsay; FRE 802. |
| | | To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
| | | |
| | | Probative value outweighed by prejudicial effect; FRE 403. |
| | | The status of any state bar investigations regarding Plaintiff is presumably introduced to undermine the Plaintiff's credibility regarding matters unrelated to this case. The merits of election challenges and any misconduct that may have occurred relating thereto are not relevant to the present matter except insofar as they are intended to discredit Plaintiff. |
| Page 41, lines 10 through 12. | Any such effort by the presiding officer would violate the law. This is exactly what the Vice President's counsel explained at length to Plaintiff and President Trump before January 6. | Lacks personal knowledge, speculation; FRE 602 |
| | | Evidence is based upon documents about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative. |
| | | |
| | | Assumes facts not in evidence; lack of foundation (including authentication); FRE 901 |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 52**

| | | The document is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof.<br><br>Hearsay; hearsay within hearsay; FRE 802.<br>To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
|---|---|---|
| Page 41, lines 12 through 13. | Plaintiff acknowledged that the Supreme Court would reject such an effort 9-0. | Assumes facts not in evidence; lack of foundation (including authentication); FRE 901<br>The document is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof. |
| Page 41, lines 13 through 15. | And the Vice President made this crystal clear in writing on January 6: any attempt by the Vice President to take the course of action the President insisted he take would have been illegal. | Lacks personal knowledge, speculation; FRE 602<br>Evidence is based upon documents about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative.<br><br>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901<br>The document is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof. |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 53**

| | | Hearsay; hearsay within hearsay; FRE 802. To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
| --- | --- | --- |
| Page 41, lines 16 through 18. | Nevertheless, pursuant to Plaintiff's plan, the President repeatedly asked the Vice President to exercise unilateral authority illegally, as presiding officer of the Joint Session of Congress, to refuse to count electoral votes. | Lacks personal knowledge, speculation; FRE 602 Evidence is based upon documents about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative. Assumes facts not in evidence; lack of foundation (including authentication); FRE 901 The document is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof. Hearsay; hearsay within hearsay; FRE 802. To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
| Page 41, line 18 | In service of this effort, he and Plaintiff met with the Vice President | Lacks personal knowledge, speculation; FRE 602 |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 54**

| | | |
|---|---|---|
| through Page 42, line 2. | and his staff several times to advocate that he unilaterally reject and refuse to count or prevent the counting of certified electoral votes, and both also engaged in a public campaign to pressure the Vice President. | Evidence is based upon documents about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative.<br><br>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901<br>The document is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof.<br><br>Hearsay; hearsay within hearsay; FRE 802.<br>To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
| Page 42, lines 4 through 7. | The President and Plaintiff also took steps to alter the certification of electors from various States. For example, the President called and met with state officials, met numerous times with officials in the Department of Justice, tweeted and spoke about these issues publicly, and engaged in a personal campaign to persuade the public that the election had been tainted by widespread fraud. | Lacks personal knowledge, speculation; FRE 602<br>Evidence is based upon documents about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative.<br><br>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901<br>The document is not authenticated and Defendants have not admitted into evidence or requested judicial notice of |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 55**

| | | any information to suggest the contents thereof.<br><br>Hearsay; hearsay within hearsay; FRE 802.<br>To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
|---|---|---|
| Page 42, lines 11 through 15. | The evidence supports an inference that President Trump and members of his campaign knew he had not won enough legitimate state electoral votes to be declared the winner of the 2020 Presidential election during the January 6 Joint Session of Congress, but the President nevertheless sought to use the Vice President to manipulate the results in his favor. | Lacks personal knowledge, speculation; FRE 602<br>Evidence is based upon documents about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative.<br><br>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901<br>The document is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof.<br><br>Hearsay; hearsay within hearsay; FRE 802.<br>To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 56**

