UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 22-00099-DOC-DFM          Date: March 9, 2022

Title: JOHN C. EASTMAN V. BENNIE G. THOMPSON ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

PROCEEDINGS (IN CHAMBERS):    ORDER RE: IN CAMERA REVIEW OF JANUARY 4-7, 2021 DOCUMENTS

This case concerns the Select Committee to Investigate the January 6 Attack on the US Capitol's ("Select Committee") attempt to obtain emails and attachments sent or received by Dr. John Eastman on his Chapman University email account. The parties disagree on whether 111 emails from January 4-7, 2021 are privileged or if they should be disclosed. Dr. Eastman has produced privilege logs that list the people on each email, a summary of its contents, and why he believes it is privileged. Courts ordinarily determine privilege through privilege logs, but courts may read communications *in camera*, meaning privately. The Select Committee has asked that the Court read Dr. Eastman's emails between January 4-7, 2021, partly due to the privilege logs' vagueness. Opposition ("Opp'n") (Dkt. 164) at 2. On March 8, 2022, the Court held a hearing on the privilege claims. The Court below determines that review of the emails is appropriate.

I.     **Legal Standard**

Courts ask two questions to determine whether to review allegedly privileged documents. First, the court asks whether the opponent has provided evidence "to support

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 22-00099-DOC-DFM                                 Date: March 9, 2022

Page 2

a good faith belief by a reasonable person that *in camera* review of the materials may reveal evidence that information in the materials is not privileged."[1] The threshold at this first step is "not . . . a stringent one" because court review is only a limited intrusion on attorney-client privilege.[2]

If the opponent has provided enough evidence, the court then asks whether it should review the documents. The court considers factors including the volume of documents, the importance of the information to the case, and the likelihood that a review will show that the documents are not privileged or that an exception applies.[3]

## II. Discussion

The Select Committee raises a host of arguments that Dr. Eastman's emails were not privileged, and even if they were, that privilege was destroyed through waiver or an exception. The Court must first determine if a privilege initially existed before reaching waiver or exceptions. To streamline its decision on whether review is appropriate, the Court begins with arguments on whether the privilege existed.

Dr. Eastman claims two types of privilege over these emails. First, he asserts attorney-client privilege, which protects confidential communications between attorneys and clients for the purpose of legal advice.[4] The Select Committee argues that the inclusion of unrelated third parties on Dr. Eastman's emails destroys confidentiality. Opp'n at 21. "[T]here is no confidentiality where a third party . . . either receives or generates the documents."[5] In the privilege logs, Dr. Eastman lists several senders or recipients of emails as "attorney[s]" or "consultant[s]." At the hearing, the Select Committee noted that Dr. Eastman provided no retainer agreements or declarations to support these co-counsel or agent relationships. There is enough evidence to reasonably believe that the emails might reveal that the third parties had no privileged relationship with Dr. Eastman or President Trump.

Second, Dr. Eastman claims the emails are protected by the work product doctrine, which shields documents prepared by or for a party or their representative in anticipation

---

[1] *In re Grand Jury Investigation*, 974 F.2d 1068, 1075 (9th Cir. 1992).
[2] *Id.* at 1072.
[3] *United States v. Zolin*, 491 U.S. 554, 572 (1989); *Grand Jury Investigation*, 974 F.2d at 1075.
[4] *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981).
[5] *Reiserer v. United States*, 479 F.3d 1160, 1165 (9th Cir. 2007).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 22-00099-DOC-DFMDate: March 9, 2022

Page 3

of litigation.[6] The Select Committee argues that the documents are not protected work product because they aimed to persuade Vice President Pence to act, as opposed to pursuing litigation on the Electoral Count Act. Opp'n at 31. The Select Committee points to Dr. Eastman's January 3, 2021 memorandum to President Trump, which states, "[t]he main thing here is that Pence should do this without asking for permission—either from a vote of the joint session *or from the Court*." *Id.* at 9 n.27 (quoting Eastman Memorandum (emphasis added)). The Select Committee also suggests that these emails could relate to Dr. Eastman's non-litigation activities on behalf of President Trump, such as meeting with state legislators about certifying electors. Dr. Eastman's privilege logs do not indicate what litigation was anticipated; the log entries simply state that emails were made considering "*possible* litigation" or "*contemplating* litigation." This evidence sufficiently supports a reasonable belief that the emails may reveal that they were not created in anticipation of litigation.

Since the Select Committee has met its burden, the Court decides whether to review the emails. The circumstances of this case favor review. In part due to the parties' cooperation to exclude extraneous emails, there are only 111 challenged documents between January 4-7, 2021. As the Court has previously noted, the evidence suggests that communications from those days are essential to the Select Committee's pressing investigation. As Dr. Eastman expressed in his briefing and at the hearing, whether the documents are privileged "will be manifest during this Court's review." Reply (Dkt. 185) at 15. Accordingly, the Court will review the documents from January 4-7, 2021 to evaluate Dr. Eastman's privilege claims.

## III.     Disposition

Accordingly, the Court will now read the emails and their attachments. The Court notes that there is "a considerably lower threshold for conducting *in camera* review than for fully disclosing documents"—reading the emails does not mean that the Court will ultimately require disclosure.[7] Moreover, the Court's future analysis will not be limited to its discussion of whether review of the emails was warranted.

After reading the emails, the Court will determine for each document whether any privilege existed, whether that privilege was waived, and whether any exceptions apply.

---

[6] *In re Grand Jury Subpoena (Mark Torf/Torf Env't Mgmt.)*, 357 F.3d 900, 907 (9th Cir. 2004) (citing Fed. R. Civ. P. 26(b)(3)).
[7] *Grand Jury Investigation*, 974 F.2d at 1073.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 22-00099-DOC-DFM								Date: March 9, 2022

Page 4

Ultimately, the Court will issue a written decision including its full analysis and its final determination of which, if any, documents must be disclosed to the Select Committee.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11											Initials of Deputy Clerk: kdu

CIVIL-GEN