DOUGLAS N. LETTER
GENERAL COUNSEL
TODD B. TATELMAN
PRINCIPAL DEPUTY GENERAL COUNSEL

BROOKS M. HANNER
ASSOCIATE GENERAL COUNSEL
SARAH E. CLOUSE
ASSOCIATE GENERAL COUNSEL
STACIE M. FAHSEL
ASSOCIATE GENERAL COUNSEL
ERIC R. COLUMBUS
SPECIAL LITIGATION COUNSEL
MICHELLE S. KALLEN
SPECIAL LITIGATION COUNSEL

**U.S. HOUSE OF REPRESENTATIVES**
**OFFICE OF GENERAL COUNSEL**
5140 O'NEILL HOUSE OFFICE BUILDING
WASHINGTON, DC 20515-6532
(202) 225-9700
FAX: (202) 226-1360

March 15, 2022

**VIA CM/ECF**

The Honorable Judge David O. Carter
Ronald Reagan Federal Building and United States Courthouse
411 West Fourth Street
Courtroom 9D
Sana Ana, California 92701-4516

    Re:  *Eastman v. Thompson*, 8:22cv00099

Dear Judge Carter,

    Congressional Defendants write in response to Dr. Eastman's March 14, 2022 letter requesting a reduction in the document production schedule ordered by this Court. *See* ECF No. 212. Congressional Defendants oppose any reduction in the pace of Dr. Eastman's review.

    As previously indicated, the Select Committee has developed substantial evidence that Dr. Eastman played a central role in efforts to overturn the 2020 presidential election, including campaigns directed at state legislators throughout the post-election period and at the Vice President in connection with the certification of the electoral vote on January 6. The documents at issue are thus integral to the Select Committee's investigation into the "interference with the peaceful transfer of power," including the "influencing factors that fomented" the attack on American democracy. *See* H. Res. 503, 117th Cong. (2021). In addition, these documents may provide key context for other information and testimony the Committee has received and help direct ongoing investigative efforts.

    The Select Committee's urgent need for resolution of these privilege issues is further heightened by the fact that Dr. Eastman has claimed privilege over a vast swath of documents—many of which appear to be critical to the Select Committee's investigation—contrary to governing law. As with the January 4-7 privilege logs, Dr. Eastman's overbroad privilege claims and inadequate privilege log descriptions regarding other emails he has reviewed will necessitate *in camera* inspection of the individual documents, unless this Court's pending determination on Dr. Eastman's January 4-7 privilege assertions effectively resolves his privilege claims for all dates. *Cf.* Mar. 9, 2022, Order, ECF No. 195 (explaining the need for *in camera*

The Honorable Judge David O. Carter
March 15, 2022
Page 2

inspection of the January 4-7 documents). Allowing Dr. Eastman to slow the pace of review therefore threatens to substantially delay the receipt of potentially critical investigative information.

    Finally, Dr. Eastman has offered no change in circumstance or other compelling reason to alter the existing production schedule—with which he has complied, seemingly without issue, for several weeks now. To the extent Dr. Eastman finds it difficult to review the documents personally, he can engage the assistance of counsel in those efforts.

                                      */s/ Douglas N. Letter*
                                      Douglas N. Letter
                                      General Counsel
                                      *Counsel for Congressional Defendants*