Anthony T. Caso (Cal. Bar #88561)
Email: atcaso@ccg1776.com
CONSTITUTIONAL COUNSEL GROUP
174 W Lincoln Ave # 620
Anaheim, CA 92805-2901
Phone: 916-601-1916
Fax: 916-307-5164

Charles Burnham (D.C. Bar# 1003464)*
Email: charles@burnhamgorokhov.com
BURNHAM & GOROKHOV PLLC
1424 K Street NW, Suite 500
Washington, D.C. 20005
Telephone: (202) 386-6920
* admitted pro hac vice

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| JOHN C. EASTMAN<br><br>Plaintiff,<br><br>vs.<br><br>BENNIE G. THOMPSON, *et al.*,<br><br>Defendants. | Case No. 8:22-cv-00099-DOC-DFM<br><br>**MOTION FOR EARLY DISCOVERY**<br><br>Trial Date: None<br>Judge: Hon David O. Carter<br><br>Magistrate Judge:<br>    Hon. Douglas F. McCormick |

**MOTION FOR EARLY DISCOVERY**

Comes now, the plaintiff, John C. Eastman, pursuant to Fed. R. Civ. Pro. 26 and moves this Court for leave to conduct discovery. Plaintiff submits as follows:

1. This Court is currently considering attorney client privilege and work product claims made by Plaintiff John Eastman in response to a subpoena by the congressional defendants to defendant Chapman University.

2. As the Court recalls, the congressional defendants have continuously argued that Dr. Eastman's privilege and work product claims were waived through his use of Champan University's email system ("the Chapman waiver argument"). *See, e.g.* ECF 178 (Defendant's Opposition to Plaintiff's Brief in Support of Privilege Claims).

3. As briefed and argued to the Court by plaintiff on multiple occasions, the Chapman waiver argument is not well founded. Moreover, this Court's well-thought-out system to adjudicate specific privilege claims over the course of several months would seem to belie the possibility of any generalized waiver. However, this Court has not yet specifically rejected the congressional defendants' argument that use of the Chapman University email system somehow constituted a waiver of Dr. Eastman's clients' privilege.

4. The congressional defendant's Chapman waiver argument is based on factual assertions offered by Chapman through declarations and representations of counsel during oral argument. For example, Chapman has contended that Dr. Eastman's representation of former President Trump was "unauthorized" and constituted a violation of governing IRS regulations about political activity. Upon information and belief, Chapman University is aware of facts and is in possession of evidence which contradicts these and other assertions by the University.

5. Under Rule 26's provisions on timing, discovery would not ordinarily take place until a later point in the case. However, Rule 26(f) allows for early discovery by order of the Court. *See*,

*e.g.*, *Malibu Media, LLC v. Doe*, 319 F.R.D. 299 (E.D. Cal. 2016)(good cause exited for discovery prior to Rule 26(f) conference); *AF Holdings LLC v. Doe*, 2:12cv2207, 2012 WL 6608993 at *1 ("Courts apply a 'good cause' standard in considering motions to expedite discovery.").

6. Good cause exists here to permit early discovery. If this Court is at all inclined to consider the congressional defendants' Chapman waiver argument, thorough factual development is necessary. Finding such a waiver would result in the totality of the Chapman materials being disclosed. Such a step would cause great harm to many clients who had no idea that corresponding with a .edu email address meant their privilege was waived. The factual underpinnings of the Chapman waiver argument have been presented to the Court through declarations and representations of counsel, which is not a sufficient factual basis. Moreover, as stated above, Plaintiff asserts upon information and belief that Chapman University is in possession of evidence which would demonstrate the falsity of its factual assertions to this Court. Early discovery will ensure that this Court has the evidence necessary to decide the Chapman waiver issue.

7. Plaintiff submits that up to 25 Requests for Admission, up to 10 interrogatories, and up to 20 requests for production of documents and a reasonable number of depositions will be sufficient.

For the foregoing reasons, Plaintiff respectfully requests that this Court grant him leave to conduct discovery upon defendant Chapman University.

| | |
|---|---|
| March 16, 2022 | Respectfully submitted, |
| | /s/*Anthony T. Caso* |
| | Anthony T. Caso (Cal. Bar #88561)<br>CONSTITUTIONAL COUNSEL GROUP<br>174 W Lincoln Ave # 620<br>Anaheim, CA 92805-2901<br>Phone: 916-601-1916<br>Fax: 916-307-5164<br>Email:  atcaso@ccg1776.com |
| | */s/ Charles Burnham*<br>Charles Burnham (D.C. Bar # 1003464)<br>BURNHAM & GOROKHOV PLLC<br>1424 K Street NW, Suite 500<br>Washington, D.C. 20005<br>Email: charles@burnhamgorokhov.com<br>Telephone: (202) 386-6920 |
| | *Counsel for Plaintiff* |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this filing has been served on opposing counsel through this Court's ecf system.

By: */s/ Charles Burnham*
Charles Burnham
D. Md. Bar 12511
*Attorney for Defendant*
BURNHAM & GOROKHOV, PLLC
1424 K Street NW, Suite 500
Washington, DC 20005
(202) 386-6920 (phone)
(202) 265-2173 (fax)
Charles@burnhamgorokhov.com