FRED M. PLEVIN (SBN 126185)
fplevin@paulplevin.com
**PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP**
101 West Broadway, Ninth Floor
San Diego, California 92101-8285
Telephone: 619-237-5200
Facsimile: 619-615-0700

Attorneys for Defendant Chapman University

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| JOHN C. EASTMAN, <br><br> Plaintiff, <br><br> v. <br><br> BENNIE G. THOMPSON, in his official capacity as Chairman of the House Select Committee to Investigate the January 6 Attack on the United States Capitol <br><br> SELECT COMMITTEE TO INVESTIGATE THE JANUARY 6TH ATTACK ON THE UNITED STATES CAPITOL <br><br> CHAPMAN UNIVERSITY, <br><br> Defendants. | Case No. 8:22-cv-00099-DOC-DFM <br><br> **DEFENDANT CHAPMAN UNIVERSITY'S BRIEF IN OPPOSITION TO PLAINTIFF JOHN C. EASTMAN'S MOTION FOR EARLY DISCOVERY** <br><br> Judge: Hon. David O. Carter <br> Magistrate Judge: Hon. Douglas F. McCormick <br> Crtrm.: 9D <br> Trial Date: not set |

## I. INTRODUCTION

The Court should deny Plaintiff John Eastman's request for early discovery because he has not established a sufficient basis or need to engage in the early discovery he proposes, there are other ways the Court can further develop the issue of potential waiver based on Eastman's use of Chapman's email system for his representation of a the former President or his campaign, and because Eastman has not established that his need for the proposed discovery outweighs the prejudice to Chapman.

## II. ARGUMENT

Eastman cites two cases in support of his motion for leave to conduct early discovery; neither is applicable here. Both cases arise in the unique context of copyright infringement actions, where the plaintiff was seeking early leave to issue a third-party subpoena to ascertain the identity of the alleged infringer in order to proceed with its case. In *Malibu Media, LLC v. Doe*, 319 F.R.D. 299 (E.D. Cal. 2016) the plaintiff's motion was unopposed. The plaintiff asserted the third party subpoena was the only way to identify the account holder associated with the IP address of the alleged infringer. The court summarized Ninth Circuit precedent as providing: "Good cause exists where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." (Id. at 302.) Not surprisingly, the court held that the need to identify the alleged infringer, through the only means available for doing so, justified the issuance of the subpoena.

In *AF Holdings LLC v. Doe*, 2012 WL 6608993 (E.D. Cal. 2012), the court granted a request for early discovery in the same context, using the same balancing test. There, in balancing the need for the discovery in consideration of the administration of justice, the court noted that the plaintiff could not proceed with its case without the requested information and there was a compelling need for early discovery because the information might not be available later. Finally, the court

noted that it "would not seem to be excessively burdensome for the identified ISP to provide the information sought here." (Id. at 2.)

Here, Eastman has not established a compelling need to conduct early discovery. On the issue of Eastman's authorization to represent the former President, Eastman has provided evidence through his declaration, and Chapman's position has been presented to the Court. With respect to the time 2020 election, the Court already has the public statement of Chapman President Daniele Struppa on December 10, 2020, in direct reference to Eastman's representation of the former President, that "acting privately, Chapman faculty and staff are not free to use Chapman University's email address, physical address or telephone number in connection with the support of a political candidate." (See Congressional Defendants' Brief in Opposition to Plaintiff's Privilege Assertions, Dkt. No. 164-1 at 26:12-18, citing Dawn Bonker, President Struppa's Message on Supreme Court Case, Chapman University (Dec. 10, 2020), https://perma.cc/3CTG-4DBN.)

The Court also has the declaration of Chapman's General Counsel, that based on Chapman's policies and IRS regulations, "any use of Chapman's systems by Eastman to support a political campaign or candidate for elective office would have been improper and unauthorized." (DuMontelle declaration, Dkt. No 17-1 at 3:25-4:1.)

With respect to the 2000 election, Eastman's declaration states only that he was invited to testify before the Florida legislature, formally retained by that legislature, and "participated as an attorney" in election-related litigation. (Eastman declaration, Dkt. No. 132-1 at 3:3-8.) Eastman states that with the approval of the law school's then-dean, Parham Williams, he used Chapman's email system and Chapman law students "to assist with the research for my testimony before the Florida legislature and my ultimate retention by the Florida legislature for the drafting of legislation. . . ." (Id. at 3:9-18.) Eastman characterizes this work as being "in support of" George W. Bush, but notably, he does not say he was Bush's

lawyer.  (Ibid.) Eastman then says his efforts – specifically, his advice to and engagement by a state legislature – were applauded by the University.  (Ibid.)

None of this matters to the issue before this Court.  Eastman has never asserted he represented candidate Bush or his campaign, or that he asked for or was granted authorization to do so.  In his carefully-worded declaration, Eastman says the Dean and the University approved only of his efforts to advise the Florida legislature on election-related matters.  That is not even remotely similar to what Eastman did in late 2020 and early 2021 when he represented a presidential candidate and/or his campaign.  In any case, what happened 20 years ago under a different law school dean and different University president is of limited value in determining what Eastman was authorized to do in 2020 and 2021, especially where the Court already has a specific statement by President Struppa in December 2020 that directly addresses Eastman's use of Chapman resources to represent the former President in 2020.

To develop these marginally relevant facts, Eastman has asked to engage in a wide variety of discovery, including document requests, interrogatories, document requests, and an unspecified number of depositions.  This will take considerable time and impose significant burden and expense on Chapman.  If Eastman intends on deposing colleagues from his past when Eastman engaged in post-election activities in 2000, such as former Dean Williams, this would involve third parties.  For example, former Dean Williams is no longer employed by Chapman and lives outside of California.  Responding to discovery and attending multiple depositions, including out-of-state depositions, would be very expensive and burdensome for Chapman.

Finally, unlike the two cases upon which Eastman relies, engaging in time-consuming and costly discovery is not the only way for this Court to further develop the issue of whether Eastman was authorized to use Chapman's email system to represent the former President.  Counsel's statements during various hearings in this

action about whether Eastman was authorized to use Chapman's resources to represent the former President were all based upon information provided by witnesses with personal knowledge. Should the Court require information in addition to President Struppa's statement and General Counsel DuMontelle's declaration, Chapman can submit declarations from Matthew Parlow (the Dean of Chapman's law school during the period covered by the Select Committee's subpoena at issue in this proceeding), as well as the University's President in 2000 (Jams Doti) and former Dean Williams, confirming that they never authorized Eastman to use Chapman's resources to represent any candidate for elected office or their campaign.

### III.  CONCLUSION

The Court should deny Eastman's motion for early discovery. Alternatively, Chapman can provide declarations of the law school deans in 2000/2001 and 2020/2021, and the University's President in 2000/2001 attesting that they did not authorize, and would not have authorized, Eastman to represent a political candidate or campaign.

Dated:  March 18, 2022

PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP

By: ___/s/ *FRED M. PLEVIN*___
FRED M. PLEVIN
Attorneys for Defendant Chapman University