Anthony T. Caso (Cal. Bar #88561)
Email: atcaso@ccg1776.com
CONSTITUTIONAL COUNSEL GROUP
174 W Lincoln Ave # 620
Anaheim, CA 92805-2901
Phone: 916-601-1916
Fax: 916-307-5164

Charles Burnham (D.C. Bar# 1003464)*
Email: charles@burnhamgorokhov.com
BURNHAM & GOROKHOV PLLC
1424 K Street NW, Suite 500
Washington, D.C. 20005
Telephone: (202) 386-6920
* *admitted pro hac vice*

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| JOHN C. EASTMAN | Case No. 8:22-cv-00099-DOC-DFM |
| Plaintiff, | Judge: Hon. David O. Carter |
| vs. | Magistrate: Hon. Douglas F. McCormick |
| BENNIE G. THOMPSON, *et al.*, | Trial Date: Not set |
| Defendants. | |

## REPLY TO RESPONSES TO MOTION FOR EARLY DISCOVERY

## PROCEDURAL BACKGROUND

This matter is before the Court on Plaintiff John C. Eastman's request for limited early discovery on defendant Chapman University. ECF 231. The Congressional defendants and Chapman have filed oppositions to the request. ECF 232-237. Plaintiff here offers his reply to both oppositions.

## ARGUMENT

**I.   Reply to Chapman University's Response**

In response to Plaintiff's motion for early discovery, defendant Chapman argues that Plaintiff has not established "a compelling need to conduct early discovery." Resp. at 3. Chapman misstates the controlling standard. The Rule 26 standard is not "compelling need" but "good cause." *Cf., Malibu Media, LLC v. Does*, 319 F.R.D. 299, 302 (E.D.Ca. 2016) ("District courts in the Ninth Circuit have permitted expedited discovery prior to the Rule 26(f) conference upon showing of "good cause.") (collecting cases).

Chapman then argues that there is no need for discovery because:

[T]he Court already has the public statement of Chapman President Daniele Struppa on December 10, 2020, in direct reference to Eastman's representation of the former President that 'acting privately, Chapman faculty and staff are not free to use Chapman University's email address, physical address or telephone number in connection with the support of a political candidate.'

*Id*. (citing Congressional Defendants' Brief in Opposition to Plaintiff's Privilege Assertions, Dkt. No. 164-1 at 26:12-18, citing Dawn Bonker, President Struppa's Message on Supreme Court Case, Champman University (Dec 10, 2020), https://perma.cc/3CTG-4DBN).

The fact that Chapman has claimed Plaintiff's use of its email system was unauthorized does not moot the need for discovery any more than Plaintiff's claim that such use *was* authorized would moot the issue. Plaintiff is not arguing failure to state a claim. Plaintiff is arguing discovery will show that Chapman's claims are false, or at least call them into question. Plaintiff has controverted Chapman's claims that his representation of former President Trump was unauthorized in a declaration to the Court:

> Following [] well-established common practice, I prepared my complaint in intervention on behalf of President Trump using my official bar address at Chapman…I also consulted with the then-Dean of the Law School…he requested that, given the contentiousness of the post-election litigation, I exclude the "c/o Chapman University" from the signature block…[f]ar from being "unauthorized," therefore, the brief was submitted in line with prior precedent and common practice ant the University and with the advance knowledge of the Law School's Dean.

ECF 131, Ex. 1 at ¶ 17.

Thus, claims from Plaintiff and Chapman conflict on a potentially material point – whether Plaintiff's representation of then President Trump was "unauthorized." Limited discovery is needed to resolve this dispute of fact[1] to the extent this Court's ruling on privilege issues depends on this issue. Plaintiff asserts that Chapman University is in possession of ample evidence demonstrating the truth of Plaintiff's claim. Upon information and belief, members of the Chapman faculty and administration openly used their school email addresses and other University resources in support of: candidates for the Orange County City Council, candidates for the United States House and Senate, Presidential candidates, various partisan organizations, and other political causes. In certain instances, (again, upon information and belief) Chapman faculty emails were used to solicit *students* to volunteer on various political campaigns.

