/s/*Anthony T. Caso*

Anthony T. Caso (Cal. Bar #88561)
CONSTITUTIONAL COUNSEL GROUP
174 W Lincoln Ave # 620
Anaheim, CA 92805-2901
Phone: 916-601-1916
Fax: 916-307-5164
Email: atcaso@ccg1776.com

*/s/ Charles Burnham*

Charles Burnham (D.C. Bar # 1003464)
BURNHAM & GOROKHOV PLLC
1424 K Street NW, Suite 500
Washington, D.C. 20005
Email: charles@burnhamgorokhov.com
Telephone: (202) 386-6920

*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| JOHN C. EASTMAN<br><br>Plaintiff,<br><br>vs.<br><br>BENNIE G. THOMPSON, *et al.*,<br><br>Defendants. | Case No. 8:22-cv-00099-DOC-DFM |

**JOINT STATUS REPORT**

Plaintiff hereby submits the following joint status report to the Court:

**STATUS OF PRODUCTIONS AND CONSOLIDATED PRIVILEG LOG**

1. Pursuant to this Court's order of April 19, 2022 (ECF 328), Plaintiff has assembled a consolidated privilege log which lists the unresolved privilege claims, the Select Committee's objections, and plaintiff's brief responses to the objections. The privilege log is ready to be filed with the Court under seal and shared with opposing counsel pursuant to this Court's previously established procedures.

2. In preparing the consolidated privilege log, plaintiff has identified documents for which the claim of privilege could be withdrawn in light of this Court's March 28 ruling and other factors.[1] Plaintiff will withdraw privilege claims with respect to approximately 800 documents totaling over 10,000 pages. The documents will be produced to the Select Committee and accordingly are not included on the consolidated privilege log.

3. As detailed below, the congressional defendants have stated that they wish to "evaluate the remaining privilege claims" in light of plaintiff's withdrawal of a significant number of such claims and submit a proposal for next steps "no later than May 6."

---

[1] Plaintiff preserves in full his objections to the March 28 order, as stated in the briefs and at oral argument.

4. Plaintiff is prepared to submit the privilege log to the Court in its current form at this time. However, in light of the congressional defendants announced intention to evaluate the remaining privilege claims in light of plaintiff disclosures, plaintiff proposes to submit the consolidated privilege log after the congressional defendants have completed their review. This brief delay will hopefully result in a condensed privilege log to submit to the Court.

**REQUEST FOR LIMITED DISCOVERY ON THE CONGRESSIONAL DEFENDANTS TO RESOLVE REMAINING CLAIMS**

1. This Court's March 28 opinion ordered one item of privileged material produced to the Select Committee pursuant to the so-called crime/fraud exception to attorney client privilege and work product. As plaintiff argued to this Court at that time, the Select Committee has not denied that it is in possession of evidence which contradicts the factual findings underlying this Court's crime fraud ruling. *See*, ECF 172 (Plaintiff's Motion for Exculpatory Evidence).

2. In the weeks since the March 28 order, the Select Committee has continued to object to plaintiff's privilege claims on the ground that the materials in question might be susceptible to a crime fraud exception.

3. At the conclusion of final briefing in this matter, it is expected that the congressional defendants will again ask this Court to find by a preponderance of the evidence that materials for which plaintiff has claimed privilege were used to perpetuate crime or fraud. If this Court is to make such a finding, it is imperative

that *all* the material evidence be presented. The vast majority of this evidence is in the Select Committee's possession, inaccessible to Dr. Eastman.

4. For example, the congressional defendants presented evidence from former Acting Attorney General Jeffrey Rosen that President Trump was told by multiple advisors that material fraud and illegality occurred in the 2020 election. ECF 237 at 5 (Congressional Defendants' Response to Plaintiffs Brief in Support of Privilege Claims). Such evidence is directly contrary to this Court's March 28 finding that President Trump had been conclusively informed that there was no material fraud or illegality. ECF 260 at 5.

5. The testimony from Mr. Rosen is but one example of important evidence that the Select Committee is withholding from this Court. A fair resolution of this case requires that all such evidence be put before the Court for consideration.

