/s/*Anthony T. Caso*

Anthony T. Caso (Cal. Bar #88561)
CONSTITUTIONAL COUNSEL GROUP
174 W Lincoln Ave # 620
Anaheim, CA 92805-2901
Phone: 916-601-1916
Fax: 916-307-5164
Email: atcaso@ccg1776.com


/s/ *Charles Burnham*

Charles Burnham (D.C. Bar # 1003464)
BURNHAM & GOROKHOV PLLC
1424 K Street NW, Suite 500
Washington, D.C. 20005
Email: charles@burnhamgorokhov.com
Telephone: (202) 386-6920

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| JOHN C. EASTMAN, <br><br> Plaintiff, <br><br> vs. <br><br> BENNIE G. THOMPSON, *et al.*, <br><br> Defendants. | Case No. 8:22-cv-00099-DOC-DFM |

# PLAINTIFF'S MOTION FOR EXTENSION OF TIME AND RENEWED REQUEST FOR DISCOVERY

Plaintiff hereby submits the following request for extension of time to file updated privilege log and renewed request for discovery.:

## REQUEST FOR BRIEF EXTENSION OF TIME TO FILE REVISED PRIVILEGE LOG

1. The congressional defendants maintain objections to 721 documents for which Dr. Eastman has claimed privilege or work production protection (2,945 pages)("the disputed documents").

2. After doing a preliminary review of the remaining disputed documents, Plaintiff believes the disputes can be further narrowed.

3. For certain documents, Plaintiff may be able unilaterally to withdraw the privilege claim. For other documents, undersigned counsel may be able to offer a limited attorney proffer to the congressional defendants in hopes they may reconsider their privilege challenges. There may also be documents Plaintiff could disclose subject to a protective order.

4. Undersigned counsel has discussed these possibilities for further narrowing of the privilege log with counsel for the congressional defendants. The congressional defendants' take no position on Plaintiff's request for an extension of time to complete the privilege log.

5. Plaintiff requests that the deadline for filing a joint consolidated privilege log be extended to Thursday May 12 at 4pm PDT to allow the parties to have further discussions.

**RENEWED REQUEST FOR DISCOVERY**

1. Following preliminary review of the disputed documents, Plaintiff hereby renews his request for limited discovery of the defendants.

2. Pursuant to Rule 26(j), Plaintiff has conferred with all defendants but was unable to secure an agreement for discovery with any defendant.

3. Of the 721 documents still in dispute, the congressional defendants have retained their objection that the privileges Dr. Eastman has asserted were waived by what it continues to assert was "unauthorized" use of Chapman University's email system for all but three of those documents. Plaintiff submits that a limited number of requests for admission, interrogatories, and requests for documents submitted to Chapman University will put to rest the congressional defendants' continued objection on this score.

4. The congressional defendants have also raised the possibility of the crime-fraud exception to privilege claims with respect to 135 of the remaining 721 documents in dispute.

5. In its May 6 notice, the congressional defendants asserted that discovery was inappropriate because Plaintiff is in the best position to present evidence to rebut the assertion that his legal advice was used to further a crime or fraud. ECF. 336

at 3 (citing Court order at ECF 182 at 2). But this cannot include the privileged material itself, lest the privilege be destroyed in the effort to preserve it. *See, United States v. Zolin*, 491 U.S. 554, 572 (1989)("Before engaging in *in camera* review to determine the applicability of the crime-fraud exception, the judge should require a showing of a factual basis adequate to support a good faith belief by a reasonable person that in camera review of the materials may reveal evidence to establish the claim that the crime-fraud exception applies").

6. Moreover, the crime-fraud analysis focuses on the *client's* use of attorney advice. *In re Grand Jury Investigation*, 810 F.3d 1110, 1113 (9th Cir. 2016). The Select Committee is in possession of vastly more evidence on the activities of former President Trump in the 2020 election than Dr. Eastman or any other private citizen. The Select Committee is manifestly in the "best position" to provide evidence relevant to the crime-fraud questions.

7. Finally, as this Court held (subsequent to the order on which the congressional defendants relied), "[t]he party seeking disclosure must prove the crime-fraud exception applies by a preponderance of the evidence." Order Re Privilege, ECF 260 at 30 (*citing In re Napster, Inc,, Copyright Litig*., 479 F.3d 1078, 1094-95 (9th cir. 2007), *abrogated on other grounds by Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100 (2009) and Fed. R. Evid. 104(a)). If, as Plaintiff has good reason to believe, the Select Committee is in possession of evidence that directly contradicts its assertion of the crime-fraud exception, it cannot meet the "preponderance of the

evidence" standard by cherry-picking the evidence that it presents to this Court. The key issue is whether former President Trump acted with "corrupt intent" in reciting claims of illegality and fraud in the conduct of the election. That *some* people had advised the former President that there was no such evidence cannot meet the "preponderance" standard if there is more evidence that there was illegality or fraud. Or, to put it in the terms used by the Supreme Court in *Zolin*, the Select Committee's assertion of the crime-fraud exception would not be in "good faith" if it was sitting on evidence that contradicted it.

8. In the face of the Select Committee's continued assertion of a crime-fraud exception, Plaintiff therefore requests that he be permitted to serve on the Select Committee a limited number of requests for admission, interrogatories, and requests for documents narrowly tailored to this specific issue. The Select Committee need not avail itself of the normal 30 days in which to respond to discovery requests, but can reply on an expedited basis. Plaintiff will then review the materials on an expedited basis and prepare its opening brief based on that review, and proposes a deadline of 10-14 days after receipt of the Select Committee's discovery responses.

For the foregoing reasons, Plaintiff respectfully requests that this Court extend the deadline to submit a consolidated privilege log until Thursday May 12 at 4pm PDT and for this Court to authorize reasonable discovery to resolve the remaining disputed issues..

May 10, 2022                                    Respectfully submitted,


/s/*Anthony T. Caso*

Anthony T. Caso (Cal. Bar #88561)
CONSTITUTIONAL COUNSEL GROUP
174 W Lincoln Ave # 620
Anaheim, CA 92805-2901
Phone: 916-601-1916
Fax: 916-307-5164
Email:  atcaso@ccg1776.com


*/s/ Charles Burnham*
Charles Burnham (D.C. Bar # 1003464)
BURNHAM & GOROKHOV PLLC
1424 K Street NW, Suite 500
Washington, D.C. 20005
Email: charles@burnhamgorokhov.com
Telephone: (202) 386-6920



*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this filing has been served on opposing counsel by ecf.

By: <u>*/s/ Charles Burnham*</u>
Charles Burnham
D. Md. Bar 12511
*Attorney for Defendant*
BURNHAM & GOROKHOV, PLLC
1424 K Street NW, Suite 500
Washington, DC 20005
(202) 386-6920 (phone)
(202) 265-2173 (fax)
Charles@burnhamgorokhov.com
