**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 22-00099-DOC-DFM                                    Date:  May 10, 2022

Title: JOHN EASTMAN V. BENNIE THOMPSON ET AL.

PRESENT:

**THE HONORABLE DAVID O. CARTER, JUDGE**

| Deborah Lewman | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**   **ORDER RE: MOTION FOR EXTENSION OF TIME AND RENEWED REQUEST FOR DISCOVERY [340]**

On Monday, May 9, 2022, Defendant Select Committee to Investigate the January 6th Attack on the United States Capitol ("Select Committee") submitted to the Court and Plaintiff Dr. John Eastman the Bates numbers of the 721 documents for which the Select Committee requests *in camera* review. *See generally* Dkt. 339. On Tuesday, May 10, 2022, Dr. Eastman stated that he believed the disputes could be further narrowed and accordingly requested that he have until May 12 at 4 pm Pacific Time to finalize his consolidated privilege log. Motion for Extension of Time and Renewed Request for Discovery ("Mot.") (Dkt. 340) at 2-3. On these representations, the Court **GRANTS** Dr. Eastman's Motion for Extension of Time and **ORDERS** Dr. Eastman to submit his final consolidated privilege log by May 12 at 4 pm Pacific Time. The Court will not allow further continuances for Dr. Eastman to produce his privilege log.

Dr. Eastman also renewed his request to conduct limited discovery of the Select Committee and Chapman University. *Id.* at 3-6. Dr. Eastman seeks discovery to address the Select Committee's arguments regarding Dr. Eastman's potentially unauthorized use

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 22-00099-DOC-DFMDate: May 10, 2022
Page 2

of Chapman University email, and the applicability of the crime-fraud exception. *Id.* at 3-6.

The Court previously determined that the existing evidence was sufficient to decide whether Dr. Eastman waived his privilege by using Chapman University email. Order Re: Privilege of Documents Dated January 4-7, 2021 (Dkt. 260) at 15-20, 29. Dr. Eastman may use his future briefing and any attached declarations or exhibits to address any new issues that the new emails may raise. Thus, discovery on the issue of Dr. Eastman's potentially unauthorized use of Chapman email is unwarranted, and the Court **DENIES** Dr. Eastman's request for such discovery.

As for Dr. Eastman's request for discovery related to the crime-fraud exception, the Court maintains that "Dr. Eastman is the architect of his own pleadings and may present any evidence in his possession to defend his privilege claims." Order Denying Motion for Exculpatory Evidence (Dkt. 182) at 2. This evidence need not be the privileged material itself, as Dr. Eastman contends; instead, Dr. Eastman may submit his own declaration, declarations from his alleged co-counsel and colleagues, and exhibits to support his arguments. Dr. Eastman argues that he is not best positioned to comment on his client, President Trump's, intent. Mot. at 4-5. However, even where the client's intent is at issue, "the best evidence [for purposes of the crime-fraud exception] is likely to be in the hands of the party invoking the privilege." *In re Napster, Inc. Copyright Litig.*, 479 F.3d 1078, 1090–91 (9th Cir. 2007), *abrogated on other grounds by Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100 (2009). This is particularly true here, where Dr. Eastman was privy to who and what was being communicated to President Trump from various advisors and experts. *See* Declaration of Dr. John Eastman (Dkt. 131-1) ¶¶ 24-30 (attesting to working with co-counsel to represent President Trump in election litigation; collaborating with "other supporters" and "academic advisers" as a member of the Election Integrity Working Group; "communicat[ing] extensively with statistical and other experts to analyze voting anomalies;" and engaging with various state legislators on their authority to choose presidential electors). As such, the Court **DENIES** Dr. Eastman's request for discovery related to the crime-fraud exception.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11
CIVIL-GENInitials of Deputy Clerk: djl