1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
5140 O'Neill House Office Building
Washington, D.C. 20515

SHER TREMONTE LLP
90 Broad Street, 23rd Floor
New York, New York 10004

ARNOLD & PORTER
601 Massachusetts Ave, NW
Washington, D.C. 20001

Counsel for the Congressional Defendants

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

JOHN C. EASTMAN

Plaintiff,

vs.

BENNIE G. THOMPSON, *et al.*,

Defendants.

Case No. 8:22-cv-00099-DOC-DFM

# Exhibit C

**To:** [ PIISC ] [ PIISC ]@poarc.com]
**From:** Eastman, John[/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=EF57960F4B3F4F78ADD3572F352C6AD0-JEASTMAN]
**Sent:** Thur 12/3/2020 9:07:24 AM (UTC-07:00)
**Subject:** RE: How are you feeling?

Finished the [ PIISC ] article; interesting.  Then got about 2/3 of the way through your latest draft when I got a call to testify before the Georgia Legislature today.  So I had to shift gears.  Will call tomorrow or some time over the weekend.

Topics to discuss:  We have to think through what exactly our goal is, and not make claims that run contrary to it.  i.e., if our goal is to confirm that the 12th Amendment confers dispositive authority on the President of the Senate to decide which slate to count, our position with the Court should be that it is a non-justiciable political question—and we would raise that in opposition to Dem litigation, not in litigation of our own.

John

**From:** [ PIISC ] < [ PIISC ]@poarc.com>
**Sent:** Wednesday, December 2, 2020 2:52 PM
**To:** Eastman, John <jeastman@chapman.edu>
**Subject:** Re: How are you feeling?

Let's set up a time.  When do you plan to call?

> On Dec 1, 2020, at 2:51 PM, Eastman, John <jeastman@chapman.edu> wrote:
>
> I'm in class (via zoom).  Will try to connect with you tomorrow.
>
> John

**From:** [ PIISC ] < [ PIISC ]@poarc.com>
**Sent:** Tuesday, December 1, 2020 12:54 PM
**To:** Eastman, John <jeastman@chapman.edu>
**Subject:** How are you feeling?

Dr. Eastman,

How are you feeling?  Are you still bedridden?

President Trump said standing issues are preventing the Trump legal team's lawsuits from going forward in Pennsylvania.  He said he's told that he himself does not have standing.  His greatest case ever, may not reach the U.S. Supreme Court. [ PIISC ] asked President Trump, "Is there a path to victory"  His answer was, "I hope so."  President Trump does not sound at all certain or confident.  It sounds like they _urgently_ need your help.  How are you involved in this?

Also, could we finish our letter this week, so that it's timely for the other members of President Trump's legal team?

It sounds like the election challenges are falling apart at the state level.  If you are working on this, then this certainly needs your immediate attention.

Noting that the above work takes priority, there are significant gaps in the 79 Days Report that leave President Trump's legal team unprepared.  This work addresses those gaps.  I understand the urgency of what you are working on.  Yet, our letter is absolutely crucial to ensure the President's victory.  Since the legal team is struggling in the battle at the state level, it shows that they will be unprepared for the battle in Congress.  I hope that you can find a way to work on the attached letter in parallel with your other work.

I am concerned that if we delay our work to the point that it would not be timely for the recipients, and therefore would be useless, that would make both of us look foolish.  I believe that if we do not provide our letter to President

Trump so that he may transmit it to the rest of the legal team by December 7, given the holidays and the January 6 deadline, the letter would arrive too late to be timely or useful. That would be unconscionable and must not be allowed to happen.

<u>All of this is urgent</u>. Recognizing the tumultuousness of all that is happening, when would you be able to work on this letter?

PIISC

On Nov 10, 2020, at 6:12 AM, Eastman, John <jeastman@chapman.edu> wrote:

PIISC,

I've read it quickly. Haven't had a chance to go back to our report. I'm working 'round the clock, as is everyone else, on the current tabulations and litigation. This has a bit of breathing room. If you can't wait until I can devote the time necessary, then just move on without me.

**From:** PIISC < PIISC @poarc.com>
**Sent:** Tuesday, November 10, 2020 7:00 AM
**To:** Eastman, John <jeastman@chapman.edu>
**Subject:** Re: Moving Forward

It would help me to know that you have fully read my email below, so that I know that you are aware of the issues that you will need to address. Then, I will wait for you to address them. Have you fully read my email below?
Bruce

On Nov 9, 2020, at 6:36 AM, Eastman, John <jeastman@chapman.edu> wrote:

I know. And I'm part of the legal team. Only so many hours in a day. I will turn back to our project just as soon as I am able.

**From:** PIISC < PIISC @poarc.com>
**Sent:** Monday, November 9, 2020 7:04 AM
**To:** Eastman, John <jeastman@chapman.edu>
**Subject:** Moving Forward

P.S. PIISC said that the Trump legal team is seeking relief in multiple states to enjoin the certification of election results. This legal fight is headed to the subject of our work below. I believe that for President Trump's legal team to have time to prepare, it is time for us to act.

Dr. Eastman,

Thank you for sending me a copy of the 79 Days to Inauguration Taskforce Report. This is the first time that you mentioned it. I reviewed the Report, and would like to discuss it.

The Report simulates post-election outcomes very well, up until the final two weeks. Several published post-election outcomes for the final two weeks were not addressed. Also, the Report raises uncertainties without providing the recommendations that would allow President Trump's legal team to better prepare for these uncertainties. The intent of my letter is to address these outcomes and provide these legal recommendations.

