|   |   |
|---|---|
| 1 | OFFICE OF GENERAL COUNSEL |
|   | U.S. HOUSE OF REPRESENTATIVES |
| 2 | 5140 O'Neill House Office Building |
|   | Washington, D.C. 20515 |
| 3 |   |
| 4 | SHER TREMONTE LLP |
|   | 90 Broad Street, 23rd Floor |
| 5 | New York, New York 10004 |
| 6 | ARNOLD & PORTER |
|   | 601 Massachusetts Ave, NW |
| 7 | Washington, D.C. 20001 |
| 8 |   |
| 9 | Counsel for the Congressional Defendants |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| JOHN C. EASTMAN, | Case No. 8:22-cv-00099-DOC-DFM |
|---|---|
| Plaintiff, |   |
| vs. |   |
| BENNIE G. THOMPSON, *et al.*, |   |
| Defendants. |   |

# Exhibit F

**From:** Eastman, John
**Sent:** Wednesday, December 23, 2020 10:16 AM MST
**To:** <PIISC @donaldtrump.com>
**CC:** Kenneth Chesebro <PIISC @msn.com>
**Subject:** FW: Draft 2, with edits
**Attachment(s):** "PRIVILEGED AND CONFIDENTIAL -- Dec 23 memo on Jan 6 scenario.docx"

PIISC

I'm fine with all of Ken's edits. They had not come through to me on the last round. Here's the final.

As for hearings, I think both are unnecessary. The fact that we have multiple slates of electors demonstrates the uncertainty of either. That should be enough. And I agree with Ken that Judiciary Committee hearings on the constitutionality of the Electoral Count Act could invite counter views that we do not believe should constrain Pence (or Grassley) in the exercise of power they have under the 12th Amendment. Better for them just to act boldly and be challenged, since the challenge would likely lead to the Court denying review on nonjusticiable political question grounds.

John

---

**From:** PIISC @msn.com>
**Sent:** Wednesday, December 23, 2020 9:36 AM
**To:** Eastman, John <jeastman@chapman.edu>
**Subject:** Draft 2, with edits

**External Message**

Really awesome.

NOTE: This email originated from outside Chapman's network. Do not click links or open attachments unless you recognize the sender and know content is safe.

**PRIVILEGED AND CONFIDENTIAL**

January 6 scenario

7 states have transmitted dual slates of electors to the President of the Senate.

The 12th Amendment merely provides that "the President of the Senate shall, in the presence of the Senate and House of Representatives, open all the certificates and the votes shall then be counted." There is very solid legal authority, and historical precedent, for the view that the President of the Senate does the counting, including the resolution of disputed electoral votes (as Adams and Jefferson did while Vice President, regarding their own election as President), and all the Members of Congress can do is watch.

The Electoral Count Act, which is likely unconstitutional, provides:

> If more than one return or paper purporting to be a return from a State shall have been received by the President of the Senate, those votes, and those only, shall be counted which shall have been regularly given by the electors who are shown by the determination mentioned in section 5 of this title to have been appointed, if the determination in said section provided for shall have been made, or by such successors or substitutes, in case of a vacancy in the board of electors so ascertained, as have been appointed to fill such vacancy in the mode provided by the laws of the State; but in case there shall arise the question which of two or more of such State authorities determining what electors have been appointed, as mentioned in section 5 of this title, is the lawful tribunal of such State, the votes regularly given of those electors, and those only, of such State shall be counted whose title as electors the two Houses, acting separately, shall concurrently decide is supported by the decision of such State so authorized by its law; and in such case of more than one return or paper purporting to be a return from a State, if there shall have been no such determination of the question in the State aforesaid, then those votes, and those only, shall be counted which the two Houses shall concurrently decide were cast by lawful electors appointed in accordance with the laws of the State, unless the two Houses, acting separately, shall concurrently decide such votes not to be the lawful votes of the legally appointed electors of such State. But if the two Houses shall disagree in respect of the counting of such votes, then, and in that case, the votes of the electors whose appointment shall have been certified by the executive of the State, under the seal thereof, shall be counted.

This is the piece that we believe is unconstitutional. It allows the two houses, "acting separately," to decide the question, whereas the 12th Amendment provides only for a joint session. And if there is disagreement, under the Act the slate certified by the "executive" of the state is to be counted, regardless of the evidence that exists regarding the election, and

regardless of whether there was ever fair review of what happened in the election, by judges and/or state legislatures.

So here's the scenario we propose:

1. VP Pence, presiding over the joint session (or Senate Pro Tempore Grassley, if Pence recuses himself), begins to open and count the ballots, starting with Alabama (without conceding that the procedure, specified by the Electoral Count Act, of going through the States alphabetically is required).

2. When he gets to Arizona, he announces that he has multiple slates of electors, and so is going to defer decision on that until finishing the other States. This would be the first break with the procedure set out in the Act.

3. At the end, he announces that because of the ongoing disputes in the 7 States, there are no electors that can be deemed validly appointed in those States. That means the total number of "electors appointed" – the language of the 12th Amendment -- is 454. This reading of the 12th Amendment has also been advanced by Harvard Law Professor Laurence Tribe ([here](#)).  A "majority of the electors appointed" would therefore be 228.  There are at this point 232 votes for Trump, 222 votes for Biden. Pence then gavels President Trump as re-elected.

4. Howls, of course, from the Democrats, who now claim, contrary to Tribe's prior position, that 270 is required.  So Pence says, fine.  Pursuant to the 12th Amendment, no candidate has achieved the necessary majority.  That sends the matter to the House, where the "the votes shall be taken by states, the representation from each state having one vote . . . ."  Republicans currently control 26 of the state delegations, the bare majority needed to win that vote.  President Trump is re-elected there as well.

5. One last piece.  Assuming the Electoral Count Act process is followed and, upon getting the objections to the Arizona slates, the two houses break into their separate chambers, we should not allow the Electoral Count Act constraint on debate to control.  That would mean that a prior legislature was determining the rules of the present one — a constitutional no-no (as Tribe has forcefully argued).  So someone – Ted Cruz, Rand Paul, etc. – should demand normal rules (which includes the filibuster).  That creates a stalemate that would give the state legislatures more time to weigh in to formally support the alternate slate of electors, if they had not already done so.

6. The main thing here is that Pence should do this without asking for permission – either from a vote of the joint session or from the Court. Let the other side challenge his actions in court, where Tribe (who in 2001 conceded the President of the Senate might be in charge of counting the votes) and others who would press a lawsuit would have their past position -- that these are non-justiciable political questions – thrown back at them, to get the lawsuit dismissed. The fact is that the Constitution assigns this power to the Vice President as the ultimate arbiter. We should take all of our actions with that in mind.