Anthony T. Caso (Cal. Bar #88561)
Email: atcaso@ccg1776.com
CONSTITUTIONAL COUNSEL GROUP
174 W Lincoln Ave # 620
Anaheim, CA 92805-2901
Phone: 916-601-1916
Fax: 916-307-5164

Charles Burnham (D.C. Bar# 1003464)*
Email: charles@burnhamgorokhov.com
BURNHAM & GOROKHOV PLLC
1424 K Street NW, Suite 500
Washington, D.C. 20005
Telephone: (202) 386-6920
* *admitted pro hac vice*

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| JOHN C. EASTMAN,<br><br>*Plaintiff*,<br>vs.<br><br>BENNIE G. THOMPSON, *et al.*<br>*Defendants* | Case No.: 8:22-cv-00099-DOC-DFM<br><br>**PLAINTIFF'S RULE 60(a) MOTION FOR CORRECTIONS BASED ON CLERICAL MISTAKES; OVERSIGHTS AND OMISSIONS**<br><br>Judge: Hon. David O. Carter<br>Magistrate Judge: Hon. Douglas F. McCormick<br>Crtrm.: 9D<br>Trial Date: not set |

# INTRODUCTION

Dr. John Eastman is on track to turn over all non-protected documents by Monday, June 13, 2022, in accordance with this Court's most recent Order.[1] As he reviews materials for disclosure, Dr. Eastman has encountered several discrepancies in the Court's order addressing the documents he must disclose. Dr. Eastman seeks correction or clarification of several issues so that he may fully comply with the Court's decision. In the alternative, Dr. Eastman asks the Court to allow redaction of the names of experts and agents whom he engaged with in emails that he must now produce. In support of this motion, he asserts the following:

# ARGUMENT

"The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Due to the rapid pace of this litigation, a few points are bound to slip through the cracks. In order that he may comply with this Court's order while maintaining his duties to protect client confidences, Dr. Eastman seeks clarification on the following oversights or mistakes.

## I. The Court Ordered Dr. Eastman to Disclose Client Communications that, In Context, Specifically Direct His Legal Work.

The Court Ordered Dr. Eastman to produce three communications directly from Dr. Eastman's client Donald Trump.[2] The Court identified these documents as news articles, photos, and a note about the size of President Trump's Rally. ECF 356 at 14. There is an oversight as to the date these documents were sent: December 7, 2020. Viewed in this context, President Trump was giving Dr. Eastman direction for framing the brief on one of his legal challenges: Motion to Intevene,

---

[1] Dr. Eastman is producing these documents today: 06854; 06855; 20142; 22679; 23532; 23539; 23542; 23551; 23552; 23582; 23638; 23998; 24716; 24760; 24762; 24893; 24897; 24905; 24906; 25035; 26075; 30038; 30118; 30119; 31209; 31598; 31602; 31628; 31634; 31635; 32071; 32072; 51059; 51291; 52958; 53452; 56980; 57425; 57790; 61666; 61724; 61764; 61767; 61768; 61862; 61868; 62657; 62776; 62841; 62842; 62844; 62858; 62859; 62861; 62863; 62865; 62868.

[2] 25167; 25170; 25905.

PLAINTIFF'S RULE 60(A) MOTION FOR CORRECTIONS BASED ON CLERICAL MISTAKES; OVERSIGHTS AND OMISSIONS - 2

*Texas v. Pennsylvania*, No. 22O155 (S.Ct., filed Dec. 9, 2020). The fruits of the client's direction were incorporated into the brief.

### II. The Court's Finding that a State Legislator's Request for Legal Advice Created Attorney-Client Privilege Applies Equally to the 3 Other Attorneys on the Email Exchange

The Court found that three documents[3] involved a Georgia legislator "making explicit legal inquiries to Dr. Eastman and are therefore for the purpose of legal advice," ECF 356 at 15 n.91, and that a fourth[4] included a non-privileged discussion about a zoom meeting that had to be produced with the prior privileged discussion redacted. *Id.* at 15 n.92. But the Court later held that the three prior emails in the thread,[5] which had already been determined to be "for the purpose of legal advice," had to be disclosed because "there are four other people on the emails whom Dr. Eastman identifies as 'attorneys working for the Trump legal team.'" ECF 356 at 18. Dr. Eastman apologizes to the Court for the confusion he seems to have created, but as the emails themselves reflect, the request for legal advice from the Georgia legislator was addressed to "All" of the 4 attorneys copies on the email, not just Dr. Eastman. For the same reason the Court found them to be attorney-client privileged with respect to Dr. Eastman, therefore, they are also attorney-client protected with respect to "All" the other attorneys on the email from whom the Georgia legislator was seeking legal advice. That they, like Dr. Eastman, were also part of former President Trump's legal team on other matters does not alter that, in this case, they were asked by the Georgia legislator for legal advice. All four documents are therefore covered by the attorney-client privilege.

