**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 22-00099-DOC-DFM                    Date:  June 11, 2022

Title: JOHN EASTMAN V. BENNIE THOMPSON ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

Deborah Lewman                                         Not Present
Courtroom Clerk                                       Court Reporter

ATTORNEYS PRESENT FOR                  ATTORNEYS PRESENT FOR
PLAINTIFF:                                          DEFENDANT:
None Present                                          None Present

**PROCEEDINGS (IN CHAMBERS):   ORDER RE: MOTION TO**
**CORRECT ORDER [363]**

On June 7, 2022, the Court published its Order Re: Privilege of 599 Documents Dated November 3, 2020 - January 20, 2021 ("Order") (Dkt. 356), and found that 440 documents are privileged and the remaining 159 documents must be disclosed. The Court is now in receipt of Plaintiff Dr. John Eastman's ("Dr. Eastman") Motion to Correct Order ("Mot.") (Dkt. 363), which he filed on June 10, 2022.[1]

Dr. Eastman contends that he "encountered several discrepancies in the Court's order" and thus "seeks correction or clarification of several issues."[2] Dr. Eastman moves for "corrections" under Federal Rule of Civil Procedure 60(a), which states "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."

With respect to Dr. Eastman's confusion over the redaction process, the Court reiterates its prior holding: Dr. Eastman shall redact the two emails listed in footnote 99

---

[1] The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15.
[2] Mot. at 2.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 22-00099-DOC-(DFMx)                                    Date: June 11, 2022
                                                                         Page 2

"when they appear in otherwise-disclosed documents."[3]

The Court addresses Dr. Eastman's Rule 60(a) typographical and ministerial requests as follows. First, the Court fixes a clerical error and protects document 23591. Second, the Court corrects a typographical error in footnote 20 and changes document 23450 to document 23550. Third, the Court corrects its oversight and protects the nine documents because they pertained to a legal filing.[4]

The remainder of Dr. Eastman's claims are not clerical errors or requests for clarification but disagreements with the Court's legal conclusions. Dr. Eastman's arguments are masked requests for reconsideration under Rule 60(b), which is only applicable in exceptional circumstances. Rule 60(b) "provides for reconsideration only upon a showing of: (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief."[5] In addition, Central District of California Local Rule 7-18 provides that a motion for reconsideration may be made only on the following grounds:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.[6]

Local Rule 7-18 also states that "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion."[7]

Dr. Eastman first asks the Court to reconsider its decision with respect to three communications from his client President Trump.[8] In particular, Dr. Eastman requests that the Court read these emails in the context of simultaneous Pennsylvania litigation.[9] However, "[a]s with all evidentiary privileges, the burden of proving that the attorney-client privilege applies rests not with the party contesting the privilege, but with the party

---

[3] Order at 26 n.171.
[4] 21105; 21106; 21111; 21113; 21116; 21117; 21122; 21124; 21126.
[5] *Sch. Dist. No. 1J, Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (quoting *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991)).
[6] C.D. Cal. R. 7-18.
[7] *Id.*
[8] Mot. at 2.
[9] *Id.* at 2-3.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 22-00099-DOC-(DFMx)                                    Date: June 11, 2022
                                                                                            Page 3

asserting it."[10] In his privilege log, Dr. Eastman provided the Court with vague or conclusory descriptions: "Attachment: News story"[11] and "Attachment: Photo with client handwritten note re issues for anticipated litigation."[12] His brief added no additional detail, stating the documents were "hand-written notes from former President Trump about information that he thought might be useful for the anticipated litigation—again, quintessential privileged material."[13] Dr. Eastman later listed these documents in a section titled, "*Texas v. Pennsylvania, et al.*, No. 22O155 (S.Ct. filed Dec. 7, 2020)" but failed to explain how these documents were connected to that suit.[14] Even now, Dr. Eastman asks the Court to use the date of these emails to conclude that they were made in anticipation of litigation.[15] If the Court were to apply Dr. Eastman's tenuous reasoning, nearly all emails between attorneys and clients sent during a case would be protected. Accordingly, there is no basis for the Court to reconsider its previous decision on these documents and Dr. Eastman is **ORDERED** to disclose them.

Dr. Eastman next requests that the Court protect three emails that it found were not confidential, arguing that the potential clients were also requesting legal advice from the other three Trump lawyers on the chain.[16] As the Court noted in its prior Order, Dr. Eastman failed to support his claims of the other three attorney-client relationships. Dr. Eastman submitted a declaration from only one of these three attorneys—but that declaration did not mention working with any legislators in any capacity.[17] As the Court held previously, "[w]ithout further evidence specifying the relationship between these Trump attorneys and this state legislator, the Court cannot find these communications to be confidential."[18] Accordingly, there is no basis for the Court to reconsider its previous decision on these documents and Dr. Eastman is **ORDERED** to disclose them.

Dr. Eastman also disagrees with the Court's finding that two emails in a thread were not protected work product.[19] As the Court previously stated, the initial email is a third party reaching out to offer a "strong rhetorical point" because the he "personally ha[d]n't heard Rudy or any other high profile speaker making it."[20] The content of the email makes clear that it is general strategic advice for the Trump team's election

---

[10] *Weil v. Inv./Indicators, Rsch. & Mgmt., Inc.*, 647 F.2d 18, 25 (9th Cir. 1981) (citations omitted).
[11] Privilege log, 25167; Privilege log, 25170.
[12] Privilege log, 25905.
[13] Brief (Dkt. 345) at 15.
[14] *Id.* at 20.
[15] Mot. at 2-3.
[16] *Id.* at 3.
[17] *See* Declaration of Kurt Olsen (Dkt. 346-6).
[18] Order at 18.
[19] Mot. at 5.
[20] Order at 10; 23893.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SA CV 22-00099-DOC-(DFMx)                              Date: June 11, 2022
                                                                                              Page 4

advocacy. The fact that Dr. Eastman ultimately used this rhetorical point in a brief does not mean that the other emails "would not have been created in substantially similar form but for the prospect of that litigation."[21] Accordingly, there is no basis for the Court to reconsider its previous decision on these documents and Dr. Eastman is **ORDERED** to disclose them.

Dr. Eastman additionally disagrees with the Court's characterization of several emails with statisticians. As an example, Dr. Eastman argues that some emails are "specifically designated as 'Attorney Work Product'" and thus are protected.[22] But merely including these words does not satisfy Dr. Eastman's burden to demonstrate that the documents are protected. None of Dr. Eastman's other arguments are valid bases for reconsideration, and the Court maintains the reasoning in its prior Order. Accordingly, Dr. Eastman is **ORDERED** to disclose the unprotected documents.

Dr. Eastman's final request is "that he be permitted to redact the names of his statistical experts."[23] However, "[a]rguments not raised by a party in its opening brief are deemed waived."[24]

Dr. Eastman is **ORDERED** to produce the remaining documents on a rolling basis, with all documents to be produced by 12:00 pm Pacific Time on Monday, June 13, 2022.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11
CIVIL-GEN
                                                                       Initials of Deputy Clerk: djl

---

[21] *In re Grand Jury Subpoena (Mark Torf/Torf Envtl. Mgmt.)*, 357 F.3d 900, 908 (9th Cir. 2003).
[22] Mot. at 6.
[23] *Id.* at 7.
[24] *Friends of Yosemite Valley v. Kempthorne*, 520 F.3d 1024, 1033 (9th Cir. 2008).