OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
5140 O'Neill House Office Building
Washington, D.C. 20515

Counsel for the Congressional Defendants

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| JOHN C. EASTMAN,<br><br>    Plaintiff,<br><br>vs.<br><br>BENNIE G. THOMPSON, *et al.*,<br><br>    Defendants. | Case No. 8:22-cv-00099-DOC-DFM<br><br>**NOTICE OF MOTION AND MOTION FOR *IN CAMERA* REVIEW OF DOCUMENTS HELD IN ABEYANCE** |

# **MEMORANDUM**

Pursuant to Local Civil Rule 7, Defendants the Honorable Bennie Thompson and the House Select Committee to Investigate the January 6th Attack on the United States Capitol (collectively, "the Select Committee"), by and through their counsel, respectfully move for this Court to conduct an *in camera* review of Plaintiff's privilege claims with regard to a set of documents previously held in abeyance, and to rule on the validity of those claims.

On May 6, 2022, the Select Committee informed this Court (Dkt. 336) that it withdrew its objections to 721 documents, totaling approximately 13,929 pages, on Plaintiff's consolidated privilege log, and requested *in camera* review of (coincidentally) 721 other documents, totaling approximately 2,945 pages.  This Court subsequently reviewed *in camera* that set of documents, as further narrowed by Plaintiff's production of a subset of the documents, and issued an order adjudicating Plaintiff's privilege claims over those documents (Dkt. 356).

In its May 6 Notice (Dkt. 336), the Select Committee informed the Court that it was willing to hold in abeyance its objections to 576 documents, totaling approximately 3,236 pages, while reserving the right to request at a later date *in camera* review of the documents held in abeyance.

As the Select Committee reaches the final months of its tenure under its current authorizing resolution, it now respectfully seeks such *in camera* review so that it may complete its efforts, including preparation of the final report mandated by its authorizing resolution.  *See* H. Res. 503, 117th Cong. § 4(a)(3) (2021).

The Select Committee believes that the legal issues underlying Plaintiff's claims of attorney-client privilege or work product protection have largely, if not entirely, been determined by the Court's previous Orders (Dkt. 260 and 356).  However, should Plaintiff believe that additional briefing is necessary, and should this Court agree, the Select Committee respectfully requests that the Court set an expedited briefing schedule

in light of the limited time remaining for the Select Committee to complete its work before January 3, 2023, the date on which the 117th Congress ends. Thus, the Select Committee proposes the following briefing schedule:

    Monday, September 26, 2022: Plaintiff's opening brief

    Monday, October 3, 2022: Select Committee's response brief

    Wednesday, October 5, 2022: Plaintiff's reply brief

Pursuant to Local Civil Rule 7-3, counsel for the Select Committee conferred with Plaintiff's counsel regarding the filing of this motion via email on August 4. Plaintiff's counsel responded the following day that he would re-review the relevant documents and get back to the Select Committee's counsel. On Friday, August 26, having received no further response, counsel for the Select Committee informed Plaintiff's counsel that the Select Committee would file the motion on Monday, August 29. On August 29, Plaintiff's counsel made a "partial production" consisting of four documents, accompanied by a spreadsheet that listed an additional 212 documents over which Plaintiff continued to assert privilege, all of which were dated December 18, 2020 or earlier. The same day, counsel for the Select Committee (1) asked Plaintiff's counsel for a further explanation of Plaintiff's continued privilege claims—specifically, to clarify whether, for documents that Plaintiff described as "part of a chain" the Court has reviewed, the Court has reviewed and ruled on the content of the specific emails referenced—and (2) asked when Plaintiff would report on the 360 remaining abeyance documents. On September 13, in response to a follow-up query, Plaintiff's counsel essentially answered the first question in the negative and did not address the second question.[1]

---

[1] Specifically, Plaintiff's counsel answered the first question as follows: "Some of the documents that remain in abeyance are in the same chain and on the same topic that the Judge has already ruled to be privileged. Other times, earlier parts of the thread that were specifically included in emails Judge Carter previously ruled for the privilege. And

In light of this exchange over the past month or so, it seems clear that further consultation with Plaintiff's counsel will not result in the Select Committee receiving the material that it seeks in a timely manner. Accordingly, the Select Committee now moves for this Court to review and rule on Plaintiff's claims of privilege for the remaining 572 documents.

Dated: September 14, 2022     OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES

By: /s/ Douglas Letter
     Douglas Letter

Attorney for Congressional Defendants

---

sometimes, the abeyance email was part of a chain to which the Committee had previously withdrawn its objection."

## CERTIFICATE OF SERVICE

**WASHINGTON, DISTRICT OF COLUMBIA**

I am employed in the aforesaid county, District of Columbia; I am over the age of 18 years and not a party to the within action; my business address is:

OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
5140 O'Neill House Office Building
Washington, D.C. 20515

On September 14, 2022, I served the **DEFENDANTS' NOTICE** on the interested parties in this action:

Anthony T. Caso
Constitutional Counsel Group
174 W Lincoln Ave #620
Anaheim, CA 92805-2901
atcaso@ccg1776.com

Charles Burnham
Burnham & Gorokhov PLLC
1424 K Street NW, Suite 500
Washington, DC 20005
charles@burnhamgorokhov.com

*Attorneys for Plaintiff John C. Eastman*

☒ **(BY E-MAIL OR ELECTRONIC TRANSMISSION)**
The document was served on the following via The United States District Court – Central District's CM/ECF electronic transfer system which generates a Notice of Electronic Filing upon the parties, the assigned judge, and any registered user in the case:

☒ **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 14, 2022 here, at Bethesda, Maryland.

　　　　　　　　　　　　　　　　 */s/* Douglas Letter
　　　　　　　　　　　　　　　　　　 Douglas Letter