OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
5140 O'Neill House Office Building
Washington, D.C. 20515

Counsel for the Congressional Defendants

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| JOHN C. EASTMAN,<br><br>Plaintiff,<br><br>vs.<br><br>BENNIE G. THOMPSON, *et al.*,<br><br>Defendants. | Case No. 8:22-cv-00099-DOC-DFM<br><br>**CONGRESSIONAL DEFENDANTS' RESPONSE BRIEF REGARDING PLAINTIFF'S PRIVILEGE ASSERTIONS AS TO DOCUMENTS HELD IN ABEYANCE** |

Congressional Defendants respectfully ask the Court to conduct an *in camera* inspection of the remaining 562 documents to determine: (1) the validity of Dr. Eastman's privilege assertions, (2) whether Dr. Eastman has waived any applicable privileges, and (3) whether Congressional Defendants' compelling need and/or the crime-fraud exception overcome any applicable privileges.

This Court is already familiar with both the facts and procedural history of this case. *See* ECF No. 164-1; ECF No. 350.  This Court has likewise already addressed and resolved the outstanding legal issues relating to prior document tranches.  *See, e.g.*, ECF No. 356; ECF No. 260.  Congressional Defendants do not believe the remaining documents raise any factual or legal issues requiring additional briefing.[1]

In his most recent privilege log, Dr. Eastman continues to offer conclusory descriptions insufficient to allow Congressional Defendants to accurately assess the validity of his privilege assertions.  *See* ECF No. 369 (repeatedly noting "potential litigation" without further specification, among other issues); *see also* ECF No. 260 at 21 ("Dr. Eastman's description in the privilege log is conclusory, describing the sender merely as his 'co-counsel.'"); *id.* at 26 ("Although Dr. Eastman's privilege log describes

---

[1] Congressional Defendants stand on the objections made to Dr. Eastman's privilege assertions in the briefings addressing the first two document tranches.  We do not, however, ask this Court to revisit the legal issues on which it has previously ruled.  We ask only that this Court review the remaining documents in accordance with its prior orders.

some of these documents as 'comm with counsel and expert re fact evidence,' he does not specify any particular litigation.").

Additionally, *in camera* review is necessary because Dr. Eastman's prior representations have proven consistently unreliable. As just one example, this Court previously addressed a photograph (Chapman025905, attached as Ex. A) that Dr. Eastman had described as a "handwritten note re issues for anticipated litigation," but which turned out to be a photograph of a Trump campaign rally with a handwritten note stating: "TIMES 50 SUCH EVENTS – NO WAY THIS LOSES." Ex. A; *see* ECF No. 356 at 14 ("Although Dr. Eastman's privilege log claims that the photo is President Trump's 'handwritten note re issues for anticipated litigation,' the note simply celebrates the size of President Trump's campaign rallies."). It was not until August 29, when Congressional Defendants indicated their intent to litigate Dr. Eastman's remaining privilege assertions, that Dr. Eastman finally produced the email to which this photograph was attached—seven months into the litigation and almost three months after this Court had ruled on the photograph itself. Dr. Eastman had previously described that email (Chapman025904, attached as Ex. B) to the Court and to Congressional Defendants as "Comm with client re note for anticipated litigation." ECF No. 142; ECF No. 143.[2] In reality, the email is merely a one-line note from Molly Michael, then-

---

[2] Congressional Defendants are unable to determine whether this privilege log corresponds to ECF No. 142 or to No. 143, because Dr. Eastman filed multiple privilege logs on that date and the logs are sealed on PACER.

President Trump's assistant, stating: "The President wanted you to see this photo – attached with caption[.]"  Ex. B.

Other documents produced to the Select Committee on the eve of this Court's review, after months of meritless privilege assertions, further underscore the unreliable nature of Dr. Eastman's privilege descriptions.  For example, Dr. Eastman previously described Chapman059766 (attached as Ex. C) and Chapman059767 (attached as Ex. D) as "Comm with co-counsel re Reply ISO Cert Petition."  ECF No. 298.  But the documents—when finally produced—actually consist of email exchanges regarding travel plans and stays at Trump International hotels.  *See* Ex. D ("A shame you are not in DC and could contribute to violation of the emoluments clause."); *id.* ("I[']m stay[i]ng at Trump Int [i]n DC from Jan 3 to at [l]east the 8th.  Do[i]ng my part to curry favor w[i]th the Pres[i]dent by [li]n[i]ng h[i]s (empty) pockets! [emoji].").[3]

As these examples illustrate, Dr. Eastman's representations regarding the nature or content of the remaining 562 documents are unreliable.  Congressional Defendants therefore ask that the Court review these documents *in camera* to determine the validity of Dr. Eastman's privilege assertions and the applicability of the limitations and exceptions considered in this Court's prior orders, including waiver, compelling need, and crime-fraud.

---

[3] The copies of Chapman059766 and Chapman059767 that Congressional Defendants received from Dr. Eastman seem to be missing the letters I and L where they should appear in emails from Kenneth Chesebro and in the email headers.

Dated: October 3, 2022

OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES

By: /s/ Douglas Letter
     Douglas Letter

Attorney for Congressional Defendants

# CERTIFICATE OF SERVICE

## WASHINGTON, DISTRICT OF COLUMBIA

I am employed in the aforesaid county, District of Columbia; I am over the age of 18 years and not a party to the within action; my business address is:

OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
5140 O'Neill House Office Building
Washington, D.C. 20515

On October 3, 2022, I served the **DEFENDANTS' RESPONSE BRIEF** on the interested parties in this action:

Anthony T. Caso
Constitutional Counsel Group
174 W Lincoln Ave #620
Anaheim, CA 92805-2901
atcaso@ccg1776.com

Charles Burnham
Burnham & Gorokhov PLLC
1424 K Street NW, Suite 500
Washington, DC 20005
charles@burnhamgorokhov.com

*Attorneys for Plaintiff John C. Eastman*

☒ **(BY E-MAIL OR ELECTRONIC TRANSMISSION)**
The document was served on the following via The United States District Court – Central District's CM/ECF electronic transfer system which generates a Notice of Electronic Filing upon the parties, the assigned judge, and any registered user in the case:

☒ **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 3, 2022 here, at Bethesda, Maryland.

*/s/* Douglas N. Letter