Anthony T. Caso (Cal. Bar #88561)
Email: atcaso@ccg1776.com
CONSTITUTIONAL COUNSEL GROUP
174 W Lincoln Ave # 620
Anaheim, CA 92805-2901
Phone: 916-601-1916
Fax: 916-307-5164

Charles Burnham (D.C. Bar# 1003464)*
Email: charles@burnhamgorokhov.com
BURNHAM & GOROKHOV PLLC
1424 K Street NW, Suite 500
Washington, D.C. 20005
Telephone: (202) 386-6920
* admitted pro hac vice

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| JOHN C. EASTMAN,<br><br>                    *Plaintiff,*<br><br>vs.<br><br>BENNIE G. THOMPSON, *et al.*<br>                    *Defendants* | Case No.: 8:22-cv-00099-DOC-DFM<br><br>**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF PRIVILEGE ASSERTIONS AS TO DOCUMENTS HELD IN ABEYANCE**<br><br><br>Judge: Hon. David O. Carter<br>Magistrate Judge: Hon. Douglas F. McCormick<br>Crtrm.: 9D<br>Trial Date: not set |

In its opposition brief, the Select Committee accuses Dr. Eastman and his counsel of providing "consistently unreliable" privilege representations. The examples it gives prove just the opposite. The first is an email exchange between attorneys preparing a reply brief for the motion to expedite a cert petition that was pending in the Supreme Court of the United States. It began with Chapman059751 and its attachment, Chapman059752, over which the Committee previously withdrew its objection, apparently recognizing that a draft reply brief is clearly work product. The transmittal email, Chapman059751, contains attorney commentary about timing with respect to a related case, and is therefore also clearly work product. That portion of the email chain, as well as the response, is repeated in Chapman059765. It is also repeated in Chapman059766 and Chapman059767, which are likewise accurately described in the privilege log as "Comm with co-counsel[1] re Reply ISO Cert Petition." *See, e.g.*, *Compass, Inc. v. Real Est. Bd. of New York, Inc.*, No. 1:21-CV-2195, 2022 WL 2256290, at *7 (S.D.N.Y. June 23, 2022) ("A single Document containing multiple email messages (i.e., in an email chain) may be logged as a single entry."). The latter two documents also include some banter among the attorneys that, although entirely irrelevant to the investigations the Committee has been authorized to undertake, were nevertheless produced (while redacting the work product material) after the Committee renewed its objection to the 576 documents it had previously held in abeyance.[2] The Committee's decision to publicize that irrelevant banter

---

[1] The Select Committee also intimates that the use of the phrase "co-counsel" is a "conclusory description insufficient to allow Congressional Defendants to accurately assess the validity of [Dr. Eastman's] privilege assertions." Opp. at 2. The "co-counsel" are clearly identified on the privilege log, and have previously been identified as such in prior filings with this Court. *See, e.g.*, Plaintiff's Brief In Support of Privilege Assertions (Dkt. #345), pp. 19-24 and n. 30; Eastman Declaration (Dkt. #346); Klukowski Declaration (Dkt. #346); Hilbert Declaration (Dkt. #346); Olsen Declaration (Dkt. #346); Marks Declaration (Dkt. #346).

[2] Even that redacted production may not have been necessary. *See, e.g., In re Currency Conversion Antitrust Litig.*, No. 05 CIV. 7116 WHP THK, 2010 WL 4365548, at *6 (S.D.N.Y. Nov. 3, 2010) (noting that withheld materials was "fairly innocuous and, in the Court's view, … not material to the claims and defenses of the parties."); *see also In re Blue Cross Blue Shield Antitrust Litig. (MDL No.: 2406)*, No. 2:13-CV-20000-RDP, 2015 WL 10891632, at *3 (N.D. Ala. Nov. 4, 2015) (declining to order production of an "innocuous" description despite the court's doubt that it was privileged because it was "irrelevant"

1  should be seen for what it is—a blatant attempt to expose what it believed to be an

2  embarrassing exchange[3] merely for exposure's sake, which is beyond its

3  constitutional authority.  *See*, *e.g. Watkins v. United States*, 354 U.S. 178, 200

4  (1957) ("there is no congressional power to expose for the sake of exposure"); *id.*

5  at 187 ("Investigations conducted solely for the personal aggrandizement of the

6  investigators or to 'punish' those investigated are indefensible."); *Trump v. Mazars*

7  *USA, LLP*, 140 S. Ct. 2019, 2032 (2020) (same, citing *Watkins*).

8       The second example upon which the Committee relies is an email transmitting

9  to Dr. Eastman a direct communication from his client made at the very time they

10  were in discussions about the substance of the motion to intervene that would be

11  filed the very next day in the *Texas v. Pennsylvania* original action in the Supreme

12  Court, No. 22O155 (filed Dec. 9, 2020).  The Committee previously objected to

13  Dr. Eastman's claim of privilege regarding the attachment but held its objection to

14  the transmittal email in "abeyance."  Because Dr. Eastman could not provide

15  additional support for his privilege claim with respect to the attachment without

16  disclosing more of the substantive discussion with his client that validated such a

17  claim,[4] *cf.* Bill of Complaint in Intervention, *Texas v. Pennsylvania*, at 8-9

18  (discussing historical indicia of presidential election success), this Court previously

19  ordered disclosure of the attachment, an order with which Dr. Eastman promptly

20  complied.  Dr. Eastman then produced the transmittal email itself shortly after the

21  Committee renewed its objection to all 576 documents it had previously held in

---

to the issue before the court).  Plaintiff produced it anyway, recognizing, as the Southern District of New York did in *In re Currency* Conversion, that "the vehemence of the dispute about privilege [often] far overshadows the importance of the material in issue."  *Id.*

[3] Although some in the press have parroted such a belief, *see, e.g.*, Kyle Cheney, *Select committee says Eastman improperly shielded emails from investigators*, Politico (Oct. 3, 2022) (describing the content as the attorneys' "disparaging jokes about their client"), we think most Americans (at least, those who are not entirely humorless) will recognize the banter for what it was— not a "disparaging joke" about the former President but a light-hearted poke at those who unsuccessfully sued President Trump under the emoluments clause. *See Trump v. Citizens for Resp. & Ethics in Washington*, 141 S. Ct. 1262 (2021).

