# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. SA CV 22-00099-DOC-DFM                          Date: October 28, 2022

Title: JOHN EASTMAN V. BENNIE THOMPSON ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS): ORDER DENYING MOTION TO RECONSIDER OR, IN THE ALTERNATIVE, FOR A STAY [373]**

On October 19, 2022, the Court ordered Dr. Eastman to produce to the Select Committee certain emails, including eight pursuant to the crime fraud exception ("Order") (Dkt. 372). The Court ordered Dr. Eastman to produce these documents by 2:00 p.m. PST on October 28, 2022. *Id.* On October 27, 2022, Dr. Eastman filed a motion asking the Court to reconsider its ruling pertaining to crime-fraud or, in the alternative, to stay enforcement of the Order pending Dr. Eastman's appeal of the Order to the Ninth Circuit. Motion for Reconsideration or Stay ("Motion" or "Mot.") (Dkt. 373). In support of his motion, Dr. Eastman filed a sworn affidavit under seal, ("Affidavit") (Dkt. 374-1), in which he contends provides "the relevant context" that "shows that this ruling was clearly erroneous." *See* Motion at 2.[1]

---

[1] Specifically, the Affidavit "identifies specific documents previously submitted for the court's *in camera review* that explain the true import of the email record surrounding the Presidential certification" and "the purpose for the filing of the complaint in that case." Motion at 2. Dr. Eastman files this affidavit under seal because it "includes the content of communications that this Court has held to be privileged." Motion at 2 n.1. This case arises out of privileges asserted *by* Dr. Eastman. To the extent that Dr. Eastman wishes

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 22-00099-DOC-DFM                                      Date: October 28, 2022

                                                                                                    Page 2

Dr. Eastman's motion fails to meet the standards governing motions for reconsideration or a stay. A stay is an equitable remedy not available as a matter of right, and the Court must balance the remedy sought against Congress's "uniquely vital interest in studying the January 6th attack on itself to formulate remedial legislation and to safeguard its constitutional and legislative operations" without undue interference from federal courts. *See Trump v. Thompson*, 20 F.4th 10, 17 (D.C. Cir. 2021), *cert. denied*, 142 S. Ct. 1350 (2022); *Hill v. McDonough*, 547 U.S. 573, 574–75 (2006).

Because Dr. Eastman does not meet the standards under Local Rule 7-18 or Federal Rule of Civil Procedure 62(c), the Court DENIES the motion.

## I.     DISCUSSION

### A.     Motion For Reconsideration

Dr. Eastman requests reconsideration under Central District of California Local Rule 7-18 (c), which permits reconsideration upon "a manifest showing of a failure to consider material facts presented to the Court before the Order was entered." C.D. Cal. R. 7-18. In his affidavit, Dr. Eastman identifies certain emails that he notes were "previously submitted for the court's *in camera* review that explain the true import of the email record surrounding the Presidential certification." *Id.* at 2. This "full email record," according to Dr. Eastman, "clearly shows that the President's lawyers took great care to ensure all court filings were accurate," and "that the legal filings were all designed to obtain a ruling from the court on the contested election challenges." *Id.*

In ruling that the crime-fraud exception applies, the Court has considered every document that the parties identified in the over 30 privilege logs they submitted in this action. *See* Privilege Logs, Dkts. 67, 68, 74, 84, 95, 100, 107, 119, 122, 127, 124, 138, 142, 143, 148, 151, 163, 179, 204, 216, 221, 226, 236, 241, 245, 249, 254, 263, 267, 272, 276, 279, 284, 298, 302, 206, 310, 312, 342.

Out of the 1272 documents the parties specifically requested rulings on, the Court found that the crime-fraud exception applies to 10 documents. Dr. Eastman's affidavit, which provides his version of events in the last few days of December 2020, points to

---

to disclose more communications to clarify his role vis a vis President Trump, his campaign, or other attorneys, nothing prohibits Dr. Eastman from seeking the necessary approvals to waive the privileges where appropriate.

Case 8:22-cv-00099-DOC-DFM Document 377 Filed 10/28/22 Page 3 of 6 Page ID #:6033

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 22-00099-DOC-DFM                                                 Date: October 28, 2022

Page 3

emails already considered by the Court in reaching its decision. Mot. Ex. 1 (Dkt. 374-1). The Court "strictly confined" the "scope of the privilege . . . within the narrowest possible limits." *United States v. Christensen*, 828 F.3d 763, 803 (9th Cir. 2015). Dr. Eastman's affidavit presents no evidence that the Court "manifestly failed" to consider when ruling that the crime-fraud exception applies.

Because Dr. Eastman fails to carry his burden under Rule 7-18(c), the Court DENIES his motion for reconsideration.

### B. Motion for a Stay

In the alternative, Dr. Eastman requests a stay under Federal Rule of Civil Procedure 62(c), which provides in relevant part that "[u]nless the Court orders otherwise," "an interlocutory or final judgment in an action for an injunction" is "not stayed after being entered, even if an appeal is taken." Fed. R. Civ. P. 62(c)(1).