| | | |
|---|---|---|
| Page 42, lines 15 through 16. | By December 14, 2020, the Electoral College had voted to send 306 certified electoral votes for Biden and 232 certified electoral votes for Trump. | <u>Lacks personal knowledge, speculation; FRE 602</u><br>Evidence is based upon documents about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative.<br><br><u>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901</u><br>The document is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof.<br><br><u>Hearsay; hearsay within hearsay; FRE 802.</u><br>To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
| Page 42, lines 16 through 17. | No state legislature had certified an alternate slate between that time and January 6, 2021. | <u>Lacks personal knowledge, speculation; FRE 602</u><br>Evidence is based upon documents about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative.<br><br><u>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901</u> |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 57**

| | | The document is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof.<br><br>Hearsay; hearsay within hearsay; FRE 802.<br>To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
| Page 42, lines 18 through 19. | Moreover, no court had endorsed the Trump campaign's numerous attempts to challenge state election results in the wake of the election. | Lacks personal knowledge, speculation; FRE 602<br>Evidence is based upon documents about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative.<br><br>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901<br>The document is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof.<br><br>Hearsay; hearsay within hearsay; FRE 802.<br>To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 58**

| | | not made by the author and is therefore inadmissible hearsay within hearsay. |
|---|---|---|
| Page 43, lines 1 through 4. | [T]he President and Plaintiff engaged in an extensive public and private campaign to convince the Vice President to reject certain Biden electors or delay the proceedings, without basis, so that the President and his associates would have additional time to manipulate the results. | Lacks personal knowledge, speculation; FRE 602<br>Evidence is based upon documents about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative.<br><br>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901<br>The document is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof.<br><br>Hearsay; hearsay within hearsay; FRE 802.<br>To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
| Page 44, lines 19 through 22. | As noted above, in particular, the President and Plaintiff worked jointly to attempt to persuade the Vice President to use his position on January 6, 2021, to reject certified electoral slates submitted by certain States and/or to delay the proceedings by sending the count back to the States. | Lacks personal knowledge, speculation; FRE 602<br>Evidence is based upon documents about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative. |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 59**

| | | | Assumes facts not in evidence; lack of foundation (including authentication); FRE 901<br>The document is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof.<br><br>Hearsay; hearsay within hearsay; FRE 802.<br>To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
|---|---|---|---|
| Page 44, lines 22 through 23. | Plaintiff first crafted a "plan" to justify this course of action. | | Lacks personal knowledge, speculation; FRE 602<br>Evidence is based upon documents about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative.<br><br>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901<br>The document is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof.<br><br>Hearsay; hearsay within hearsay; FRE 802.<br>To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 60**

| | | |
|---|---|---|
| | | author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
| Page 44, line 23 through Page 45, line 4. | Plaintiff and the President then met and spoke with the Vice President and members of his staff on several occasions on January 4-6 in an attempt to execute Plaintiff's plan. Plaintiff continued these efforts to persuade the Vice President via ongoing conversations with the Vice President's staff, and the President employed numerous public statements to exert additional pressure on Pence. | <u>Lacks personal knowledge, speculation; FRE 602</u><br>Evidence is based upon documents about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative.<br><br><u>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901</u><br>The document is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof.<br><br><u>Hearsay; hearsay within hearsay; FRE 802.</u><br>To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
| Page 45, lines 9 through 14. | In a civil case filed against the President and others by several members of Congress, Judge Amit Mehta in the District of Columbia specifically found that it was plausible to believe that the President entered into a conspiracy with the rioters on January 6, 2021, "to disrupt the Certification of the | <u>Lacks personal knowledge, speculation; FRE 602</u><br>Evidence is based upon documents about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative. |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 61**

| | | | |
|---|---|---|---|
| | | Electoral College vote through force, intimidation, or threats." Judge Mehta's opinion demonstrates the breadth of conspiratorial conduct and further supports the existence of common law fraud. (Internal citations omitted). | Assumes facts not in evidence; lack of foundation (including authentication); FRE 901<br>The document is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof.<br><br>Hearsay; hearsay within hearsay; FRE 802.<br>To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
| | Page 46, lines 2 through 3. | The President continued this effort despite repeated assurances from countless sources that there was no evidence of widespread election fraud. | Lacks personal knowledge, speculation; FRE 602<br>Evidence is based upon documents about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative.<br><br>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901<br>The document is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof.<br><br>Hearsay; hearsay within hearsay; FRE 802.<br>To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 62**