Discovery from Chapman will reveal that its current claims about "unauthorized" use of email by Plaintiff are an after-the-fact attempt to avoid bad publicity. It will reveal that Dr. Eastman's use of Chapman email was consistent with longstanding practice at the University and the explicit authorization of the then-Dean.

---

[1] Champan is at pains to tease out painfully fine distinctions between Plaintiff's involvement in the 2000 (celebrated by the University) versus his involvement in the 2016 election (condemned by the University). Resp. at 3-5. Meanwhile, Chapman totally ignores Plaintiff's claim that his representation of Donald Trump was undertaken in consultation with then Dean Matthew Parlow.

While largely sidestepping Plaintiff's argument for why early discovery is necessary, defendant Chapman does not offer any reason why it would be unduly prejudiced by early discovery. Chapman offers the conclusory statement that early discovery "will take considerable time and impose a significant burden and expense"[2] and raises the possibility that Plaintiff may wish to depose persons no longer employed by the school.[3] Resp. at 4. These bare assertions are not sufficient to outweigh need for this potentially decisive evidence. *Cf., Semitool, Inc. v. Tokyo Electron America, Inc.,* 208 F.R.D. 273, 277 (N.D. Cal. 2002) (allowing early discovery despite "some logistical inconvenience" to opposing party). Moreover, Plaintiff does not wish to depose any third parties.

## II. Reply to Congressional Defendants' Response

Congressional defendants argue that Plaintiff's request for *early* discovery is somehow being made *too late*. Resp. at 1-2. The congressional defendants cite no authority in support of this argument and do not even attempt to address Plaintiff's case for good cause. *Id*.

The congressional defendants also advance their oft-repeated claim that Plaintiff is seeking "to delay the Court's resolution of these issues" by failing to consent

---

[2] To the extent that discovery requests from Plaintiff do prove unduly burdensome to Chapman, Chapman is free to raise this objection in response to particular requests.

[3] Chapman's argument that early discovery would involve third parties would only apply to depositions. It would not apply to requests for admissions, requests for production of documents, or interrogatories.

at every turn to the defendants' demands. *Id*. at 2. Although the congressional defendants have so far refused to acknowledge this fact, Plaintiff is bound by the law to "maintain inviolate the confidence, and at every peril to himself or herself to preserve the secrets, of his or her client." California Business and Professions Code § 6068(e)(1).

Moreover, it is Plaintiff's earnest hope that this request results in *no* delay. As argued at the TRO and privilege hearings, it is Plaintiff's fundamental position that even assuming some violation of Chapman policies, there is no waiver of privilege or work production protection. Only if this Court decides that the privilege issues here do indeed turn on the particulars of Chapman' University's email policies will the discovery requested here become necessary.

## CONCLUSION

For the foregoing reasons and those offered in his original motion, Plaintiff respectfully requests leave of the Court to conduct early discovery.

| | | |
|---|---|---|
| March 22, 2022 | | Respectfully submitted, |

/s/*Anthony T. Caso*

Anthony T. Caso (Cal. Bar #88561)
CONSTITUTIONAL COUNSEL GROUP
174 W Lincoln Ave # 620
Anaheim, CA 92805-2901
Phone: 916-601-1916
Fax: 916-307-5164
Email:  atcaso@ccg1776.com


*/s/ Charles Burnham*
Charles Burnham (D.C. Bar # 1003464)
BURNHAM & GOROKHOV PLLC
1424 K Street NW, Suite 500
Washington, D.C. 20005
Email: charles@burnhamgorokhov.com
Telephone: (202) 386-6920


*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this filing has been served on opposing counsel by email.

By: */s/ Charles Burnham*
Charles Burnham
D. Md. Bar 12511
*Attorney for Defendant*
BURNHAM & GOROKHOV, PLLC
1424 K Street NW, Suite 500
Washington, DC 20005
(202) 386-6920 (phone)
(202) 265-2173 (fax)
Charles@burnhamgorokhov.com