6. Dr. Eastman therefore requests permission to serve a reasonable number of Requests for Admission, Requests for Documents, and Interrogatories on the congressional defendants.

7. On April 25, undersigned counsel conferred with counsel for the congressional defendants to attempt to reach agreement on discovery. The congressional defendants object to any discovery.

**REQUEST FOR ADDITIONAL DISCOVERY ON CHAPMAN UNIVERSITY TO RESOLVE REMAINING CLAIMS**

1. From the outset of this case, the congressional defendants have argued that Dr. Eastman somehow waived privilege over the materials at issue here through his use of a Chapman University email address.

2. To counter this argument, Dr. Eastman previously requested permission from the Court to conduct limited early discovery on defendant Chapman University. ECF 231.

3. The Court's March 28 order did not find any privilege waiver related to Dr. Eastman's use of Chapman email. The Court denied plaintiff's request for discovery as moot. ECF 238.

4. However, in the weeks since this Court's March 28 order, the congressional defendants have continued to raise this objection in response to Dr. Eastman's privilege claims. Undersigned counsel has conferred with counsel for the congressional defendants who did not indicate any intention at the time to abandon this argument. The issue is therefore expected to be put before the Court again during final briefing.

5. Dr. Eastman therefore renews his request, for the reasons stated in ECF 231, to conduct limited discovery on Chapman University.

**PROPOSED BRIEFING SCHEDULE**

1. As the Court will recall, resolution of the privilege claims relating only to the January 4-7 materials required substantial briefing from both parties.

2. The parties are now tasked with briefing the legal issues surrounding almost three months' worth of privileged materials, including addressing how this Court's March 28 order applies to the subsequent productions. This is a much more substantial undertaking than the preliminary round of briefing ordered by the Court.

3. Dr. Eastman is prepared to serve limited discovery on the congressional defendants by close of business on May 3 if permitted by the Court. Dr. Eastman requests a period of two weeks following receipt of responses to the discovery to file his opening brief.

4. If this Court is not inclined to permit time for discovery, Dr. Eastman requests at at least two weeks to prepare his opening brief.

5. Dr. Eastman requests 10 days to prepare his reply brief. As the Court will recall, the congressional defendants raised novel and fact-intensive claims in their response to Dr. Eastman's preliminary brief in support of Jan 4-7 privilege claims. The reply brief in this case is therefore likely to be a major undertaking.

6. Dr. Eastman will defer to the Court on an appropriate time for defendants' response.

**POSITION OF THE CONGRESSIONAL DEFENDANTS**

1. The congressional defendants have communicated their position to undersigned counsel as follows:

> It is the Select Committee's position that no discovery is warranted in this case. Furthermore, in light of representations made by Plaintiff's counsel and the anticipated withdrawal of a significant number of privilege claims, the Select Committee respectfully requests additional time to review the new documents and evaluate the remaining privilege claims. The Select Committee will file a notice with the Court with a proposal for next steps by no later than May 6.

April 29, 2022                              Respectfully submitted,


/s/*Anthony T. Caso*

Anthony T. Caso (Cal. Bar #88561)
CONSTITUTIONAL COUNSEL GROUP
174 W Lincoln Ave # 620
Anaheim, CA 92805-2901
Phone: 916-601-1916
Fax: 916-307-5164
Email: atcaso@ccg1776.com


*/s/ Charles Burnham*
Charles Burnham (D.C. Bar # 1003464)
BURNHAM & GOROKHOV PLLC
1424 K Street NW, Suite 500
Washington, D.C. 20005
Email: charles@burnhamgorokhov.com
Telephone: (202) 386-6920


*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this filing has been served on opposing counsel by em.

By: */s/ Charles Burnham*
Charles Burnham
D. Md. Bar 12511
*Attorney for Defendant*
BURNHAM & GOROKHOV, PLLC
1424 K Street NW, Suite 500
Washington, DC 20005
(202) 386-6920 (phone)
(202) 265-2173 (fax)
Charles@burnhamgorokhov.com