- PIISC , professor of law at The Ohio State University, is a legal consultant for the Transition Integrity Project (TIP). TIP was referenced by the Report. Foley's related legal article, "Preparing for a Disputed Presidential Election: An Exercise in Election Risk Assessment and Management," should have been addressed by the Report, but was overlooked. Likewise, the Transition Integrity

Project's Game One and Game Three legal outcomes were overlooked. In addition, the Report states, "There are two areas of uncertainty at the late stage of a contested election," but fails to provide recommendations for the President to resolve these uncertainties. My letter addresses the legal outcomes of Foley's article, the Transition Integrity Project's Game One and Game Three legal outcomes, and the missing recommendations for the two areas of uncertainty.

• The Report states, "The Claremont-TPPF effort produced a detailed roadmap…in the unlikely event that the Electoral College cannot determine a winner, how a President and Vice President could be constitutionally determined." The Report neglects to include this detailed roadmap. The Report also lacks an appendix of legal citations for the January 6 to January 20 timeframe, equivalent to Appendix A's December 14 to present timeframe. My letter provides the detailed roadmap.

• If Democrats don't win in the canvass, they have indicated that they plan to win in the joint session of Congress, by challenges and disruption in the count of electoral votes. The "uncertainty" raised by the Report will not be uncertain, once Democrats are through in the final two weeks. My letter will help avert a deer in the headlights moment for Republicans. As the Report recommends: "Legal arguments need to be anticipated and prepared now."

In order to be useful and practical for the President, the letter provides solutions and recommendations to the problems, outcomes, and uncertainties that have been raised. The letter provides comprehensive recommendations. It is good to be prepared for all eventualities.

PIISC , a law professor at Georgetown University who co-founded and helped convene the Transition Integrity Project, said, "One big takeaway is that leaders really need to know what exactly their powers are, and what the powers of others are, and think through some of these options in advance. Because if things go bad, they'll go bad very quickly, and people will have to make decisions in an hour, not in a week." We can do no less than this for President Trump, to secure his election victory.

I attached my revised comments in red below.
The Congressional Research Service provides helpful articles on seating Senate Members and House Members.

Please feel free to call me if you would like additional information or if there is something that you would like to clarify. I look forward to hearing from you and to seeing this through to fruition.

PIISC

> On Oct 24, 2020, at 2:13 PM, Eastman, John <jeastman@chapman.edu> wrote:
>
> PIISC
>
> As I think I mentioned a while back, I have also been involved in a major war game simulation raising many of these issues. I have it on pretty good authority that the report of that effort is already before the President and his team.
> See https://www.claremont.org/79daysreport.pdf.
>
> I am already up to my eyeballs in various litigations, including an opening brief in a major appeal due next Wednesday. I'll try to look at your further revisions thereafter just as soon as I can.
>
> John

**From:** PIISC <PIISC @poarc.com>
**Sent:** Saturday, October 24, 2020 3:04 PM
**To:** Eastman, John <jeastman@chapman.edu>
**Subject:** What are your thoughts on PIISC 's comments?

P.S. P.S. Even if President Trump wins in a landslide, Democrats can still win through shenanigans in the count of electoral votes in the joint session of Congress. "I consider it completely unimportant who in the party will vote, or how; but what is extraordinarily important is this – who will count the votes, and how," said Joseph Stalin (Boris Bazhanov, "Memoirs of Stalin's Former Secretary"). I would rather see President Trump prepared for an eventuality that does not occur, than to see President Trump unprepared for an eventuality that does occur. Ideally, I hope that our work will prepare President Trump for an eventuality that does in fact occur.

P.S. Given the dearth of conservative/Republican articles discussing the Democrats' planned disruption of the joint session of Congress on January 6 to 20, I believe that our letter will be exceptionally useful for President Trump. If Democrats don't win at the ballot box, they plan to win at the joint session of Congress by challenges and disruption. President Trump needs to be prepared for this. President Trump's Administration is filled with Never Trumpers, so he may not otherwise receive the recommendations we provide.

I attached my revised comments in blue below.

What are your thoughts on PIISC 's comments below?

Dr. Eastman,

I appreciate your taking time on this. Crazy times - you made good points about a super-legislature, Trump's Supreme Court nominations, and court packing on The Ingraham Angle.

The idea for injunctions arises, as it seems the only means possible to resolved disputed constitutional and statutory issues raised by Never Trumper PIISC in his article "Preparing for a Disputed Presidential Election: An Exercise in Election Risk Assessment and Management." These issues appear unsettled, and open to legal challenges. The purpose of this letter is to establish a clear, undisputed, constitutional path to navigate these legal challenges in the decisive final two weeks and to achieve victory for the President.

Thank you for your scholarly insights on this.

PIISC

> On Oct 16, 2020, at 11:43 AM, Eastman, John <jeastman@chapman.edu> wrote:
>
> Crazy times. Sorry to be slow.
>
> You've taken this a different direction that was set out in our early discussions, and I cannot go along with it as it currently stands. Mainly, you have placed much too much stock in getting injunctions from the Supreme Court, with requests that are not supported by statutory or

constitutional text or on matters for which the Constitution gives the last word elsewhere.

My specific concerns are outlined in the attached.

John

**From:** PIISC < PIISC @poarc.com>
**Sent:** Friday, October 16, 2020 12:25 PM
**To:** Eastman, John <jeastman@chapman.edu>
**Subject:** How does your schedule look now?

| External Message |
| --- |

Dr. Eastman,

Just keeping abreast, not pressing. How does your schedule look now for having time to review and edit our email?

PIISC

PIISC
Property Owners Association of Riverside County
PIISC
PIISC @poarc.com
www.poarc.com

**NOTE: This email originated from outside Chapman's network. Do not click links or open attachments unless you recognize the sender and know content is safe.**

PIISC
Property Owners Association of Riverside County
PIISC
PIISC @poarc.com
www.poarc.com