---

[3] 62674; 62675; 62698.

[4] 62706.

[5] 62674; 62675; 62698.

PLAINTIFF'S RULE 60(A) MOTION FOR CORRECTIONS BASED ON CLERICAL MISTAKES; OVERSIGHTS AND OMISSIONS - 3

### III. It is Unclear What, If Anything, Dr. Eastman Should Redact From certain documents.

The Court held that a portion of one document[6] "is protected because it contains two emails seeking legal advice from Dr. Eastman about legislative authority." ECF 356 at 16; *see also* n.99 (expressly referencing the emails at 3:06 pm MST and 4:03 pm MST on January 3, 2021 as protected). It ordered 4 other documents[7] in that email chain produced. ECF 356 at 16 and n.100. One of those documents, 62861, contains the identical email text that the Court ordered redacted in 62863 (although the time stamp is 3:02 pm instead of 4:03 pm for some reason). Dr. Eastman seeks clarification on whether that portion of 62861 should also be redacted or, instead, if both documents should be produced in their entirety because of the Court's subsequent holding that 62863 should be produced. ECF 356 at 18 n. 119 and 120.

### IV. The Court Omitted Certain Documents from Categories That It Held Were Privileged.

The Court found that attachments to one document[8] (a response to a request for legal advice) were protected. The Court lists only two of these attachments.[9] There was a third.[10] Dr. Eastman requests that the Court correct the order to clarify that this document is also protected.

### V. The Order References Documents That Do Not Exist.

The order references at least one non-existent document: 23450. *See* ECF 356 at 5 n.20 (listing work product documents concerning court filings). Dr. Eastman suspects that the Court meant to say 23550 and requests the Court correct the order to make it clear that 23550 is protected and need not be produced.

---

[6] 62863.

[7] 62844; 62858; 62859; 62861.

[8] 23582.

[9] 23584; 23631.

[10] 23591.

PLAINTIFF'S RULE 60(A) MOTION FOR CORRECTIONS BASED ON CLERICAL MISTAKES; OVERSIGHTS AND OMISSIONS - 4

### VI. The Order Mistakenly Determined that Some Documents Were Communications with Legislators.

The Court held that the beginning of an exchange with another lawyer was work product.[11] ECF 356 at 6 n.21. The Court ordered the rest of the chain produced, however[12] ECF 356 at 7. The Court described these documents as "advising state legislators or circulating his theories on their authority," or "coordinat[ing] meetings with state legislators or other third parties to discuss alleged election fraud and certifying electors." ECF 356 at 7. However, the body of these documents discuss whether a certain state statute is constitutional and the impact pending litigation on that point will have on Dr. Eastman's legal strategy. Dr. Eastman requests that the Court correct this erroneous characterization of the documents and order that the entire exchange is, like the initial email in the exchange, protected work product.

### VII. The Order Omitted the Beginning of An Exchange with One of Dr. Eastman's Agents.

The Court correctly held that a communication with an attorney-advisor was protected work product.[13] ECF 356 at 6 n.21. The Court, however, omitted crucial parts of the exchange: the advisor's initial provision of advice and his reply to Dr. Eastman's response.[14] ECF 356 at 10, 13. The topic discussed in this exchange is part of one of Dr. Eastman's briefs on behalf of President Trump. *See* Brief in Support of Motion to Intervene, p. 25, *Texas v. Pennsylvania*, No. 22O155 (S.Ct., filed Dec. 9, 2020). Dr. Eastman requests the Court correct this oversight and clarify that this entire exchange is protected work product.

---

[11] 21094.

[12] 21105; 21106; 21111; 21113; 21116; 21117; 21122; 21124; 21126.

[13] 23898.

[14] 23893 and 24802, respectively.