[4] Although no longer relevant because the document has now been produced, if the Court wishes to assess the veracity of this assertion, Plaintiff can provide for the Court's *in camera* review a sworn declaration describing the substance of those discussions.

abeyance.

This is the normal give and take of privilege disputes, and hardly qualifies as evidence that Dr. Eastman's privilege claims have been "consistently unreliable." Indeed, of the nearly 3,700 documents over which Dr. Eastman asserted a privilege, the Committee did not contest the privilege assertions over 535 documents and subsequently withdrew its objections to another 721. After this Court's initial ruling in March addressing privilege claims for a small initial subset of 111 documents, Dr. Eastman produced another 930 documents to the Committee. The Committee adhered to its objections over 721 of the remaining documents in dispute and held its objections in "abeyance" for another 576. After further review of the documents over which the Committee continued to object, Dr. Eastman produced another 117 documents in late May and excluded an additional 5 as simply copies. Excluding the 576 documents that the Committee held in abeyance, this Court has reviewed 710 documents in camera, and upheld Dr. Eastman's claims of privilege over 455 of those documents, or near nearly two-thirds of the documents in dispute—440 in their entirety and another 15 in part. The Court overruled Dr. Eastman's claims of privilege over 255 documents and also found that the privileged portions of the 15 could be redacted and the unprivileged portions produced. Again, this is hardly the stuff that would warrant the Committee's assertion that Dr. Eastman's claims of privilege have been "consistently unreliable."

When the Committee advised Dr. Eastman's counsel that it was renewing its objections to the 576 documents it had previously held in abeyance, Dr. Eastman and his counsel reviewed those documents (for a third time) in light of the Court's orders of June 7, 2022 and June 11, 2022, and determined that pursuant to the reasoning contained in those orders, they could produce 14 additional documents in their entirety and another 4 documents with privileged material redacted without breaching Dr. Eastman's ethical obligations. The Committee has not likewise

1  reconsidered its objections to the abeyance documents in light of this Court's June
2  orders but has simply reinstated its objections to all 562[5] documents that remain at
3  issue.  As Dr. Eastman noted in his opening brief, those documents are almost
4  entirely email chains that include emails that this Court has already held to be
5  privileged or to which the Committee itself has previously withdrawn its
6  objections.

7          The Committee nevertheless takes issue with the degree of specificity
8  contained in the privilege log, citing as an example that the log lists
9  "communications regarding potential litigation without further specification."
10 Apparently, the Committee would have preferred that the privilege log specify a
11 case name that had not yet been filed, or identify with specificity the claims that
12 Dr. Eastman and his client were considering.  Yet a privilege log with that level of
13 specificity would defeat the privilege claim itself, as it would reveal the substantive
14 content that the privilege is designed to protect. *See, e.g.*, *Fid. Nat'l Title Ins. Co. v.*
15 *Castle*, No. 11-CV-896 YGR, 2014 WL 3945590, at *2 (N.D. Cal. Aug. 11, 2014)
16 (requiring a "brief description" of the basis for the privilege assertion but only "so
17 much of the information as will not waive the privilege"); *Gunning v. New York*
18 *State Just. Ctr. for Prot. of People With Special Needs*, No. 119CV1446GLSCFH,
19 2022 WL 783226, at *6 (N.D.N.Y. Mar. 15, 2022) (ordering the production of a
20 privilege log "to include greater specificity while taking care to not reveal the
21 information contained in the e-mails").

22         In sum, Plaintiff does not believe further *in camera* review of these
23 documents is required.  In his view, the descriptions in the privilege log, together
24 with the additional notes describing their relation to documents this Court has
25 already held to be privileged or protected work production, are adequate to affirm
26 the privilege assertions without further imposition on the Court's time.

27

28

---

[5] The Committee apparently includes in this total the 4 documents that were produced with privileged material redacted: 57412, 57422, 59766, and 59767.

PLAINTIFF'S REPLY BRIEF - 5

1   October 5, 2022                    Respectfully submitted,

2                                      /s/*Anthony T. Caso*
                                       Anthony T. Caso (Cal. Bar #88561)
3                                      CONSTITUTIONAL COUNSEL GROUP
                                       174 W Lincoln Ave # 620
4                                      Anaheim, CA 92805-2901
                                       Phone: 916-601-1916; Fax: 916-307-5164
5                                      Email: atcaso@ccg1776.com
6
                                       */s/ Charles Burnham*
7                                      Charles Burnham (D.C. Bar # 1003464)
                                       BURNHAM & GOROKHOV PLLC
8                                      1424 K Street NW, Suite 500
                                       Washington, D.C. 20005
9                                      Email: charles@burnhamgorokhov.com
                                       Telephone: (202) 386-6920
10
11                                     *Counsel for Plaintiff*
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFF'S REPLY BRIEF - 6

CERTIFICATE OF SERVICE

I have served this filing on all counsel through the Court's ECF system.

Respectfully submitted,


*/s/ Charles Burnham*
Charles Burnham
BURNHAM & GOROKHOV PLLC
1424 K Street NW, Suite 500
Washington, D.C. 20005
Telephone: (202) 386-6920
Email: charles@burnhamgorokhov.com