The Court's standard for granting a stay is familiar. Supreme Court precedent has "distilled" the legal principles for issuing stays pending appeal into consideration of four factors: (1) whether the stay applicant has made a strong showing of likelihood of success on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776, (1987)). "The first two factors of the traditional standard are the most critical." *Id.* In applying these factors, the Ninth Circuit employs a "sliding scale" approach. The factors are balanced such that a stronger showing of one element may offset a weaker showing of another. *Leiva-Perez v. Holder*, 640 F.3d 962, 964-66 (9th Cir. 2011). In other words, "the required degree of irreparable harm increases as the probability of success decreases." *Nat. Res. Def. Council, Inc. v. Winter*, 502 F.3d 859, 862 (9th Cir. 2007); *see Al Otro Lado v. Wolf*, 952 F.3d 999, 1007 (9th Cir. 2020) ("We first consider the government's showing on irreparable harm, then discuss the likelihood of success on the merits under the sliding scale approach").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 22-00099-DOC-DFM                                Date: October 28, 2022

Page 4

### 1. Likelihood of Success on the Merits

Dr. Eastman does not carry his burden of showing a likelihood of success on the merits, because the contents of the affidavit do not alter the Court's conclusion.

In issuing the Order, the Court followed the Ninth Circuit's test for applying the crime-fraud exception and determined that the Select Committee had (1) made a *prima facie* showing that Dr. Eastman and President Trump engaged in criminal or fraudulent conduct when seeking the advice of counsel and creating attorney work product; and (2) identified categories of communications and attorney work product that may not be protected from discovery because they were sufficiently related to and in furtherance of a crime or fraud. *See* Order Re Privilege of Remaining Documents ("Order") (Dkt. 372 at 14) (citing *In re Grand Jury Investigation*, 810 F.3d 1110, 1113 (9th Cir. 2016)).

Dr. Eastman does not challenge the Court's finding of "a prima facie case of crime-fraud," which can be made "either by examining privileged material in camera or by examining independent, non-privileged evidence." *See In re Grand Jury Investigation*, 810 F.3d at 1113. Nor does Dr. Eastman challenge the preponderance of the evidence standard, which the Court applied in finding that eight emails were sufficiently related to and in furtherance of a crime or fraud.

Accordingly, this factor weighs against granting a stay.

### 2. Irreparable Harm

Dr. Eastman argues that "[d]isclosure of privileged information is itself and (sic) irreparable injury." Mot. at 5.

Speculative injury, however, cannot be the basis for a finding of irreparable harm. *In re Excel Innovations*, Inc., 502 F.3d 1086, 1098 (9th Cir. 2007) (citing *Goldie's Bookstore, Inc. v. Superior Court*, 739 F.2d 466, 472 (9th Cir.1984)). "Nor is such a 'generalized interest in confidentiality' . . . sufficient for a court to cast aside the January 6th Committee's exercise of core legislative functions." *Trump v. Thompson*, 20 F.4th at 38 (quoting *United States v. Nixon*, 418 U.S. 683, 711 (1974)).

Accordingly, this factor weighs against granting a stay.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 22-00099-DOC-DFM					Date: October 28, 2022

Page 5

### 3. Harm to the Committee and Public Interest

In his Motion, Dr. Eastman suggests that the only harm to the Select Committee "would be merely a delay in its receipt of documents," and that the public interest lies in granting a stay. Mot. at 6–7. Not so.

The Select Committee here had requested expedited briefing "in light of the limited time remaining for the Select Committee to complete its work before January 3, 2023, the date on which the 117th Congress ends." Motion for In Camera Review of Documents Held in Abeyance (Dkt. 366). Courts accordingly "must take care not to unnecessarily 'halt the functions of a coordinate branch.'" *Id.* (quoting *Eastland v. United States Servicemen's Fund*, 421 U.S. 491, 511 n.17 (1975)).

The importance of the Committee's work led the D.C. Circuit to reject arguments similar to Dr. Eastman's in the context of executive privilege, noting that "[e]ven under ordinary circumstances," there is "a strong public interest in Congress carrying out its lawful investigations." *Trump v Thompson*, 20 F.4th at 48 (citing *McGrain v. Daugherty*, 273 U.S. 135, 174 (1927)). The public interest is "heightened," moreover, when "the legislature is proceeding with urgency to prevent violent attacks on the federal government and disruptions to the peaceful transfer of power." *Id.* Citing Supreme Court precedent, the D.C. Circuit made clear that "Congress's desire to restore public confidence in our political processes by facilitating a full airing of the events leading to such political crises constitutes a substantial public interest." *Id.* (internal quotation marks omitted) (citing *Nixon v. Adm'r of Gen. Servs.*, 433 U.S. at 453 (1977)).

Having weighed the factors above, the Court finds that Dr. Eastman has failed to establish a likelihood of success on the merits and irreparable harm, and that the balance of interests weighs against granting a stay. Accordingly, the Court DENIES the motion for a stay pending appeal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 22-00099-DOC-DFM					Date: October 28, 2022

Page 6

## II.	DISPOSITION

Because Dr. Eastman presents no evidence warranting reconsideration under Local Rule 7-18(c) or a stay under Federal Rule of Civil Procedure 62(c), the Court **DENIES** the Motion. (Dkt. 373).

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11					Initials of Deputy Clerk: kdu

CIVIL-GEN