| | | |
|---|---|---|
| | | article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
| Page 46, lines 3 through 6. | On November 12, 2020, CISA issued a joint statement of election security agencies stating: "There is no evidence that any voting system deleted or lost votes, changed votes, or was in any way compromised." | <u>Lacks personal knowledge, speculation; FRE 602</u><br>Evidence is based upon documents about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative.<br><br><u>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901</u><br>The document is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof.<br><br><u>Hearsay; hearsay within hearsay; FRE 802.</u><br>To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
| Page 46, lines 6 through 8. | At around the same time, researchers working for the President's campaign concluded that several the claims of fraud relating to Dominion voting machines were false. | <u>Lacks personal knowledge, speculation; FRE 602</u><br>Evidence is based upon documents about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 63**

| | | |
|---|---|---|
| | | described. The conclusions drawn are therefore entirely speculative.<br><br>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901<br>The document is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof.<br><br>Hearsay; hearsay within hearsay; FRE 802.<br>To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
| Page 46, lines 9 through 10. | In December, Attorney General Barr publicly announced that there was no widespread election fraud. | Lacks personal knowledge, speculation; FRE 602<br>Evidence is based upon documents about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative.<br><br>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901<br>The document is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof.<br><br>Hearsay; hearsay within hearsay; FRE 802. |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 64**

| | | To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
|---|---|---|
| Page 46, lines 10 through 11. | By January 6, more than 60 court cases had rejected legal claims alleging election fraud. | <u>Lacks personal knowledge, speculation; FRE 602</u><br>Evidence is based upon documents about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative.<br><br><u>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901</u><br>The document is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof.<br><br><u>Hearsay; hearsay within hearsay; FRE 802.</u><br>To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
| Page 46, lines 11 through 12. | The New York court that suspended Giuliani's law license said that certain of his allegations lacked a "scintilla of evidence." | <u>Lacks personal knowledge, speculation; FRE 602</u><br>Evidence is based upon documents about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 65**

| | | the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative. |
| | | Assumes facts not in evidence; lack of foundation (including authentication); FRE 901 |
| | | The document is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof. |
| | | Hearsay; hearsay within hearsay; FRE 802. |
| | | To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
| Page 46, line 12 through Page 47, line 2. | On multiple occasions, acting Attorney General Rosen and acting Deputy Attorney General Donoghue told the President personally that the Department of Justice and Federal Bureau of Investigations had found no evidence to substantiate claims being raised by the President. | Lacks personal knowledge, speculation; FRE 602 |
| | | Evidence is based upon documents about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative. |
| | | Assumes facts not in evidence; lack of foundation (including authentication); FRE 901 |
| | | The document is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof. |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 66**

| | | Hearsay; hearsay within hearsay; FRE 802. To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
|---|---|---|
| Page 47, lines 2 through 3. | Georgia Secretary of State Brad Raffensperger likewise rebutted many of the President's allegations of fraud in Georgia. | Lacks personal knowledge, speculation; FRE 602 Evidence is based upon documents about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative.<br><br>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901 The document is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof.<br><br>Hearsay; hearsay within hearsay; FRE 802. To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
| Page 47, lines 3 through 6. | Despite these refutations and the absence of any evidence to support the allegations he was making, the | Lacks personal knowledge, speculation; FRE 602 Evidence is based upon documents about which Defendants do not have |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 67**

| | | |
|---|---|---|
| | President and his associates continued to publicly advance the narrative that the election had been tainted by widespread fraud. | personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative.<br><br>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901<br>The document is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof.<br><br>Hearsay; hearsay within hearsay; FRE 802.<br>To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
| Page 47, lines 7 through 10. | As noted above, the President called and met with state officials regarding the election results, met numerous times with officials in the Department of Justice, tweeted and spoke about these issues publicly, and engaged in a personal campaign to persuade the Vice President to alter the certification results. | Lacks personal knowledge, speculation; FRE 602<br>Evidence is based upon documents about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative.<br><br>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901<br>The document is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof. |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 68**