PLAINTIFF'S RULE 60(A) MOTION FOR CORRECTIONS BASED ON CLERICAL MISTAKES; OVERSIGHTS AND OMISSIONS - 5

### VIII. Oversights In the Order's Treatment of Statistical Expert Discussions.

The Court found that 24 of Dr. Eastman's communications with or about statistical experts were protected work product.[15] ECF 356 at 5–6. The Court, however, claimed that the remaining, quite similar, communications[16] with or about statisticians as "advising state legislators or circulating his theories on their authority" and ordered production. ECF 356 at 7. This distinction is inaccurate. These documents are deeply connected to each other and ongoing litigation. For example: the Court found that 18919 is protected work product because it is a discussion of statistical analysis in the context of state litigation, but the Court ordered Dr. Eastman to produce 18920 and 18956—part of that same discussion. The Court found the latter to have two purposes: litigation and politics. But in the context of *election* litigation, discussion of the political implications of litigation documents are inevitable. Indeed, 16181 references communicating information to the legal team and 19686 is specifically designated as "Attorney Work Product" in the subject line because it was created so that attorneys would possess certain information for litigation. Similarly, 19888 is a request from a lawyer for an analysis and it is ordered to be produced. ECF 356 at 9. But the Court concluded that the response, 19889, is protected work product. Dr. Eastman asks that the Court Correct this oversight and direct that the attorney's original request for statistical analysis is also work product.

A similar oversight resulted in the Court ordering Dr. Eastman to produce 46 documents[17] about statistical analysis related to perspective litigation involving the

---

[15] 16022; 16182; 16184; 16285; 16334; 16350; 16561; 17416; 18110; 18406; 18554; 18793; 18796; 18797; 18858; 18863; 18865; 18875; 18887; 18901; 18902; 18919; 19169; 19889.

[16] 16181; 16301; 16349; 16379; 16381; 16458; 18592; 18593; 18813; 18814; 18821; 18822; 18897; 18920; 18956; 19686; 19888; 20163; 23905; 28479.

[17] 62940; 62944; 62948; 62951; 62955; 62958; 62984; 62987; 62996; 63000; 63054; 63058; 63081; 63084; 63091; 63095; 63103; 63114; 63119; 63125; 63131; 63139; 63146; 63154; 63194; 63407; 63416; 63425; 63438; 63448; 63449; 63450; 63451; 63479; 63503; 63512; 63515; 63518; 63519; 63520; 63717; 63919; 63920; 63973; 63974; 63977.

PLAINTIFF'S RULE 60(A) MOTION FOR CORRECTIONS BASED ON CLERICAL MISTAKES; OVERSIGHTS AND OMISSIONS - 6

Georgia Senate runoff election. ECF 356 at 8. The Court concluded that they would "have been created in substantially similar form" without the prospect of litigation. But these documents would not have been created at all without the prospect of litigation. As Dr. Eastman stated in his declaration, he requested this analysis because he expected there to be litigation over this election, in which he expected to participate. Decl. of Dr. Eastman ¶ 11. To hold that such preparatory exchanges are not in anticipation of litigation overlooks the crucial fact that lawyers seek out cases in their area of expertise and an election law expert beginning his analysis of a close election early is the same as the ACLU or a plaintiff's firm beginning its legal research while still searching for a bellwether case. Dr. Eastman respectfully asks the Court to correct this oversight and direct that these 46 documents are protected work product.

* * *

In the alternative, Dr. Eastman requests that he be permitted to redact the names of his statistical experts who risk political and personal reprisal by their association with these election challenges. This would be similar to the redactions this Court ordered to protect First Amendment interests. ECF 356 at 21–22.

## CONCLUSION

For the foregoing reasons and pursuant to Rule 60(a), Dr. Eastman requests that this Court correct the above mistakes, omissions, and oversights in ECF 356. In the alternative Dr. Eastman requests permission to redact the names of his experts and agents who will face reprisals if the contents of Dr. Eastman's emails are publicly disclosed.

June 10, 2022

Respectfully submitted,

/s/*Anthony T. Caso*
Anthony T. Caso (Cal. Bar #88561)
CONSTITUTIONAL COUNSEL GROUP
174 W Lincoln Ave # 620
Anaheim, CA 92805-2901

PLAINTIFF'S RULE 60(A) MOTION FOR CORRECTIONS BASED ON CLERICAL MISTAKES; OVERSIGHTS AND OMISSIONS - 7

|   |   |
|---|---|
| 1 | Phone: 916-601-1916; Fax: 916-307-5164 |
| 2 | Email: atcaso@ccg1776.com |

*/s/ Charles Burnham*
Charles Burnham (D.C. Bar # 1003464)
BURNHAM & GOROKHOV PLLC
1424 K Street NW, Suite 500
Washington, D.C. 20005
Email: charles@burnhamgorokhov.com
Telephone: (202) 386-6920

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I have served this filing on all counsel through the Court's ECF system.

Respectfully submitted,

*/s/ Charles Burnham*
Charles Burnham
BURNHAM & GOROKHOV PLLC
1424 K Street NW, Suite 500
Washington, D.C. 20005
Telephone: (202) 386-6920
Email: charles@burnhamgorokhov.com