| | | |
|---|---|---|
| | | **Hearsay; hearsay within hearsay; FRE 802.**<br>To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
| Page 47, lines 10 through 14. | For his part, Plaintiff drafted legal memoranda outlining several possible ways to ensure that Donald Trump would be named the winner of the 2020 election, met with the Vice President and his staff to press this plan, and spoke publicly on these issues in advance of the attack on the Capitol. | **Lacks personal knowledge, speculation; FRE 602**<br>Evidence is based upon documents about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative.<br><br>**Assumes facts not in evidence; lack of foundation (including authentication); FRE 901**<br>The document is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof.<br><br>**Hearsay; hearsay within hearsay; FRE 802.**<br>To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
| Page 47, lines 15 | A review of the documents at issue is likely to reveal that the President | **Lacks personal knowledge, speculation; FRE 602** |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 69**

| | | |
|---|---|---|
| through 16. | engaged Plaintiff's counsel in furtherance of these conspiratorial ends. | Evidence is based upon documents about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative.<br><br>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901<br>The document is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof.<br><br>Hearsay; hearsay within hearsay; FRE 802.<br>To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
| Page 48, lines 2 through 5. | There is also evidence to support a good-faith, reasonable belief that in camera review of the materials may reveal that the President and members of his Campaign engaged in common law fraud in connection with their efforts to overturn the 2020 election results. | Lacks personal knowledge, speculation; FRE 602<br>Evidence is based upon documents about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative.<br><br>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901<br>The document is not authenticated and Defendants have not admitted into evidence or requested judicial notice of |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 70**

| | | any information to suggest the contents thereof. |
| | | **Hearsay; hearsay within hearsay; FRE 802.** To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
| Page 48, lines 11 through 17. | As described above, the evidence shows that the President made numerous false statements regarding election fraud, both personally and through his associates, to the public at-large and to various state and federal officials. See *supra* at 6-7. These statements referred to material facts regarding the validity of state and federal election results. See *supra* at 7-8. And the evidence supports a good-faith inference that the President did so with knowledge of the falsity of these statements and an intent to deceive his listeners in hopes they would take steps in reliance thereon. | **Lacks personal knowledge, speculation; FRE 602** Evidence is based upon documents about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative. **Assumes facts not in evidence; lack of foundation (including authentication); FRE 901** The document is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof. **Hearsay; hearsay within hearsay; FRE 802.** To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 71**

| | | |
|---|---|---|
| Page 48, line 18 through Page 49, line 5. | In addition to the numerous refutations of fraud mentioned above, see *supra* at 7-8, a specific example helps illustrate the point: On December 3, 2020, Trump's YouTube channel posted an edited video clip, purporting to show Georgia officials pulling suitcases of ballots from under a table after poll workers had left for the day.96 The next morning, a Georgia official responded to the allegation on Twitter, indicating that the video "was watched in its entirety (hours) by @GaSecofState investigators" and "[s]how[ed] normal ballot processing. That same day, a local news outlet ran a fact-checking segment debunking the President's claims. After the broadcast, the Georgia official tweeted: "You can watch the @wsbtv report to show that the President's team is intentionally misleading the public about what happened at State Farm Arena on election night. They had the whole video too and ignored the truth." | Lacks personal knowledge, speculation; FRE 602 Evidence is based upon documents about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative.<br><br>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901 The document is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof.<br><br>Hearsay; hearsay within hearsay; FRE 802. To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
| Page 49, lines 6 through 7. | The next day, the Georgia Secretary of State's office released the full video to local news outlets, which thoroughly debunked the President's claims. | Lacks personal knowledge, speculation; FRE 602 Evidence is based upon documents about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative.<br><br>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901 |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 72**

| | | The document is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof.<br><br>Hearsay; hearsay within hearsay; FRE 802.<br>To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
| Page 49, lines 7 through 11. | On December 6, 2020, the Chief Investigator in the Georgia Secretary of State's Office issued a sworn declaration affirming that "there were no mystery ballots that were brought in from an unknown location and hidden under tables as has been reported by some" and explaining the context of the video clip. | Lacks personal knowledge, speculation; FRE 602<br>Evidence is based upon documents about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative.<br><br>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901<br>The document is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof.<br><br>Hearsay; hearsay within hearsay; FRE 802.<br>To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 73**

| | | not made by the author and is therefore inadmissible hearsay within hearsay. |
|---|---|---|
| Page 49, lines 11 through 14. | The following day, Georgia election officials addressed the issue yet again in a public press conference, stating that "what you saw, the secret suitcases with magic ballots, were actually ballots that had been packed into those absentee ballot carriers by the workers in plain view of the monitors and the press." | Lacks personal knowledge, speculation; FRE 602<br>Evidence is based upon documents about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative.<br><br>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901<br>The document is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof.<br><br>Hearsay; hearsay within hearsay; FRE 802.<br>To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
| Page 49, line 15 through Page 50, line 2. | Nevertheless, on December 11, 2020, and December 23, 2020, the Trump campaign ran two advertisements on Facebook with the same selectively edited footage and the same claim that the video showed "suitcases of ballots added in secret in Georgia." | Lacks personal knowledge, speculation; FRE 602<br>Evidence is based upon documents about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative. Moreover, the evidence cited does not seem to |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 74**

| | | exist, as the link does not go to any document. |
|---|---|---|
| | | <u>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901</u><br>The document is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof. |
| | | <u>Hearsay; hearsay within hearsay; FRE 802.</u><br>To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
| Page 50, lines 2 through 3. | On December 27 and 31, 2020, Acting Deputy Attorney General Donoghue again debunked this claim directly to the President. | <u>Lacks personal knowledge, speculation; FRE 602</u><br>Evidence is based upon documents about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative. |
| | | <u>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901</u><br>The document is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof. |
| | | <u>Hearsay; hearsay within hearsay; FRE 802.</u> |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 75**

| | | To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
|---|---|---|
| Page 50, lines 4 through 6. | Undeterred, the Trump campaign continued to run the ads on Facebook. [sic.] And the President continued to rely on this allegation in his efforts to overturn the results of the election. | Lacks personal knowledge, speculation; FRE 602<br>Evidence is based upon documents about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative.<br><br>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901<br>The document is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof.<br><br>Hearsay; hearsay within hearsay; FRE 802.<br>To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
| Page 50, line 6 through Page 51, line 3. | During a January 2, 2021, telephone conversation with Georgia Secretary of State Brad Raffensperger, the President suggested that suitcases of illicit ballots explained a "minimum" | Lacks personal knowledge, speculation; FRE 602<br>Evidence is based upon documents about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 76**

| | | |
|---|---|---|
| | of 18,000 votes for President Biden, ultimately asking Raffensperger to "find 11,780 votes" for him in Georgia. During this call, Raffensperger explained to the President that the video in question had been selectively edited, and that Raffensperger's office had reviewed the full tape and found no evidence of fraud.106 Raffensperger also offered to provide the President a link to the full video, to which the President responded: "I don't care about the link. I don't need it." The following day, the President tweeted: "I spoke to Secretary of State Brad Raffensperger yesterday about Fulton County and voter fraud in Georgia. He was unwilling, or unable, to answer questions such as the 'ballots under table' scam, ballot destruction, out of state 'voters', dead voters, and more. He has no clue!" On January 6th, Trump once again reiterated the claim that Georgia "election officials [had] pull[ed] boxes . . . and suitcases of ballots out from under a table" in his speech just before rioters attacked the Capitol. | the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative.<br><br>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901<br>The document is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof.<br><br>Hearsay; hearsay within hearsay; FRE 802.<br>To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
| Page 51, lines 4 through 5. | The evidence also shows that many members of the public acted in reliance on the President's statements. | Lacks personal knowledge, speculation; FRE 602<br>Evidence is based upon documents about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative.<br><br>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901<br>The document is not authenticated and Defendants have not admitted into evidence or requested judicial notice of |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 77**

| | | any information to suggest the contents thereof. |
|---|---|---|
| | | Hearsay; hearsay within hearsay; FRE 802. To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
| Page 51, lines 5 through 10. | Several defendants in pending criminal cases identified the President's allegations about the "stolen election" as a motivation for their activities at the Capitol. And a number specifically cited the President's tweets asking his supporters to come to Washington, D.C. on January 6. For example, one defendant who later pled guilty to threatening Nancy Pelosi texted a family member on January 6 to say: "[Trump] wants heads and I'm going to deliver." | Lacks personal knowledge, speculation; FRE 602 Evidence is based upon documents about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative. Assumes facts not in evidence; lack of foundation (including authentication); FRE 901 The document is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof. Hearsay; hearsay within hearsay; FRE 802. To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 78**

| | | |
|---|---|---|
| Page 51, line 10 through Page 52, line 1. | Another defendant released a statement through his attorney, stating: "I was in Washington, D.C. on January 6, 2021, because I believed I was following the instructions of former President Trump and he was my president and the commander-in-chief. His statements also had me believing the election was stolen from him." | C Lacks personal knowledge, speculation; FRE 602<br>Evidence is based upon documents about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative.<br><br>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901<br>The document is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof.<br><br>Hearsay; hearsay within hearsay; FRE 802.<br>To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
| Page 52, line 1. | There are many other examples of this kind. | Lacks personal knowledge, speculation; FRE 602<br>Evidence is based upon documents about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative.<br><br>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901 |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 79**

| | | |
|---|---|---|
| | | The document is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof.<br><br>Hearsay; hearsay within hearsay; FRE 802.<br>To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
| Page 52, lines 1 through 4. | Indeed, even today, polling suggests that "[m]ore than 40% of Americans still do not believe that Joe Biden legitimately won the 2020 presidential election despite no evidence of widespread voter fraud." | Lacks personal knowledge, speculation; FRE 602<br>Evidence is based upon documents about which Defendants do not have personal knowledge and is inadmissible in its entirety; moreover, the author of the piece has not established personal knowledge of the information therein described. The conclusions drawn are therefore entirely speculative.<br><br>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901<br>The document is not authenticated and Defendants have not admitted into evidence or requested judicial notice of any information to suggest the contents thereof.<br><br>Hearsay; hearsay within hearsay; FRE 802.<br>To the extent the author's own words are offered for their truth, they are inadmissible hearsay. To the extent the article provides an account of what the author overheard from non-parties, the testimony is an out of court statement |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 80**

|  |  | not made by the author and is therefore inadmissible hearsay within hearsay. |
|---|---|---|

## Statements with No Evidentiary Support

| Citation | Statement in Declaration | Evidentiary Objection |
|---|---|---|
| Page 2, lines 4 through .5 | "Plaintiff John Eastman purports to have been the former President's lawyer in connection with [the effort to remain in office by obstructing Congress' count of the electoral vote]." | Defendants provide no evidence to support the assertion. |
| Page 2, lines 6 through 7. | "[Plaintiff] spoke at the rally on the morning of January 6, spreading proven falsehoods." | Defendants provide no evidence to support the assertion. |
| Page 2, lines 9 through 11. | "The Select Committee requires a detailed understanding of all of Plaintiff's activities in order to inform Congress' legislative judgments and to help ensure that no President can threaten the peaceful transition of power ever again." | Defendants provide no evidence to support the assertion. |
| Page 12, lines 12 through 14. | As the President and his associates propagated dangerous misinformation to the public, Plaintiff was a leader in a related effort to persuade state officials to alter their election results based on these same fraudulent claims. | Defendants provide no evidence to support the assertion. |
| Page 9, lines 6 through 9. | Mr. Trump's team also mounted an effort to obtain false election certificates purporting to demonstrate that the electors of seven States were committed to President Trump rather than President Biden. (The Select Committee has deposed several | Defendants provide no evidence to support the assertion. |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 81**

| | | signers of these false certificates, and plans to interview others.) | |
|---|---|---|---|
| | Page 9, lines 13 through 14. | When the Electoral College met on December 14, 2020, and confirmed the certified results of the election, the results of the election should have been final. | Defendants provide no evidence to support the assertion. |
| | Page 15, lines 6 through 8. | The Select Committee's investigation is continuing to gather evidence on the planning for the violent assault, communications between those who participated, and communications by the Trump team from the Willard war room and elsewhere. | Defendants provide no evidence to support the assertion. |
| | Page 15, line 14 through Page 16, line 2. | Indeed, the President's rhetoric persuaded thousands of Americans to travel to Washington for January 6, some of whom marched on the Capitol, breached security, and took other illegal actions. | Defendants provide no evidence to support the assertion. |
| | Page 16, lines 2 through 3. | The Select Committee's hearings will address those issues in detail. | Defendants provide no evidence to support the assertion. |
| | Page 17, lines 6 through 9. | In furtherance of its duty to investigate the facts, circumstances, and causes of the attack on January 6, the Select Committee has issued subpoenas to various government agencies, private companies, and numerous individuals, including Plaintiff and his former employer, Chapman University. | Defendants provide no evidence to support the assertion. |
| | Page 31, lines 3 through 6. | President Trump—presumably for strategic and political gain—approved of Plaintiff's public disclosures of his advice on the subject of the effort to interfere with the counting of the electoral votes on January 6 in violation of the Electoral Count Act. | Defendants provide no evidence to support the assertion. |
| | Page 36, lines 10 through 13. | Even had Plaintiff sufficiently invoked the work product doctrine, the Select Committee has a substantial need for the documents and cannot, without undue hardship, obtain their substantial equivalent by other means. | Defendants provide no evidence to support the assertion. |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 82**

| | | |
|---|---|---|
| Page 36, lines 20 through 22. | This case involves Plaintiff's attempt to impede the Select Committee from obtaining the documents from that alternate source. | Defendants provide no evidence to support the assertion. |
| Page 36, lines 21 through 24. | Even if some third source were available for the requested documents, Plaintiff would likely attempt to prevent disclosure in that circumstance as well. | Defendants provide no evidence to support the assertion. |
| Page 36, lines 23 through 26. | Because the disputed documents are pivotal to the Select Committee's investigation and it would be nearly impossible to access these communications otherwise, the work product doctrine does not apply. | Defendants provide no evidence to support the assertion. |
| Page 37, lines 6 through 9. | Plaintiff was a central figure in the effort to encourage the former Vice President to reject the electors from several states and in the strategy to facilitate different slates of electors. He may also have played other important roles in the events under investigation. | Defendants provide no evidence to support the assertion. |
| Page 37, lines 9 through 10. | Plaintiff's "strategy, mental impressions and opinion" concerning these efforts "are directly at issue" in the Select Committee's investigation. | Defendants provide no evidence to support the assertion. |
| Page 37, lines 2 through 5. | The pressing need to complete a full investigation into an unprecedented attack on American democracy by reviewing documents involving a key participant is both substantial and compelling. | Defendants provide no evidence to support the assertion. |
| Page 39, lines 8 through 11. | As discussed in the Background section above, evidence and information available to the Committee establishes a good-faith belief that Mr. Trump and others may have engaged in criminal and/or fraudulent acts, and that Plaintiff's legal assistance was used in furtherance of those activities. | Defendants provide no evidence to support the assertion. |
| Page 40, | Although some have theorized that there may be ambiguity about which | Defendants provide no evidence to support the assertion. |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 83**

| | | |
|---|---|---|
| lines 21 through 23. | slate to count if a state submits two slates officially certified by the state's Governor, no such ambiguity was present on January 6, 2021. | |
| Page 40, line 23 through Page 42, line 1. | Each state submitted only one officially-certified electoral slate. | Defendants provide no evidence to support the assertion. |
| Page 43, line 7 through 8. | Had this effort succeeded, the electoral count would have been obstructed, impeded, influenced, and (at the very least) delayed, all without any genuine legal justification and based on the false pretense that the election had been stolen. There is no genuine question that the President and Plaintiff attempted to accomplish this specific illegal result. | Defendants provide no evidence to support the assertion. |
| Page 43, line 10 through 11. | Plaintiff was the architect of the strategies proposed to the Vice President both directly and through his staff. His memos provided the basis for arguments made to the Vice President by both the President and Plaintiff himself. Plaintiff was likewise personally involved in persuading state legislators that they had authority to reject the election results and submit alternate slates of electors to Congress. [sic.] And he was even involved in the effort to spread false allegations of election fraud to the public. | Defendants provide no evidence to support the assertion. |
| Page 43, lines 18 through 21. | The Select Committee also has a good-faith basis for concluding that the President and members of his Campaign engaged in a criminal conspiracy to defraud the United States in violation of 18 U.S.C. § 371. | Defendants provide no evidence to support the assertion. |
| Page 44, lines 15 through 19. | The evidence supports an inference that President Trump, Plaintiff, and several others entered into an agreement to defraud the United States by interfering with the election | Defendants provide no evidence to support the assertion. |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 84**

| | | |
|---|---|---|
| | certification process, disseminating false information about election fraud, and pressuring state officials to alter state election results and federal officials to assist in that effort. | |
| Page 45, lines 4 through 7. | The evidence developed to date indicates that these actions were all part of a concerted effort to achieve a common goal: to prevent or delay the certification of the 2020 presidential election results. | Defendants provide no evidence to support the assertion. |
| Page 45, lines 17 through 24. | As part of the effort described above, the conspirators also obstructed a lawful governmental function by pressuring the Vice President to violate his duty to count the electoral certificates presented from certain States. As an alternative, they urged the Vice President to delay the count to allow state legislatures to convene and select alternate electors. The apparent objective of these efforts was to overturn the results of the 2020 presidential election and declare Donald Trump the winner. In this way, the conspiracy aimed to obstruct and interfere with the proper functioning of the United States government. | Defendants provide no evidence to support the assertion. |
| Page 45, line 25 through Page 46, line 1. | [T]he President and Plaintiff engaged in an extensive campaign to persuade the public, state officials, members of Congress, and Vice President Pence that the 2020 election had been unlawfully "stolen" by Joseph Biden. | Defendants provide no evidence to support the assertion. |

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 85**

March 7, 2022                          Respectfully submitted,

                                       /s/*Anthony T. Caso*
                                       Anthony T. Caso (Cal. Bar #88561)
                                       CONSTITUTIONAL COUNSEL GROUP
                                       174 W Lincoln Ave # 620
                                       Anaheim, CA 92805-2901
                                       Phone: 916-601-1916
                                       Fax: 916-307-5164
                                       Email: atcaso@ccg1776.com

                                       */s/ Charles Burnham*
                                       Charles Burnham (D.C. Bar # 1003464)
                                       Burnham & Gorokhov PLLC
                                       1424 K Street NW, Suite 500
                                       Washington, D.C. 20005
                                       Email: charles@burnhamgorokhov.com
                                       Telephone: (202) 386-6920

                                       *Counsel for Plaintiff*

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 86**

## CERTIFICATE OF SERVICE

I have served this filing on all counsel through the Court's ECF system.

Respectfully submitted,

/s/ Charles Burnham
Charles Burnham
BURNHAM & GOROKHOV PLLC
1424 K Street NW, Suite 500
Washington, D.C. 20005
Telephone: (202) 386-6920
Email: charles@burnhamgorokhov.com

**PLAINTIFF'S EVIDENTIARY OBJECTIONS – PAGE 87**